UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                :
In re Bayou Hedge Fund Litigation       :    06 MDL 1755 (CM) (MDF)
                :
------------------------------------------------------------x
                :
This Document Relates To:       :    **AFFIDAVIT**
Broad-Bussel Family Limited Partnership, et al. :
                :
v.                :    06 Civ. 3026 (CM) (MDF)
                :
Bayou Group, LLC, et al.,       :
                :    **Electronically Filed**
------------------------------------------------------------x

STATE OF CONNECTICUT    )
                ).ss.:
COUNTY OF FAIRFIELD    )

DOREEN KLEIN, being duly sworn, deposes and says:

    1.    I am Counsel with the law firm of Day, Berry & Howard LLP, attorneys for defendant James G. Marquez in the above action. I am admitted to practice before the courts of this state and in this Court. I submit this affidavit in support of Mr. Marquez's motion to stay the proceedings pertaining to him in this action. I make this affidavit upon personal knowledge based upon my involvement with the prior proceedings in this matter and based upon my review of the record of this proceeding as well as the other proceedings referred to herein.

    2.    On September 29, 2005, Samuel Israel and Daniel Marino admitted to being principals of certain of the Bayou Defendants and pled guilty to federal charges in this Court in connection with their management of those entities. The pleas were entered in the case of *U.S. v. Israel*, S.D.N.Y., 05 Cr. 1039 (SCR) (GAY) and *U.S. v. Marino*, S.D.N.Y., 05 Cr. 1036 (CM) (GAY) respectively.

3. On or about November 17, 2005, the plaintiffs in this case filed a Class Action Complaint in the District Court for the District of Connecticut in an action entitled *Broad-Bussel Family LP, et al. v. Bayou Group LLC, et al.*, D. Conn., 3:05-cv-01762. The plaintiffs served the Summons and Class Action Complaint on Mr. Marquez on January 10, 2006 and counsel for Mr. Marquez filed a Notice of Appearance on his behalf on January 30, 2006.

4. On or about January 5, 2006, the plaintiffs moved before the Judicial Panel on Multidistrict Litigation (the "MDL Panel"), requesting that the MDL Panel transfer to the District of Connecticut three lawsuits then pending in other federal courts in Connecticut, New York and Indiana for the purpose of consolidating all four actions before the federal court for the District of Connecticut. The three lawsuits were captioned: *Jewish Federation of Metropolitan Chicago v. Bayou Management, LLC, et al.*, D. Conn., C.A. No. 3:05-1401, *DePauw University v. Hennessee Group LLC, et al.*, S.D. Indiana, C.A. No. 2:05-249, and *Thomas Gleason v. Bayou Management, LLC, et al.*, S.D.N.Y., C.A. No. 7:05-8532. Mr. Marquez is not a defendant in any of those actions.

5. On or about March 6, 2006, the plaintiffs filed the Amended Class Action Complaint (the "Amended Complaint") in this matter. On or about March 22, 2006 Stanley A. Twardy, Jr. of this office spoke with counsel for the plaintiffs and the parties agreed to extend Mr. Marquez's time to answer or otherwise respond to the Amended Complaint until May 8, 2006, the date previously set by the Connecticut District Court for certain co-defendants to move to dismiss the Amended Complaint.

6. By order filed on April 18, 2006 the MDL Panel directed that the four actions be transferred to this Court.

7. The Amended Complaint, which spans 100 pages, alleges that the class period is December 31, 1996 through August 25, 2005 (Amended Complaint ¶1). The allegations against Mr. Marquez comprise essentially the following: Mr. Marquez is identified as one of the "aider/abettor defendants" and an alleged "principal and co-founder of Bayou Securities and the Bayou Hedge Funds" (Amended Complaint ¶31); Mr. Marquez is identified in quoted portions of a "'suicide note and confession'" written by co-defendant Marino (¶¶71, 72[a] through [c]); and Mr. Marquez is accused of participating in the formation of an accounting firm for the purpose of concealing the fraud (¶107[d]).

8. The plaintiff Broad-Bussel Family alleges that it first entered into a Subscription Agreement with Bayou on December 21, 2003 (Amended Complaint ¶57). All of the events that directly concerned the Broad-Bussel Family occurred subsequent to that time (*e.g.*, Amended Complaint ¶¶ 57, 62, 64 through 68). The Amended Complaint does not aver when the Michelsohn Plaintiffs invested with Bayou.

9. On behalf of Mr. Marquez, this office has been engaged in ongoing discussions with the United States Attorney's Office for the Southern District of New York (the "U.S.A.O.") in connection with the U.S.A.O.'s criminal investigation of Mr.

Marquez. It is our understanding based upon these ongoing discussions that Mr. Marquez is a target of the criminal investigation.

_____<br>Doreen Klein (DK 4982)

Sworn to before me this
27th day of April, 2006

_____
Notary Public

        **CONNIE M. FALKENSTEIN**
           *NOTARY PUBLIC*
   MY COMMISION EXPIRES OCT. 31, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2006, a copy of the accompanying Affidavit of Doreen Klein, Esq. was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    /s/ Doreen Klein
Doreen Klein (DK 4982)