UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re Bayou Hedge Fund Litigation                           :   06 MDL 1755 (CM) (MDF)
                                                            :
------------------------------------------------------------x
                                                            :
This Document Relates To:                                   :
Broad-Bussel Family Limited Partnership, et al.             :
                                                            :
v.                                                          :   06 Civ. 3026 (CM) (MDF)
                                                            :
Bayou Group, LLC, et al.,                                   :
                                                            :   **Electronically Filed**
------------------------------------------------------------x


**DEFENDANT JAMES G. MARQUEZ'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO STAY THE PROCEEDINGS**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    THE COURT MAY AND SHOULD GRANT A STAY EVEN THOUGH NO
INDICTMENT HAS YET ISSUED, PARTICULARLY GIVEN THE
IDENTITY OF ISSUES BETWEEN THESE ACTIONS AND THE
CRIMINAL INVESTIGATION ................................................................................... 2

    II.   THE OTHER FACTORS ALSO SUPPORT A STAY OF PROCEEDINGS
AS TO MR. MARQUEZ ............................................................................................... 6

CONCLUSION ............................................................................................................................... 8

...

## TABLE OF AUTHORITIES

### CASES

*American Booksellers Association, Inc., et al. v. Random House, Inc., et al.*, 1996 U.S. Dist. LEXIS 12775 (S.D.N.Y. 1996) ............................................................................................ 6

*Banks v. Yokemick*, 144 F. Supp. 2d 272 (S.D.N.Y. 2001) ............................................................ 6

*Brock v. Tolkow*, 109 F.R.D. 116 (E.D.N.Y. 1985) ................................................................. 3, 7

*Citibank, N.A. v. Hakim, et al.*, 1993 U.S. Dist. LEXIS 16299 (S.D.N.Y. 1993) ......................... 6

*Fidelity Funding of California, et al. v. Reinhold, et al.*, 190 F.R.D. 45 (E.D.N.Y. 1997) ........ 5, 7

*JHW Greentree Capital, L.P. et al. v. Whittier Trust Co.*, 2005 U.S. Dist. LEXIS 14687 (S.D.N.Y. 2005) .......................................................................................................................... 4, 5

*Karimona Investments, LLC v. Weinreb*, 2003 U.S. Dist. LEXIS 3324 (S.D.N.Y. 2003) ............. 6

*Mason Tenders District Council Welfare Fund, et al. v. Mietek Mason Contractors, Inc., et al.*, 2000 U.S. Dist. LEXIS 6993 (S.D.N.Y. 2000) ....................................................................... 6

*Muramasa Kudo, et al. v. Simels*, 1992 U.S. Dist. LEXIS 4590 (S.D.N.Y. 1992) ........................ 6

*Par Pharmaceutical, Inc. Securities Litigation*, 133 F.R.D. 12 (S.D.N.Y. 1990) ......................... 6

*Quint, et al. v. Freda, et al.*, 1999 U.S. Dist. LEXIS 1399 (S.D.N.Y. 1999) ................................ 5

*SEC v. Musella*, 1983 U.S. Dist. LEXIS 17999 (S.D.N.Y. 1983) ................................................. 6

*Sterling National Bank v. A-1 Hotels International, Inc., et al.*, 175 F. Supp. 2d 573 (S.D.N.Y. 2001) ....................................................................................................................... 2, 3, 6

*Travelers Casualty & Surety Company v. Vanderbilt Group, LLC, et al.*, 2002 U.S. Dist. LEXIS 7939 (S.D.N.Y. 2002) ......................................................................................................... 6

*U.S. Commodity Futures Trading Commission v. A.S. Templeton Group, Inc., et al.*, 297 F. Supp. 2d 531 (E.D.N.Y. 2003) ..................................................................................................... 6

*United States v. Private Sanitation Industry Association of Nassau/Suffolk, Inc.*, 811 F. Supp. 802 (E.D.N.Y. 1992) ................................................................................................................ 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
In re Bayou Hedge Fund Litigation                              :   06 MDL 1755 (CM) (MDF)
                                                               :
---------------------------------------------------------------x
                                                               :
This Document Relates To:                                      :
Broad-Bussel Family Limited Partnership, et al.                :
                                                               :
v.                                                             :   06 Civ. 3026 (CM) (MDF)
                                                               :
Bayou Group, LLC, et al.,                                      :
                                                               :   **Electronically Filed**
---------------------------------------------------------------x

## DEFENDANT JAMES G. MARQUEZ'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO STAY THE PROCEEDINGS

Defendant James G. Marquez respectfully submits this reply memorandum of law in support of his motion to stay the proceedings against him in this action, pending final determination by the Office of the United States Attorney for the Southern District of New York ("U.S.A.O.") regarding its criminal investigation of Mr. Marquez.

### PRELIMINARY STATEMENT

Plaintiffs cannot and do not dispute that a court's decision whether to stay a civil action pending a criminal proceeding requires a fact-driven inquiry of the circumstances of each case, including among a number of factors whether the defendant has been indicted. Plaintiffs nonetheless ask the Court to adopt in effect a *per se* rule, that a stay <u>can not</u> be granted unless an indictment has issued. That simply is not the law. Courts have the power to grant a pre-indictment stay where the balance of well-defined factors – including, most importantly, the confluence of issues in the civil and criminal proceedings – makes a stay necessary to protect the defendant's rights.

It would be hard to find a clearer case in which the Court should exercise its discretion to grant a pre-indictment stay.  The subject matter of the criminal investigation into the Bayou collapse has been publicly and widely reported, and is well known through press accounts, government filings and the guilty plea allocutions of the two principals.  Mr. Marquez's potential criminal exposure is equally well documented and, indeed, the public reports inform plaintiffs' own civil complaint.  The scope of the criminal investigation is precisely the subject of this civil action – a fact which is evident without the need for counsel to reveal the subject matter of their conversations with the U.S.A.O.

In contrast to the strong arguments supporting a stay, plaintiffs fail to establish how a stay of the proceedings as to Mr. Marquez will prejudice their case.  Plaintiffs are still able to pursue their claims against the other defendants, many of whom have far deeper pockets than those of Mr. Marquez, and who unlike Mr. Marquez were affiliated with the Bayou entities at the time the plaintiffs purchased their securities.  Moreover, any prejudice can be ameliorated by imposing a time constraint on the stay – say, of six months (without prejudice to Mr. Marquez's right to seek an extension of the stay) – during which time plaintiffs can proceed with document discovery against the parties with custody of the Bayou records and other defendants.

## ARGUMENT

**I.    THE COURT MAY AND SHOULD GRANT A STAY EVEN THOUGH NO INDICTMENT HAS YET ISSUED, PARTICULARLY GIVEN THE IDENTITY OF ISSUES BETWEEN THESE ACTIONS AND THE CRIMINAL INVESTIGATION.**

One need only review *Sterling National Bank v. A-1 Hotels International, Inc., et al.*, 175 F. Supp.2d 573 (S.D.N.Y. 2001) – one of the cases on which plaintiffs principally rely – to see that a court has the power to grant a pre-indictment stay in appropriate circumstances.  Whether a defendant has been indicted "is, at best, a guide to the exercise of discretion, and not a hard-and-

-2-

fast rule. There is no question that a court has discretion to stay a civil litigation even in favor of a pending investigation that has not ripened into an indictment." *Id.* at 577. As plaintiffs acknowledge (Pl. Opp. at 6-7), the rationale for considering "the status of the case, including whether the defendants have been indicted," is that where no indictment has issued "'the dangers are at least somewhat more remote, and it is inherently unclear to the Court just how much the unindicted defendant has to fear.'" *Id.* On the other hand, "a stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter. . . ." *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985) (pre-indictment stay granted).

In this case, the dangers are not remote – Mr. Marquez has tangible and imminent criminal exposure, and there is a complete overlap of the subject matter of the criminal investigation of Mr. Marquez and plaintiffs' allegations in the civil suit. Mr. Marquez is the target of a criminal investigation, as his moving papers demonstrate. Klein Affidavit, ¶9. Accordingly, he is a "putative defendant." U.S. Attorney's Manual, §9-11.151. The widespread publicity that has attended the Bayou collapse provides the Court with a clear indication of the issues underlying the criminal investigation and the scope of the investigation as it pertains to Mr. Marquez. *See, e.g.*, *What Really Happened At Bayou: A "Suicide Note" Reveals Details Of A Hedge Fund Shuffle*, N.Y. Times, September 17, 2005 at section C, page 1; Kara Scannell, Ian McDonald and Ianthe Jeanne Dugan, *Bayou Duo Plead Guilty to Fraud*, Wall St. J., September 30, 2005.[1] Indeed, plaintiffs themselves have borrowed liberally from the Marino "suicide note" in crafting their allegations against Mr. Marquez and others.

---

[1] U.S. Attorney's Manual §9-11.151 is submitted as Exhibit A to this Reply and the manual itself is available online at http://www.usdoj.gov/usao/reading_room/foiamanuals.html. Copies of the newspaper articles are submitted as Exhibits B and C to this Reply.

The subject matter of the criminal inquiry also can be determined from the government filings. The SEC filed a complaint pertaining to the Bayou collapse; the CFTC filed a complaint pertaining to the Bayou collapse; the Department of Justice filed a civil complaint pertaining to the Bayou collapse and criminal informations pertaining to the two principals; and the two principals pled guilty in publicly accessible plea allocutions. *See, respectively, SEC v. Israel, et al.*, S.D.N.Y., 05 Civ. 8376 (CM); *CFTC v. Bayou Management, LLC, et al.*, S.D.N.Y., 05 Civ. 8374 (CM); *U.S. v. All Assets of Bayou Accredited Fund, LLC, et al.*, S.D.N.Y., 05 Civ. 7722 (CM); *U.S. v. Israel*, S.D.N.Y., 05 Cr. 1039 (SCR); *U.S. v. Marino*, S.D.N.Y., 05 Cr. 1036 (CM). In sum, the concerns that a pre-indictment posture renders the nature and scope of the criminal investigation unknown, or the Fifth Amendment issue merely speculative, are simply not present here.[2]

The identity of the criminal and civil issues in this case readily distinguish the cases that plaintiffs describe as "strikingly similar" (Pl. Opp. at 8). Significantly, none of those cases denied a stay solely because no indictment had been issued; rather, in each case the court analyzed the relevant factors and made a case-specific determination whether a stay was appropriate. For example, in *JHW Greentree Capital, L.P. et al. v. Whittier Trust Co.*, 2005 U.S. Dist. LEXIS 14687 (S.D.N.Y. 2005), the court weighed heavily the absence of an indictment because (unlike in this case) "the scope and nature of the criminal investigation is unknown. Thus, this Court cannot determine the extent to which an indefinite criminal case overlaps with a pending civil action." *Id*. at *3. The court also was influenced by other factors not present here,

---

[2] Plaintiffs' assertion to the contrary is disingenuous. While plaintiffs complain that counsel for Mr. Marquez have not divulged the subject matter of the negotiations with the U.S.A.O., plaintiffs are well aware that such disclosure would be extraordinary and, in this case, unnecessary because of the public record concerning the government investigation of the Bayou collapse.

including the fact that the parties already had agreed to a pretrial scheduling order and that the parties had agreed to stay oral discovery pending resolution of a pending motion to dismiss.  *Id.* at *6, 7.

Similarly, in *Quint, et al. v. Freda, et al.*, 1999 U.S. Dist. LEXIS 1399 (S.D.N.Y. 1999), a case arising out of claims of ERISA violations, the court specifically noted that "the scope of [the] investigation is unclear" and the indictment that had been handed down dealt with a "relatively discrete issue" more limited than the scope of the civil proceedings.  The court also accepted the plaintiffs' contention that the defendant was a "central figure," reasoning that he was the "only defendant who served as a trustee during the entire period in which the allegedly wrongful acts that are the source of this litigation occurred."  Id. at *5.

Other cases upon which plaintiffs rely are simply inapposite.  *United States v. Private Sanitation Industry Association of Nassau/Suffolk, Inc.*, 811 F. Supp. 802 (E.D.N.Y. 1992), was a civil RICO action brought by the government alleging corruption in the solid waste industry.  There, the government demonstrated to the court the large toll that the public would pay absent a speedy resolution of case.  The court also emphasized that it was "disingenuous" for the defendant to seek a stay of the proceedings at the summary judgment stage, since he had repeatedly invoked his Fifth Amendment privilege throughout the civil proceedings.  In *Fidelity Funding of California, et al. v. Reinhold, et al.*, 190 F.R.D. 45 (E.D.N.Y. 1997), a non-indicted defendant also had asserted his Fifth Amendment privilege throughout discovery and sought a stay of the proceedings after discovery was "substantially complete."  The court held that it must evaluate the case in light of this "substantial difference" from other cases.  *Id.* at *48.

Plaintiffs' laundry list of cases where courts have exercised discretion to deny a stay (Pl. Opp. at 7-8) does not support the conclusion that a stay should be denied here. These cases all had distinguishing reasons for denial of the stay, such as (a) the speculative nature of the parallel criminal proceeding;[3] (b) the public interest component that characterizes civil litigation commenced by a federal regulatory agency;[4] (c) the lack of identity of issues between the civil and criminal proceedings;[5] (d) the court's conclusion that the defendants' application was a strategic move to manipulate discovery for their own advantage;[6] or (e) plaintiffs' demonstration of unique prejudice that would directly result from the stay.[7]

## II. THE OTHER FACTORS ALSO SUPPORT A STAY OF PROCEEDINGS AS TO MR. MARQUEZ.

Plaintiffs' remaining arguments are similarly unfounded. First, plaintiffs assert that "the Court should not conclude based on an unsubstantiated record that there is significant overlap" between the civil and criminal proceedings. (Pl. Opp. at 12). But as shown above, there is a documented public record showing the incontestable overlap between the two proceedings.

---

[3] *E.g.*, *U.S. Commodity Futures Trading Commission v. A.S. Templeton Group, Inc., et al.*, 297 F. Supp.2d 531 (E.D.N.Y. 2003); *Karimona Investments, LLC v. Weinreb*, 2003 U.S. Dist. LEXIS 3324 (S.D.N.Y. 2003); *Mason Tenders District Council Welfare Fund, et al. v. Mietek Mason Contractors, Inc., et al.*, 2000 U.S. Dist. LEXIS 6993 (S.D.N.Y. 2000); *American Booksellers Association, Inc., et al. v. Random House, Inc., et al.*, 1996 U.S. Dist. LEXIS 12775 (S.D.N.Y. 1996).

[4] *E.g., U.S. Commodity Futures Trading Commission, supra,* 297 F. Supp.2d at 535; *SEC v. Musella*, 1983 U.S. Dist. LEXIS 17999 (S.D.N.Y. 1983).

[5] *E.g., Travelers Casualty & Surety Company v. Vanderbilt Group, LLC, et al.*, 2002 U.S. Dist. LEXIS 7939 (S.D.N.Y. 2002); *Par Pharmaceutical, Inc. Securities Litigation*, 133 F.R.D. 12 (S.D.N.Y. 1990).

[6] *E.g., Travelers Casualty*, 2002 U.S. Dist. LEXIS at *10; *Sterling National Bank*, 175 F. Supp.2d at 579; *Citibank, N.A. v. Hakim, et al.*, 1993 U.S. Dist. LEXIS 16299 (S.D.N.Y. 1993).

[7] *E.g., Banks v. Yokemick*, 144 F. Supp.2d 272 (S.D.N.Y. 2001); *Muramasa Kudo, et al. v. Simels*, 1992 U.S. Dist. LEXIS 4590 (S.D.N.Y. 1992).

Indeed, the logical consequence of plaintiffs' position is that a stay <u>never</u> can be granted pre-indictment, a position that has been universally rejected.

Second, plaintiffs contend that they will be prejudiced by a stay because they require Mr. Marquez's "participation" in this litigation in order to "find out further criminal facts about the Bayou fraud." (Pl. Opp. at 14). This is simply at odds with the reality of this case. Mr. Marquez is named in only four of the fourteen counts in the Amended Complaint. Even if Mr. Marquez were to elect not to assert his Fifth Amendment privilege, his knowledge is hardly pivotal. Plaintiffs' investment was made in December 2003, well after Mr. Marquez had left the Bayou entities, and in an entity with which Mr. Marquez had no association. As this Court is aware through colloquy at the most recent status conference, plaintiffs have arranged with the receiver for the Bayou entities to obtain access to the Bayou entities' corporate documents. These plaintiffs have unprecedented access to the facts giving rise to their claims, and when document discovery is complete they will be able to take the depositions of relevant witnesses. To the extent the Court has any genuine concern about such prejudice, such concern can be fully addressed by imposing a time limit on the stay – *e.g.,* six months, without prejudice to Mr. Marquez's right to seek an extension of the stay.

Third, plaintiffs' effort to suggest a public interest component to their claims is without merit. As the court pointed out in *Fidelity Funding*, 190 F.R.D. at *48, private damages action generally have "no effect on the public interest" because they do not "involve a tangible threat of immediate and serious harm to the public at large [such that the public will suffer any irreparable injury if [the action] is stayed." *Id.*, quoting *Brock*, 109 F.R.D. at 120 (brackets in original). The court distinguished the case from "a case involving misbranded drugs, false or misleading financial information, or inflated charges to the public." *Id.* (citations omitted).

-8-

Finally, plaintiffs offer the self evident proposition that this Court has an interest in efficiently managing this litigation. (Pl. Opp. at 17). While that is incontestable, plaintiffs proffer no distinction between this case and the many cases in which courts have elected to stay actions against a defendant who is the subject of a criminal proceeding. Mr. Marquez is only one of many defendants in this case – and hardly a "deep pocket" defendant at that. While the stay is in force as to Mr. Marquez, plaintiffs will have access to the receiver's Bayou files and will be able to pursue discovery from other defendants and third parties. The stay will have little or no practical effect on the ultimate outcome of this case.

## CONCLUSION

For the reasons stated here and in defendant James G. Marquez's moving memorandum, the Court should stay further proceedings in this action as to Mr. Marquez pending disposition of the criminal investigation.

/s/ Thomas D. Goldberg
Thomas D. Goldberg (TG 7251)
Stanley A. Twardy, Jr. (ST 9589)
Doreen Klein (DK 4982)
DAY, BERRY & HOWARD LLP
One Canterbury Green
Stamford, Connecticut 06901
tel. (203) 977-7300
fax. (203) 977-7301
E-mail: tdgoldberg@dbh.com

and

875 Third Avenue
New York, New York 10022
tel. (212) 829-3600
fax. (212) 829-3601

*Attorneys for Defendant
James G. Marquez*

-9-

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 18, 2006, a copy of Defendant James G. Marquez's Reply Memorandum of Law in Further Support of Motion to Stay the Proceedings was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                              /s/ Doreen Klein
                                                  Doreen Klein (DK 4982)