

30 Rockefeller Plaza
New York, NY 10112-2200
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**H. JEFFREY SCHWARTZ**

h.jeffrey.schwartz@dechert.com
+1 212 698 3545 Direct
+1 212 314 0045 Fax

May 24, 2006

**VIA FACSIMILE 914-390-4152**

The Honorable Colleen McMahon
United States District Court Judge
United States District Court
Southern District of New York
300 Quarropas Street, Room 533
White Plains, New York 10601-4150

Re: The Unofficial Committee of Creditors' of the
Bayou Family of Companies v. Bayou Group, LLC, et al.,
Case No.: 06 MDL 1755 (CM) – Status Update

Dear Judge McMahon:

We are counsel to Bayou Group, LLC, Bayou Management, LLC, Bayou Equities, LLC, Bayou Advisors, LLC, Bayou Superfund, LLC, Bayou No Leverage Fund, LLC, Bayou Affiliates Fund, LLC, Bayou Accredited Fund, LLC, Bayou Fund, LLC, Bayou Securities, LLC, and Bayou Securities, Ltd. (collectively, the "Bayou On-Shore Entities"). Pursuant to an Order of this Court dated April 28, 2006 ( the "Receiver Appointment Order"), Jeff J. Marwil (the "Receiver"), was appointed the Federal Equity Receiver of the Bayou On-Shore Entities, as well as the sole and exclusive managing member and authorized representative of the Bayou On-Shore Entities.

We are writing to provide the Court and other parties in interest with a status report. We do so at this time because the Receiver is preparing to launch an aggressive bankruptcy and litigation initiative that is designed to pursue avoidance actions and other claims with the goal of achieving a pro rata, equitable redistribution of the assets of the On-Shore Bayou Entities to all creditors, including defrauded investors.

The Receiver anticipates authorizing the filing of separate voluntary petitions for relief under Chapter 11 of title 11 of the United States Code for certain of the Bayou On-Shore Entities (Bayou Securities, LLC and Bayou Securities, Ltd. will not file for bankruptcy protection at this time) on May 26, 2006. Simultaneously with the bankruptcy filing, the Bayou On-Shore Entities will commence adversary proceedings against certain investors who received payments from the Bayou On-Shore Entities on or about May 31, 2004. Thereafter, the On-Shore Bayou Entities currently intend to commence similar adversary proceedings against other investors who received inequitable payments from the On-Shore Bayou Entities as purported redemptions of their



investments and to investigate and pursue claims against non-investor third parties who were complicit with Mr. Israel and Mr. Marino in perpetrating fraud.

The Bayou On-Shore Entities have retained Dechert LLP as their general bankruptcy and litigation counsel to advise them in connection with their bankruptcy cases and the adversary proceedings. In addition, the Bayou On-Shore Entities have retained FTI Consulting, Inc. as their financial advisor and Trumbull Group LLC as their claims and noticing agent in connection with the planned bankruptcy filings. These retentions are within the authority granted to the Receiver by the Receiver Appointment Order and were done with the consent of the Unofficial Committee of Creditors' Committee of the Bayou Family of Companies (the "Unofficial Committee"). On May 25, 2006, the Receiver intends to authorize payment of fees and reimbursement of expenses as follows:

| | | |
|---|---|---|
| Receiver Fees/Expenses: | | $25,500 |
| 4/28-4/30 | $2,000 | |
| 5/1-5/31 | $20,000 | |
| Expenses: | $3,500 (estimated) | |
| | | |
| Dechert Fees/Expenses: | | $175,000 |
| FTI Fees/Expenses: | | $4,100 |
| Trumbull Retainer: | | $5,000 |

The Committee has consented to the payment of such fees and expenses.

The Receiver intends to utilize the bankruptcy process to, among other things, (a) investigate and pursue causes of action against various third parties in order to assure (i) an equitable, pro rata distribution of assets among defrauded creditors, and (ii) maximize the value of claims against non-investor third parties who were complicit with the Bayou On-Shore Entities' former principals in perpetrating a fraud; (b) employ a fair and equitable claims and distribution process for all of the Bayou On-Shore Entities' creditors; and (c) avoid the costs and risk of defending claims of investors and other creditors in various other jurisdictions. The bankruptcy process will serve the best interests of the Bayou On-Shore Entities, their creditors, and other parties in interest because of the imposition of an automatic stay against claims brought against the Bayou On-Shore Entities, the rights provided to the Bayou On-Shore Entities to bring avoidance actions under the Bankruptcy Code, the efficiency of the Chapter 11 claims administration process, the transparency of Chapter 11 proceedings, and the benefits of making distributions under a Chapter 11 plan.

In order to finance the chapter 11 filings and prepare for litigation, the Bayou Entities entered into a loan and security agreement with Silver Creek Long/Short Holdings, L.L.C. (an affiliate of the

Dechert
LLP

The Honorable Colleen McMahon
May 24, 2006
Page 3

Bayou On-Shore Fund's largest creditor) to fund a revolving line of credit in the amount of $500,000. As of May 22, 2005, the Bayou Entities have drawn $250,000 from the credit facility to pay professionals and other costs of administering the Bayou On-Shore Entities. The Bayou On-Shore Entities have secured the loan with, among other things, a lien on the proceeds of any litigation. The Unofficial Committee has consented to this action and the payment of such fees and expenses.

Since his appointment, the On-Shore Entities has been engaged in an ongoing dialogue with James P. Shinehouse -- the U.S. Government Receiver appointed by this Court to assist the United States Marshals Service in the liquidation of forfeited assets of the Bayou On-Shore Entities, the United States Marshals Service, the United States Attorney's Office for the Southern District of New York, Gordon I. MacRae and G. James Cleaver of the Off-Shore Bayou Funds, and/or their counsel in order to coordinate the identification, preservation, collection, and distribution of all assets of the Bayou entities, maximize recoveries to the creditors, minimize costs, avoid waste of court resources, and expedite distributions to creditors. These parties are currently negotiating a joint protocol that defines their respective responsibilities, which the Receiver hopes to present to this Court for approval shortly.

Both the Receiver and I remain available to the Court to answer any questions regarding the foregoing.

Respectfully yours,

H. Jeffrey Schwartz

cc: Jeff J. Marwil, Esq.
All Parties on Attached Service List