UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| IN RE BAYOU HEDGE FUND INVESTMENT LITIGATION | 06 MD 1755 (CM) |

---------------------------------------------------------------- X

THIS DOCUMENT RELATES TO:

---------------------------------------------------------------- X

| | |
|---|---|
| DEPAUW UNIVERSITY, <br><br> Plaintiff, <br><br> vs. <br><br> HENNESSEE GROUP LLC, CHARLES GRADANTE and E. LEE HENNESSEE, <br><br> Defendants. | No.: 06-cv-03028 (CM) <br><br> ORAL ARGUMENT REQUESTED <br><br> **Electronically Filed** |

---

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY THIS PROCEEDING AND COMPEL ARBITRATION OF PLAINTIFF'S CLAIMS

---

BRESSLER, AMERY & ROSS
A Professional Corporation
17 State Street, 34th Floor
New York, New York 10004
(212) 425-9300
Attorneys for Defendants
Hennessee Group, LLC,
Charles Gradante and
E. Lee Hennessee

On the Brief:  Lawrence E. Fenster (LF 9378)
                Matthew C. Plant (MP 0328)

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

STATEMENT OF FACTS .......................................................................................................1

LEGAL ARGUMENT...............................................................................................................3

POINT I
THE INVESTMENT ADVISORY AGREEMENT REQUIRES THAT THE CLAIMS
AGAINST DEFENDANTS BE RESOLVED THROUGH ARBITRATION ...............................3

    A.     As Employees And Agents Of Hennessee Group,
           Charles Gradante And E. Lee Hennessee Are Covered Under The Agreement..................3

    B.     The Arbitration Clause Contained Within The Agreement
           Is Governed By The Federal Arbitration Act .........................................................................4

    C.     Plaintiff's Claims Are Within The Scope Of The
           Arbitration Clause Contained Within The Agreement .......................................................5

POINT II
AFTER SATISFYING ITSELF THAT THE CLAIMS ARE WITHIN
THE SCOPE OF THE AGREEMENT, THE COURT MUST STAY
THIS PROCEEDING PENDING RESOLUTION OF THE ARBITRATION............................7

CONCLUSION..........................................................................................................................9

# TABLE OF AUTHORITIES

**CASES**                                     **Page**

AT&T Tech., Inc. v. Communications Workers of America,
   475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986)............................6

Barbier v. Shearson Lehman Hutton, Inc.
   948 F. Supp. 117 (2d Cir. 1991) .................................................................................5

Chaitman v. Wolf, Haldenstein, Adler, Freeman & Hertz, LLP,
   No. 03 CI. 929, 2004 WL 2471372, *4 (S.D.N.Y. Nov. 3, 2004).............................4

Choctaw Generation Ltd. P'ship v. Am. Home Assurance Co.,
   271 F.3d 403, 404 (2d. Cir. 2001)..............................................................................4

Congressional Securities, Inc. v. Fiserv Securities, Inc.,
   No. 02 Civ. 6593 (JSM), 2003 WL 21664678 (S.D.N.Y. July 15, 2003) ..................5

Dean Witter Reynolds, Inc. v. Byrd,
   470 U.S. 21, 218, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985)..........................7, 8

Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,
   460 U.S. 1, 103 S.Ct. 927 (1983)............................................................................5, 6

Roby v. Corp. of Lloyd's,
   996 F.2d 1353, 1360 (2d. Cir. 1993)..........................................................................4

Rodriguez de Quijas v. Shearson/Lehman Brothers,
   845 F.2d 1296 (5th Cir.) aff'd 490 U.S. 477, 109 S.Ct. 1917, 104 L.Ed. 2d 526 (1989)............7

S.A. Mineracao da Trindade-Samitri v. Utah Int'l. Inc.,
   745 F.2d 190, 194 (2d Cir. 1984)..............................................................................6

Scher v. Bear Stearns & Co.,
   723 F. Supp. 211, 216-217 (S.D.N.Y. 1989) ............................................................4

Shearson/American Express, Inc. v. McMahon,
   482 U.S. 220, 107 S.Ct. 2332, 96 L. Ed.2d 185) (1987)........................................5,7

Souter v Tatro,
   No. 03-CV-6141 CJS, 2004 WL 1574562 (WS.D.N.Y. June 21, 2004) ..................5

Thompson-CSF v. American Arbitration Association
   64 F.3d 773, 776 (2d Cir. 1995).................................................................................3

## STATUTES

9 U.S.C. § 1 ..................................................................................................................................4

9 U.S.C. § 2 ..................................................................................................................................5

9 U.S.C. § 3 ...........................................................................................................................1, 8, 9

9 U.S.C. § 4 ...........................................................................................................................1, 5, 6

**PRELIMINARY STATEMENT**

Defendants Hennessee Group, LLC ("Hennessee Group"), Charles Gradante and E. Lee Hennessee (collectively referred to as "Defendants"), submit this brief in support of their Motion to Compel Arbitration, pursuant to Section 4 of the Federal Arbitration Act ("FAA"). See 9 U.S.C. § 4 (2005). Defendants further requests a stay of the claims against them pending completion of the arbitration pursuant to Section 3 of the FAA.[1] See 9 U.S.C. § 3.

Plaintiff and Hennessee Group executed an Investment Advisory Agreement expressly mandating that the parties arbitrate any disputes that arise under said Agreement. The claims which Plaintiff has asserted against Hennessee Group are within the scope of that contractual obligation. Although Charles Gradante and E. Lee Hennessee are non-signatories to the Agreement, they may nonetheless compel arbitration of Plaintiff's claims against them in their individual capacity as employees and agents of Hennessee Group. Accordingly, this Court should order Plaintiff's claims to arbitration and stay this action, pending completion of the arbitration.

**STATEMENT OF FACTS**

On or about November 19, 2003, Plaintiff and Hennessee Group entered into an Investment Advisory Agreement ("Agreement"), whereby Hennessee Group acted as an investment advisor to Plaintiff in connection with Plaintiff's investments in various hedge funds. See ¶ 3 of the Declaration of Charles Gradante (herein after the "Gradante Dec.") and the

---

[1] On January 6, 2006, Defendants filed their Motion to Dismiss for Lack of *In Personam* Jurisdiction, Improper Venue or, in the Alternative, Motion to Transfer Action to the Southern District of New York. This Motion was filed before Judge Young in the Southern District of Indiana. Judge Young did not rule on the January 6 motion prior to this case being transferred to the Southern District of New York pursuant to the MDL Transfer Order. Defendants request that this Court make a ruling on Defendants' January 6 motion to dismiss in the event that any aspect of this motion to compel arbitration and stay all claims pending resolution of the arbitration is denied.

Investment Advisory Agreement attached thereto as Exhibit A. Charles Gradante executed the Agreement on behalf of Hennessee Group and Carla McGuire executed the Agreement on behalf of DePauw University. See ¶ 3 of the Gradante Dec. The Agreement contains an arbitration clause and a choice of law provision:

> SECTION XIV: ARBITRATION
>
> Any disputes arising under this Agreement or, with respect to its interpretation, shall be submitted to arbitration before a panel of three arbitrators selected under the Rules of the American Arbitration Association and such arbitration shall be conducted in accordance with the commercial arbitration rules of said Association. Each of the parties shall be entitled to select one arbitrator; those two arbitrators shall select the third arbitrator. The ruling of said panel shall be binding in all respects and judgment thereon may be entered in any court having jurisdiction.
>
> * * * * *
>
> SECTION XIII: GOVERNING LAW
>
> This Agreement will be governed by and construed in accordance with the laws of the State of New York without giving effect to any conflict or choice of law provisions of that State, provided that nothing in this Agreement will be construed inconsistent with the Investment Advisers Act, or any rule or order of the Securities and Exchange Commission under the Investment Advisers Act.

See ¶¶ 4 and 5 of the Gradante Dec. and Ex. A Sects. XIII & XIV thereto.

Upon execution of the Agreement, Hennessee Group began providing Plaintiff with hedge fund advisory services. See Compl. at ¶ 10. Among the hedge funds in which Plaintiff invested was the Bayou No Leverage Fund, a hedge fund managed by Bayou Management, LLC ("Bayou") and Samuel Israel. See Id. In July 2005, Bayou announced that it was closing its operations and returning investors' money. Soon thereafter, it was discovered that Bayou had perpetrated a fraud and had no intention of returning investors' money. Samuel Israel and his

791113_2                                  2

cohort, Daniel Marino, have since pled guilty to several criminal violations and are awaiting sentencing before this Court.

On or about October 12, 2005, Plaintiff filed a Complaint against Defendants in the Southern District of Indiana, Terre Haute Division, seeking to recover losses allegedly realized by Plaintiff in connection with its investment in the Bayou No Leverage Fund. See generally Compl. Plaintiffs seek relief against all Defendants for breach of fiduciary duty, violation of the Indiana Securities Act and violation of Section 10b of the Securities and Exchange Act of 1934 and Rule 10b-5, promulgated thereunder. Id. at ¶¶ 15-27. Additionally, Plaintiffs seek relief against Hennessee Group for breach of contract. Id. at ¶¶ 28-31.

## LEGAL ARGUMENT

### I. THE INVESTMENT ADVISORY AGREEMENT REQUIRES THAT THE CLAIMS AGAINST DEFENDANTS BE RESOLVED THROUGH ARBITRATION

Plaintiff's claims against Defendants fall squarely within the scope of the valid arbitration clause contained within the Agreement entered into between Plaintiff and Hennessee Group. The claims against Charles Gradante and E. Lee Hennessee in their individual capacity are also within the purview of that Agreement. Accordingly, Plaintiff's claims against Defendants should be compelled to arbitration and this action should be stayed pending resolution of said arbitration.

### A. As Employees And Agents Of Hennessee Group, Charles Gradante And E. Lee Hennessee Are Covered Under The Agreement

The Second Circuit has consistently held that non-signatories are bound by arbitration agreements under general principles of contract and agency law. See Thomson-CSF v. American Arbitration Association, 64 F.3d 773, 776 (2d Cir. 1995) (holding that a non-signatory

is bound by an arbitration agreement under the following theories: Incorporation by reference, assumption, estoppel, agency and veil piercing/alter ego).

Indeed, a plaintiff-signatory is "estopped from avoiding arbitration with a [nonsignatory] when the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." Chaitman v. Wolf, Haldenstein, Adler, Freeman & Hertz, LLP, No. 03 CI. 929, 2004 WL 2471372, *4 (S.D.N.Y. Nov. 3, 2004), quoting Choctaw Generation Ltd. P'ship v. Am. Home Assurance Co., 271 F.3d 403, 404 (2d. Cir. 2001); Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1360 (2d.Cir. 1993) (holding that "employees or disclosed agents of an entity that is a party to an arbitration agreement are protected by that agreement"); Scher v. Bear Stearns & Co., 723 F. Supp. 211, 216-217 (S.D.N.Y. 1989) (holding that employee of brokerage firm is bound by an arbitration agreement entered into between the brokerage firm and its customer).

Plaintiff's claims against Charles Gradante and Elizabeth Lee Hennessee in their individual capacity are intertwined with the Agreement because they directly relate to the investment advisory services provided by Hennessee Group. There is no separation between the claims against each of the three named Defendants. Therefore, Charles Gradante and Elizabeth Lee Hennessee are covered under the Agreement and may compel arbitration of Plaintiff's claims.

**B.    The Arbitration Clause Contained Within The Agreement Is Governed By The Federal Arbitration Act**

The FAA governs the enforceability of the arbitration clause contained within the Agreement executed by the parties. See 9 U.S.C. § 1, et seq. (2005). The FAA applies to all contracts evidencing a transaction involving commerce.

791113_2                                    4

Section 2 of the FAA, provides in relevant part:

> A written provision in any maritime transaction or a contract evidencing a transaction **involving commerce** to settle by arbitration a controversy thereafter arising out of such contract or transaction...shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

See 9 U.S.C. § 2 (emphasis added).

The arbitration clause at issue is part of the Agreement wherein Hennessee Group agreed to provide Plaintiff with hedge fund advisory services. The courts have held that disputes involving securities transactions constitute "transactions involving commerce" as envisioned by Section 2 of the FAA. See Barbier v. Shearson Lehman Hutton, Inc., 948 F.2d 117 (2d Cir. 1991) (holding that securities transactions involve "commerce" and are controlled by the FAA); Congressional Securities, Inc. v. Fiserv Securities, Inc., No. 02 Civ. 6593(JSM), 2003 WL 21664678 (S.D.N.Y. July 15, 2003) (holding the same); Souter v. Tatro, No. 03-CV-6141 CJS, 2004 WL 1574562 (W.D.N.Y June 21, 2004) (holding the same); see also Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 237 107 S.Ct. 2332, 2343, 96 L.Ed.2d 185 (1987) (holding that 10b-5 claims by their very nature require a "transaction involving commerce" and are subject to the FAA). Therefore, the FAA is controlling of the arbitration clause between the parties.

C.  **Plaintiff's Claims Are Within The Scope Of The Arbitration Clause Contained Within The Agreement**

Section 4 of the FAA, authorizes the district court to order a recalcitrant party to arbitrate a controversy pursuant to the terms of a written arbitration agreement. The statute provides, in relevant part:

> A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would

> have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

See 9 U.S.C. § 4.

The FAA reflects the strong public policy favoring arbitration of disputes – a policy that requires that any doubt be resolved in favor of arbitration. The United States Supreme Court stated in Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927 (1983):

> The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability.

Moses H. Cone, 460 U.S. at 25-26, 103 S.Ct. at 941; AT&T Tech., Inc. v. Communications Workers of America, 475 U.S. 643, 650, 106 S. Ct. 1415, 1419, 89 L. Ed.2d 648 (1986) (holding that an arbitration clause should be enforced unless it can be said with positive assurance that the dispute is not covered by the agreement); S.A. Mineracao da Trindade-Samitri v. Utah Int'l, Inc., 745 F.2d 190, 194 (2d Cir. 1984) (holding that "arbitration should be ordered 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute'")

In the instant matter, the Agreement requires that Plaintiff arbitrate "[a]ny disputes arising under this Agreement or, with respect to its interpretation." See Ex. A (Sect. XIV) to the Gradante Dec. There is no doubt that the claims alleged in the Complaint against Defendants fall within the scope of the Agreement. The Complaint alleges, *inter alia*, that Hennessee Group advised Plaintiff to invest in the Bayou No Leverage Fund, the transaction at issue in this case. Plaintiff contends that in rendering this investment advice, Defendants perpetrated a fraud,

breached its fiduciary duty to Plaintiff and breached its contract with Plaintiff, *i.e.*, the Agreement. All such claims arise "under" the Agreement and are therefore subject to arbitration.

Furthermore, the Supreme Court has emphasized its preference for arbitration in the context of securities disputes. See Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226, 107 S. Ct. 2332, 96 L. Ed.2d 185 (1987) (holding that "the [Federal] Arbitration Act establishes a 'federal policy favoring arbitration'" and that said policy applies to securities disputes); Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, 105 S. Ct. 1238, 1241, 84 L. Ed.2d 158 (1985) (holding the "Arbitration Act requires district courts to compel arbitration of pendent arbitration claims ... even where the result would be ... inefficient maintenance of separate proceedings in different forums"); Rodriguez de Quijas v. Shearson/Lehman Brothers, 845 F.2d 1296 (5th Cir.) aff'd 490 U.S. 477, 109 S. Ct. 1917, 104 L. Ed. 2d 526 (1989) (Court affirmed the 5th Circuit's reversal of a lower court's ruling, denying arbitration of claims brought under the Securities and Exchange Act of 1933).

Under this legal framework, the Agreement's arbitration clause constitutes a valid and enforceable agreement to arbitrate, requiring Plaintiff to resolve controversies alleged in the Complaint with Defendants through arbitration. Accordingly, Plaintiff's claims against Defendants should be ordered to arbitration.

## II. AFTER SATISFYING ITSELF THAT THE CLAIMS ARE WITHIN THE SCOPE OF THE ARGEEMENT, THE COURT MUST STAY THIS PROCEEDING PENDING RESOLUTION OF THE ARBITRATION

Since Plaintiff's claims against Defendants are arbitrable, Section 3 of the FAA, requires the Court to stay this proceeding and order Plaintiff's claims to arbitration. Section 3 of the FAA provides, in relevant part that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an

> agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement…

See 9 U.S.C. § 3.

This section is mandatory, rather than permissive. The court need only satisfy itself that "the issue involved in such suit or proceeding is referable to arbitration under such an agreement." Id. Once that determination has been made, the court is required to compel arbitration and stay the action. Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985) (holding that the FAA mandates that the district courts "shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed").

Accordingly, because the causes of action against Defendants are within the scope of the arbitration clause contained within the Agreement, the Court must stay all claims and compel Plaintiff to arbitration in a manner consistent with the Agreement.

## CONCLUSION

For the foregoing reasons, Defendant's respectfully request that this Court stay all proceedings against Defendants and compel Plaintiff to arbitration in a manner consistent with the Agreement.

Dated: May 31, 2006

                                            Respectfully submitted,

By: _____
Lawrence E. Fenster (LF 9378)
Matthew C. Plant (MP 0328)
BRESSLER, AMERY & ROSS
17 State Street, 34th Floor
New York, New York 10004
(212) 425-9300
(212) 425-9337
lfenster@bressler.com
Attorney for Defendants
Hennessee Group, LLC,
Charles Gradante and
E. Lee Hennessee

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2006, a copy of the *Brief in Support of Defendants' Motion to Stay This Proceeding And Compel Arbitration of Plaintiff's Claims* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Matthew C. Plant (MP 0328)