UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

IN RE BAYOU HEDGE FUND INVESTMENT LITIGATION : 06 MD 1755 (CM)

------------------------------------------------------------ X
THIS DOCUMENT RELATES TO:
------------------------------------------------------------ X

BROAD-BUSSEL FAMILY LIMITED PARTNERSHIP, MARIA LOUISE MICHELSOHN, MICHELLE MICHELSOHN, and HERBERT BLAINE LAWSON, JR., Individually and on Behalf of All Other Persons and Entities Similarly Situated,

: No. 06 Civ. 3026 (CM)

      Plaintiffs,

vs.

BAYOU GROUP LLC, et al.,

**Electronically Filed**

      Defendants.

---

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT ELIZABETH LEE HENNESSEE'S MOTION TO DETERMINE THE ELIGIBILITY OF CLAIMS OF PUTATIVE CLASS MEMBERS FOR NASD ARBITRATION**

---

BRESSLER, AMERY & ROSS
2801 SW 149th Avenue, Suite 300
Miramar, Florida 33027
Attorney for Defendants
Hennessee Group, LLC,
Elizabeth Lee Hennessee and
Charles Gradante

On the Brief: Matthew Wolper (MW 8835)
               Bennett Falk (BF 5539)

Table of Contents

Table of Authorities ............................................................................................................... ii

Plaintiffs' purported withdrawal from the Hennessee Subclass
is insufficient to withdraw from the class and
therefore Plaintiffs' claims are ineligible for NASD arbitration ....................................... 1

Conclusion ............................................................................................................................ 4

Table of Authorities

Federal Cases

In re Del-Val Financial Corp. Securities Litigation
    162 F.R.D. 271 (S.D.N.Y. 1995) ................................................................................... 2, 3, 4

Martens v. Smith Barney, Inc.
    190 F.R.D. 134 (S.D.N.Y. 1999) ...................................................................................... 3, 4

Statutes

NASD Code of Arbitration Procedure Rule 10301(d)(2) ................................................................. 3

**Plaintiffs' purported withdrawal from the Hennessee Subclass
is insufficient to withdraw from the class and
therefore Plaintiffs' claims are ineligible for NASD arbitration**

Defendant Elizabeth Lee Hennessee ("Defendant") hereby files her Reply Memorandum in support of her motion to determine the eligibility of claims of putative class members Travis Co. J.V., Roger Hill, Sr. and Christopher Hill ("Putative Class Members") for NASD arbitration and, in support thereof, states as follows:

1. On or about June 19, 2006, Defendant filed her "Motion to Determine the Eligibility of Claims of Putative Class Members for NASD Arbitration" ("Motion") before this Court. Lee Hennessee, a named Defendant in three cases currently pending before this Court, seeks an order that the NASD claims of Putative Class Members Travis Co. J.V., Roger Hill, Sr. and Christopher Hill ("Putative Class Members") are encompassed by the above-captioned putative class action and are ineligible for NASD arbitration, pursuant to NASD Code of Arbitration Procedure Rule 10301(d)(2).

2. The Putative Class Members were required to file any opposition on or before July 3, 2006. Instead of filing an opposition, on or about June 29, 2006, the Putative Class Members sent a letter to the Court's attention, indicating that their counsel was not admitted to practice law in New York and requested that the Court treat the letter as the Putative Class Members' response to Defendant's Motion. In the letter, the Putative Class Members further requested that the Court "consider this notice of the Hill Claimants' request to opt out and to hereby withdraw from the putative subclass asserting claims against Ms. Hennessee, Hennessee Group, LLC, and Charles Gradante that is identified in the *Broad Bussel Family L.P., et al v. Bayou Group, LLC, et al* lawsuit." The Court has not yet made a determination if it will accept the Putative Class Members' letter as a valid response under the Federal or Local Rules of Civil

Procedure. Meanwhile, in fairness to opposing counsel, who was not admitted before this Court, Defendant has given the Putative Class Members more than the time allotted under the Local Rules to petition the Court to admit their attorney *pro hac vice* and file a proper response, before filing her Reply.

3. On July 24, 2006, this Court entered an Order admitting *pro hac vice* the Putative Class Members' attorney, Marvin Pipkin, for the purpose of responding to Lee Hennessee's Motion. Now that the Putative Class Members and their attorney are before the Court and have had ample time to file a proper response (but have not done so), Defendant files her Reply Memorandum.

4. As mentioned above, the Putative Class Members purport to withdraw only from the subclass consisting of Hennessee Group, LLC, Charles Gradante and Elizabeth Lee Hennessee ("Hennessee Defendants"), but indicate that they intend to remain part of the putative class bringing claims against the remaining class defendants, including Bayou Group. However, the Putative Class Members cannot simply withdraw from the putative subclass against the Hennessee Defendants and remain in the putative class as to the remaining defendants. Indeed, this Court has held:

> Permitting an individual eligible to be a class member to opt out as to some defendants but not as to others would allow her to have the best of both worlds. She could opt to remain in the class action as to defendants against whom her claims were relatively weak, hoping for some recovery at little or no expense to herself, while opting out as to other defendants to pursue relatively stronger claims in the hopes of securing a more lucrative recovery than she would receive as a class members.

See In re Del-Val Financial Corp. Securities Litigation, 162 F.R.D. 271, 275-276 (S.D.N.Y. 1995).

5. "No precedent exists for permitting class members to opt out of a class, whether certified for purposes of settlement or otherwise, with respect to some defendants or claims but not others." Del-Val, 162 F.R.D. at 275. "It is axiomatic that an individual who requests exclusion from a class certified for the purposes of litigation is opting out of the entire litigation." Id; see also Martens v. Smith Barney, Inc., 190 F.R.D. 134, 139-140 (S.D.N.Y. 1999) (relying on Del-Val, the court held that plaintiffs who opt out of a class as to some class defendants and pursue claims or settlement as to the remaining class defendants).

6. Currently, the Putative Class Plaintiffs are participants in three separate actions: (1) The Individual Court Action against the Hennessee Defendants[1]; (2) the above-captioned putative class action; and (3) the NASD arbitration against Defendant. They are essentially seeking "three bites at the apple" to recover their investment in the Bayou Superfund. If the Putative Class Members are permitted to pursue an individual court action, an arbitration and also participate in the class action, there is a substantial risk that the Putative Class Members would receive a windfall should any two of these proceedings be successful or yield a settlement.

7. Furthermore, NASD Code of Arbitration Procedure Rule 10301(d)(2) provides that in order for the Putative Class Members' claims to be eligible for NASD arbitration, they must demonstrate that they have "elected not to participate in the putative or certified class action or, if applicable, [have] complied with any conditions for withdrawing from the class prescribed by the court" (emphasis added). Defendant has found no precedent interpreting NASD Rule 10301(d)(2) that would support the proposition that withdrawing from a subclass is

---

[1] As mentioned in Lee Hennessee's Motion, the Putative Class Members' individual court action was conditionally transferred to this Court by the Judicial Panel on Multidistrict Litigation. The Putative Class Members moved to vacate the conditional order of transfer and the parties are currently awaiting a decision on said motion.

sufficient to withdraw from the class and render claims eligible for NASD arbitration. This result is inconsistent with Del-Val and Martens and creates the potential for double (or even triple) recovery. The Putative Class Members are either required to withdraw from the putative class action entirely and preserve the right to pursue their claims before the NASD or they are required to remain within the putative class and forgo the right to bring their NASD claims.

## Conclusion

Based on the foregoing and in accordance with NASD Code of Arbitration Procedure Rule 10301(d)(2), Defendant respectfully requests that the Court enter an Order providing that the claims alleged in the Putative Class Members' NASD arbitration are encompassed by the Putative Class Action and are therefore ineligible for arbitration before the NASD.

Dated: July 31, 2006

Respectfully submitted,

By: _____/S/_____
Matthew Wolper (MW 8835)
Bennett Falk (BF 5539)
BRESSLER, AMERY & ROSS
2801 SW 149th Avenue, Suite 300
Miramar, Florida 33027
Attorney for Defendants
Hennessee Group, LLC,
Elizabeth Lee Hennessee and
Charles Gradante

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2006, a copy of the *Reply Memorandum in Support of Defendant Elizabeth Lee Hennessee's Motion to Determine the Eligibility of Claims of Putative Class Members for NASD Arbitration* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/S/_____<br>
Matthew C. Plant (MP 0328)