UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE BAYOU HEDGE FUND INVESTMENT LITIGATION | : | 06 MD 1755 (CM) |
| THIS DOCUMENT RELATES TO: | : | |
| TRAVIS CO. J.V. ROGER HILL, SR. and CHRISTOPHER HILL, | : | |
| Plaintiffs, | : | 7:06-CV-11328-CM |
| vs. | : | |
| HENNESSEE GROUP LLC, ELIZABETH LEE HENNESSEE And CHARLES GRADANTE | : | **Electronically Filed** |
| Defendants. | : | |

**BRIEF IN SUPPORT OF DEFENDANT ELIZABETH LEE HENNESSEE'S MOTION FOR INJUNCTIVE RELIEF AND THE IMPOSITION OF A STAY OF PLAINTIFFS' NASD ARBITRATION PENDING RESOLUTION OF THE MOTIONS NOW PENDING BEFORE THE COURT**

BRESSLER, AMERY & ROSS
A Professional Corporation
2801 SW 149th Avenue, Suite 300
Miramar, Florida 33027

On the Brief:
    Bennett Falk
    Matthew Wolper
    Matthew Plant

## TABLE OF CONTENTS

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ............................................................................................1

STATEMENT OF FACTS .....................................................................................................3

LEGAL ARGUMENT ............................................................................................................6

POINT I ...................................................................................................................................6

CONCLUSION ......................................................................................................................13

# TABLE OF AUTHORITIES

**Page**

**CASES**

Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
  910 F.2d 1049, 1053 (2d Cir. 1990) ..................................................................................12

Bronx Household of Faith v. Board of Education,
  331F.3d 342, 348 (2d Cir. 2003) ......................................................................................6

Chaitman v. Wolf, Haldenstein, Alder, Freeman & Hertz, LLP
  No. 03 CI. 929, 2004 WL 2471372, *4 (S.D.N.Y. Nov. 3, 2004) ....................................9

Clonus Assoc. v. Dreamworks, LLC,
  417 F. Supp.2d 248, 250-251 (S.D.N.Y. 2005) ................................................................6

Goodridge v. Harvey Group, Inc.,
  778 F. Supp. 115, 130 (S.D.N.Y. 1991) ...........................................................................11

Hickox v. Friedland,
  No. 01-Civ.2025, 2001 WL 1490696, *9 (S.D.N.H. Nov. 21, 2001) ...............................10

International Fashion Products, B.V. v. Calvin Klein, Inc.,
  95 Civ. 0982, 1995 WL 92321, *2-3 (S.D.N.Y. Mar. 7, 1995) ........................................7

MAG Portfolio Consult v. Merlin Biomed Group, LLC,
  268 F.3d 58, 61 (S.D.N.Y. 2001) ......................................................................................11

Maryland Casualty Co. v. Realty Advisory Board on Labor Relations
  107 F.3d 979 (2 Cir. 1997) ................................................................................................7

Merrill Lynch Investment Managers v. Optibase, Ltd.,
  337 F.3d 15, 129 (2d Cir. 2003) .....................................................................................6, 7

Merrill Lynch, Pierce, Fenner & Smith Incorporated v. Georgiadis,
  903 F.2d 109, 112-113 (2d Cir. 1990) ..............................................................................9

Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,
  460 U.S. 1, 103 S. Ct. 927 (1983) ....................................................................................12

Painwebber Inc v. Pitchford,
  721 F. Supp. 542, 550 (S.D.N.Y. 1990) ...........................................................................9

Paramedics Electromedicina Comercial, LTDA v. GE Medical Systems Infor. Tech., Inc.
  No. 02 Civ. 9369, 2003 WL 23641529, *12 (S.D.N.Y. June 4, 2003) .............................7

Random House, Inc. v. Rosetta Books, LLC,
    283 F.3d 490, 491 (2d. Cir. 2002) ..................................................................................6

Roby v, Corp. of Lloyd's
    996 F.2d 1353, 1360 (2d. Cir. 1993) ..............................................................................9

Roney & Co. v. Goren,
    875 F.2d 1218, 1223 (6th Cir. 1989) .............................................................................9

Scher v. Bear Stearns & Co.,
    723 F. Supp. 211, 216-217 (S.D.N.Y. 1989) .................................................................9

Shearson/American Express, Inc. v. McMahon,
    482 U.S. 220, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987) ............................................12

Thompson-CSF v. American Arbitration Association,
    64 F.3d 773, 776 (2d Cir. 1995) ............................................................................10, 11

## **PRELIMINARY STATEMENT**

Defendant Elizabeth Lee Hennessee ("Defendant"), submits this brief in support of her motion for injunctive relief and the imposition of a stay of Plaintiffs' NASD Arbitration pending resolution of the following motions now pending before the Court:

1. Plaintiffs' Motion to Stay Claims Pending Arbitration, filed on April 24, 2006;

2. Defendants' Motion to Determine the Eligibility of Claims of Putative Class Members for NASD Arbitration, filed on June 19, 2006; and

3. Defendants' Motion to Stay this Proceeding and Compel Arbitration, filed on November 8, 2006.

(collectively referred to as the "Motions")

At this juncture, Plaintiffs Travis Co. J.V., Roger Hill, Sr. and Christopher Hill ("Plaintiffs") are prosecuting three separate actions in an effort to recover losses they allegedly realized in the Bayou Superfund, a hedge fund managed by Bayou Management, LLC. In addition to the above-captioned lawsuit ("Individual Court Action"), Plaintiffs are putative class members of the putative class action captioned *Broad Bussel Family Ltd. P'Ship, et. al. v. Bayou Group, LLC, et. al.*, MDL Docket 1755, and are Claimants in an NASD arbitration, captioned *Travis Co., J.V., Roger Hill, Sr. and Christopher Hill v. Elizabeth Lee Hennessee*, NASD Case No. 06-02089 ("NASD Arbitration"). Plaintiffs have requested an "expedited" arbitration, pursuant to the NASD Code of Arbitration Procedure.

On or about June 19, 2006, in the NASD Arbitration, Defendant filed a Motion for Administrative Stay with the NASD, seeking a stay of the arbitration pending the resolution of Plaintiffs' Motion to Stay Claims Pending Arbitration and Defendants' Motion to Determine the

Eligibility of Claims of Putative Class Members for NASD Arbitration.[1] Elizabeth Lee Hennessee also expressly objected to the NASD's jurisdiction over the dispute.

As a result of Plaintiffs' request for an "expedited" arbitration, the chairperson of the arbitration panel ordered only a ninety day stay, <u>without regard</u> to the Court's resolution of the Motions. Additionally, the chairperson imposed numerous discovery deadlines as early as January 2, 2007 (the day that the stay expires) and set dates for a discovery conference and the final evidentiary hearing. In effect, the stay ordered by the chairperson is really not a stay at all. Elizabeth Lee Hennessee is required to take substantial steps toward completing discovery by January 2, 2007 and is required to submit (over her objection) discovery and merits issues to the Panel for consideration, without a determination as to whether the NASD even has jurisdiction over the dispute.

In light of the pendency of the parties' Motions, any one of which could divest the NASD of jurisdiction over the dispute, Defendant will suffer irreparable harm if Plaintiffs are permitted to continue prosecuting their claims in that forum. The parties are bound by an arbitration clause contained within the Investment Advisory Agreement executed by the parties. Thus, there is a strong likelihood that Defendants' Motion to Stay Proceeding and Compel Arbitration will be granted and that Plaintiffs' Motion to Stay Claims [against Elizabeth Lee Hennessee] Pending Arbitration [before the NASD] will be denied. Furthermore, Defendant petitioned the Court, pursuant to NASD Code of Arbitration Procedure Rule 10301(d)(2), for a determination as to whether the claims asserted by Plaintiffs in the NASD Arbitration are encompassed by the *Broad Bussel* putative class action and are therefore ineligible for NASD arbitration. The Court has yet

---

[1] At the time Defendant filed her Motion for Administrative Stay with the NASD, Defendants' (Hennessee Group, Charles Gradante and Elizabeth Lee Hennessee) Motion to Stay Proceeding and Compel Arbitration of the Court Action was not yet filed.

to make a determination as to the sufficiency of Plaintiffs' purported "opt-out" of the *Broad Bussel* putative class action.

In light of the foregoing, Defendant respectfully requests that the Court enjoin Plaintiffs from continuing to prosecute the NASD Arbitration until such time as the Court has an opportunity to rule on the Motions.

## STATEMENT OF FACTS

On December 30, 2005, Travis Co. J.V., Roger Hill, Sr. and Bruce Hill filed their Petition against Defendant, Hennessee Group, LLC and Charles Gradante in Texas state court. See Decl. of Matthew Wolper at ¶ 3. After the case was removed to federal court, Plaintiffs[2] filed their First Amended Complaint, seeking to recover losses they allegedly realized in the Bayou Superfund, a hedge fund managed by Bayou Management, LLC (referred to as the "Court Action"). See ¶ 3 of the Decl. of Matthew Wolper and Ex. A, attached thereto. On April 18, 2006, the Judicial Panel on Multidistrict Litigation ("JPMDL") issued its "Transfer Order," centralizing four – then pending – Bayou related lawsuits before the Court. See Decl. of Matthew Wolper at ¶ 4. Plaintiffs' lawsuit was not among the Bayou related cases centralized pursuant to the Transfer Order because it had not yet been filed at the time of the petition for centralization. Id.

In anticipation of being consolidated as a "tag along" action, on April 21, 2006, only three days after the JPMDL issued its Transfer Order, Plaintiffs bifurcated the proceeding and filed an NASD Arbitration solely against Defendant in her individual capacity. Id. at ¶ 5. The NASD Arbitration is captioned *Travis Co., J.V., Roger Hill, Sr. and Christopher Hill v. Elizabeth Lee Hennessee*, NASD Case No. 06-02089, and is pending in Houston, Texas. Id. Within days

---

[2] When Plaintiffs filed their First Amended Complaint, Bruce Hill was dropped as a plaintiff and Christopher Hill was added as a plaintiff.

817091_2                                     3

after filing their Statement of Claim with the NASD, Plaintiffs filed a Motion to Stay Claims [against Elizabeth Lee Hennessee] Pending Arbitration. See Decl. of Matthew Wolper at ¶ 6 and Ex. B, attached thereto. Defendants opposed Plaintiffs' Motion to Stay Claims Pending Arbitration on the following grounds: (1) NASD Code of Arbitration Procedure Rule 10301(d)(2) precludes Plaintiffs, as members of the putative class action captioned *Broad Bussel Family Ltd. P'Ship, et. al. v. Bayou Group, LLC, et. al.*, MDL Docket 1755, from pursuing claims in an NASD arbitration that are encompassed by a putative or certified class action, (2) the arbitration clause contained within the Investment Advisory Agreement executed by and/or binding on Plaintiffs provides for arbitration before the American Arbitration Association, not the NASD, and (3) Plaintiffs' NASD claims are outside the scope of Elizabeth Lee Hennessee's activities with the Bank of New York. See Decl. of Matthew Wolper at ¶ 6 and Ex. C, attached thereto. Plaintiffs' Motion to Stay Claims Pending Arbitration, which was initially filed before Judge Biery in the Western District of Texas, is now pending before this Court. See Decl. of Matthew Wolper at ¶ 6.

On or about June 19, 2006, pursuant to NASD Code of Arbitration Procedure Rule 10301(d)(2), Defendant petitioned this Court to determine the eligibility of Plaintiffs' claims for NASD arbitration in light of the fact that their claims are encompassed by the *Broad Bussel* putative class action.[3] See Decl. of Matthew Wolper at ¶ 7 and Ex. D, attached thereto. On or

---

[3] NASD Code of Arbitration Rule 10301(d)(2) (emphasis added) provides:

> Any claim filed by a member or members of a putative or certified class action is also <u>ineligible for arbitration</u> at the Association if the claim is <u>encompassed by a putative or certified class action filed in federal or state court</u>…
>
> However, such claims shall be eligible for arbitration in accordance with paragraph (a) or pursuant to the parties contractual agreement, if any, if a claimant demonstrates that it has elected not to participate in the putative or certified class action or, if applicable, has complied with any conditions for withdrawing from the class prescribed by the court. (emphasis added)…

817091_2                                     4

about June 29, 2006, Plaintiffs wrote a letter to your honor purporting to "opt-out" of only the "Hennessee sub-class" within the *Broad Bussel* putative class action. See Decl. of Matthew Wolper at ¶ 7. On August 1, 2001, Plaintiffs again wrote your honor stating that "the Hill Claimants request that their opt out be construed to apply to all class claims that have been alleged in the *Broad Bussel* litigation, regardless of the defendants against whom the claims have been asserted." Id. Although it appears that Plaintiffs have elected not to participate in the *Broad Bussel* putative class action and pursue any class claims against Defendants, the Court has not made a determination as to the sufficiency of Plaintiffs' "opt-out" or whether additional conditions must be satisfied before Plaintiffs may maintain their NASD arbitration against Elizabeth Lee Hennessee. Id.

On June 19, 2006, Defendant also filed an Emergency Motion for Administrative Stay with the NASD. Id. at ¶ 8. However, as a result of Plaintiffs' request for an "expedited" arbitration, the chairperson of the arbitration panel ordered only a ninety day stay, <u>without regard to the Court's resolution of the Motions</u>. Id. The chairperson also imposed numerous discovery deadlines for January 2, 2007, including Elizabeth Lee Hennessee's last day to serve discovery requests, the last day for her to respond to Plaintiffs' discovery requests, the last day for her to produce non-objectionable documents and the last day for her to file a statement of answer. Id. The Chairperson set additional deadlines in February and March for the filing of all motions and has set dates for a discovery conference and even the final evidentiary hearing to occur soon

---

> Disputes concerning whether a particular claim is encompassed by a putative or certified class action shall be referred by the Director of Arbitration to a panel of arbitrators in accordance with Rule 10302 or Rule 10308, as applicable. <u>Either party may elect instead to petition the court with jurisdiction over the putative or certified class action to resolve such disputes.</u> Any such petition to the court must be filed within ten business days of receipt of notice that the Director of Arbitration is referring the dispute to a panel of arbitrators.

thereafter. Id. In effect, there is no stay because the Chairperson has ordered a drastic advancement of the case on January 2, 2007.

Lastly, on November 8, 2006, Defendants filed their Motion to Stay this Proceeding and Compel Arbitration of the claims alleged in Plaintiffs' Court Action, highlighting the arbitration agreement binding on the parties, which requires arbitration before the American Arbitration Association ("AAA"), not the NASD. See Decl. of Matthew Wolper at ¶ 10 and Ex. E, attached thereto. This motion also remains pending before the Court. See Decl. of Matthew Wolper at ¶ 10.

## LEGAL ANALYSIS

### DEFENDANT ELIZABETH LEE HENNESSEE IS ENTITLED TO AN INJUNCTION STAYING THE NASD ARBITRATION.

A preliminary injunction is appropriate where the moving party demonstrates that "(1) it will be irreparably harmed if an injunction is not granted, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of the hardships tipping decidedly in its favor." Merrill Lynch Investment Managers v. Optibase, Ltd., 337 F.3d 125, 129 (2d Cir. 2003), quoting Bronx Household of Faith v. Board of Education, 331 F.3d 342, 348 (2d Cir. 2003). The discussion below makes clear that Elizabeth Lee Hennessee has met the minimum requirements for the issuance of a preliminary injunction.

A. **Defendant Elizabeth Lee Hennessee Will Suffer Irreparable Harm Absent a Preliminary Injunction.**

The Second Circuit has defined irreparable harm as "an injury that is not remote or speculative but actual and imminent, and 'for which a monetary award cannot be adequate

compensation.'" Clonus Assoc. v. Dreamworks, LLC, 417 F. Supp.2d 248, 250-251 (S.D.N.Y. 2005), quoting Random House, Inc. v. Rosetta Books, LLC, 283 F.3d 490, 491 (2d Cir. 2002). Courts have found that a party is irreparably harmed by being "forced to expend time and resources arbitrating an issue that is not arbitrable, and for which any award would not be enforceable." Optibase, 337 F.3d at 129, quoting Maryland Casualty Co. v. Realty Advisory Board on Labor Relations, 107 F.3d 979 (2d Cir. 1997). Courts in this Circuit have also found that simultaneous actions may be enjoined because of the risk of conflicting rulings and improper judgments on the merits of the case. See Paramedics Electromedicina Comercial, LTDA v. GE Medical Systems Infor. Tech., Inc., No. 02 Civ. 9369, 2003 WL 23641529, *12 (S.D.N.Y. June 4, 2003) (finding irreparable harm where party faced the possibility of conflicting rulings/judgments in two identical cases on two continents); International Fashion Products, B.V. v. Calvin Klein, Inc., 95 Civ. 0982, 1995 WL 92321, *2-3 (S.D.N.Y. Mar. 7, 1995) (holding the same).

Without the Court's intervention, Defendant will suffer irreparable harm in the following ways:

- Defendant will be forced to comply with the scheduling order and discovery deadlines imposed by the NASD arbitration panel, notwithstanding the NASD's lack of jurisdiction.

- In light of Plaintiffs' request for an expedited hearing, the chairperson has set numerous discovery and motions deadlines between January and March 2007, again, without a determination as to whether the NASD has jurisdiction. The chairperson of the panel may issue orders, permitting or denying discovery, in which an opposite decision would have been reached by the Court or the AAA.

- Due to the deadlines imposed by the chairperson, the panel may (and probably will) have an opportunity to consider the merits of the case, notwithstanding the NASD's lack of jurisdiction. As mentioned above, the chairperson has set dates for a discovery conference and for the final evidentiary hearing.

- Defendant has already incurred substantial costs in the NASD Arbitration. If Plaintiffs are permitted to continue prosecuting the NASD Arbitration prior to the Court's consideration of the Motions, Defendant will continue to incur additional costs.

- By litigating in multiple forums, Defendant, Hennessee Group, LLC and Charles Gradante are forced to defend multiple actions in different forums, each of which involve the same allegations.

Plaintiffs filed the NASD Arbitration against Elizabeth Lee Hennessee solely as a litigation tactic in an effort to thwart the jurisdiction of the Court, hedge their bets with respect to the outcome of the case and add additional financial burden to Defendant, as well as Hennessee Group, LLC and Charles Gradante. This conclusion is underscored by the timing of Plaintiffs' NASD filing (only days after the MDL Transfer Order) and the fact that Plaintiffs could have but consciously chose not to file directly with the NASD and instead chose to file three complaints (including amended complaints) in court. This dispute is not arbitrable before the NASD because the parties bargained for, agreed to and are bound by an arbitration clause which requires arbitration before the AAA. Plaintiffs should not be permitted to circumvent the jurisdiction of this Court and its authority to compel arbitration before the AAA.

Additionally, NASD Code of Arbitration Rule 10106 provides that "[n]o party shall, during the arbitration of any matter, prosecute or commence any suit, action, or proceeding against any other party touching upon any of the matters referred to arbitration pursuant to the code." Plaintiffs are in direct violation of this rule in that they are attempting to participate in three separate yet substantively identical actions against Defendant, Hennessee Group, LLC and Charles Gradante in three separate forums. Plaintiffs have even gone to the great length of requesting an "expedited" arbitration without being authorized by the Court to pursue an NASD arbitration in the first place. The NASD does not have jurisdiction to hear this dispute or consider any of the parties' motions, let alone consider the merits of the case.

Accordingly, Defendant has adequately demonstrated that she will be irreparably harmed if Plaintiffs are permitted to continue prosecuting their NASD Arbitration.[4]

**B.   There is a Substantial Likelihood of Success on the Merits Because the Parties are Required to Arbitrate Their Disputes Before the AAA, Not the NASD.**

Defendant incorporates by reference the Motion to Stay Proceeding and Compel Arbitration that was filed by Defendant, Hennessee Group, LLC and Charles Gradante on November 8, 2006. See ¶ 10 of the Decl. of Matthew Wolper and Ex. E thereto. As stated therein, the parties are bound by an arbitration clause which requires arbitration before the AAA.[5] The parties' specific arbitration agreement "supersedes" NASD Code of Arbitration Procedure Rule 10301(a), the provision under which Plaintiffs traveled in filing the NASD Arbitration.[6] See Merrill Lynch, Pierce, Fenner & Smith Incorporated v. Georgiadis, 903 F.2d 109, 112-113 (2d Cir. 1990) (holding that "AMEX" Constitution requiring arbitration in a particular forum may be superseded by a more specific customer agreement); Painwebber Inc. v. Pitchford, 721 F. Supp. 542, 550 (S.D.N.Y. 1990) (holding that a forum selection clause in an arbitration agreement is entitled to enforcement absent a showing of adhesion). The Sixth Circuit, in Roney & Co. v. Goren, 875 F.2d 1218, 1223 (6th Cir. 1989), succinctly stated:

---

[4] Any doubt whether Defendant has been irreparably harmed should be resolved in favor of Defendant because Plaintiffs filed the NASD Arbitration solely as a litigation tactic.

[5] Defendant, as an employee and principal of Hennessee Group, is covered by the arbitration clause contained within the Investment Advisory Agreement executed by and/or binding on the parties. See Chaitman v. Wolf, Haldenstein, Adler, Freeman & Hertz, LLP, No. 03 CI. 929, 2004 WL 2471372, *4 (S.D.N.Y. Nov. 3, 2004); Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1360 (2d.Cir. 1993) (holding that "employees or disclosed agents of an entity that is a party to an arbitration agreement are protected by that agreement"); Scher v. Bear Stearns & Co., 723 F. Supp. 211, 216-217 (S.D.N.Y. 1989) (holding that employee of brokerage firm was bound by an arbitration agreement entered into between the brokerage firm and its customer).

[6] NASD Code of Arbitration Procedure Rule 10101(a) provides, in relevant part: "Any dispute, claim, or controversy eligible for submission under the Rule 10100 Series between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons shall be arbitrated under this Code."

> When Congress enacted the Arbitration Act making arbitration agreements enforceable, it surely did not intend that the parties be able to disregard selected contractual obligations willy-nilly in order to choose an arbitral forum more convenient or more suited to a party's particular needs.

Therefore, the forum selection clause contained within the subject arbitration clause is controlling in this case and the AAA, not the NASD, is the proper forum.

To the extent Plaintiffs contend that Travis Co. J.V. and Christopher Hill, non-signatories to the Investment Advisory Agreement, are not bound by the subject arbitration clause, this argument should be rejected. The Investment Advisory Agreement provides that Roger Hill, Sr. and "all other entities, that may invest in hedge funds, for which Mr. Hill is authorized…to retain Hennessee and to make investments in hedge funds" are bound by the Agreement. Roger Hill, Sr. and the other Hill family members are authorized to (and did) use Travis Co. J.V. as a vehicle in which to invest in hedge funds. See ¶ 3 of Decl. of Matthew Wolper and Ex. A at p. 3, attached thereto. Under the express terms of the Agreement, Plaintiff Travis Co. J.V. is bound by the arbitration clause.

Christopher Hill is bound by the arbitration clause under principles of estoppel and ratification. See Thomson-CSF v. American Arbitration Association, 64 F.3d 773, 776 (2d Cir. 1995) (holding that a non-signatory is bound by an arbitration agreement under the following theories: Incorporation by reference, assumption, **estoppel**, agency and veil piercing/alter ego) (emphasis added); Hickox v. Friedland, No. 01-Civ.2025, 2001 WL 1490696, *9 (S.D.N.Y. Nov. 21, 2001) (holding that a non-signatory was estopped from challenging the arbitration clause when he knowingly accepted the benefit of the agreement containing the arbitration clause). Under the estoppel theory, a non-signatory who knowingly "exploits" the agreement containing the arbitration clause is estopped from avoiding arbitration in a manner consistent with its terms.

See MAG Portfolio Consult v. Merlin Biomed Group, LLC, 268 F.3d 58, 61 (S.D.N.Y. 2001). To prevail, it is sufficient to demonstrate that Christopher Hill "knowingly exploited the contract and thereby received a direct benefit from the contract." Id. at 62, citing Thomson-CSF, 64 F.3d at 778.

Christopher Hill retained (and continues to retain) a financial benefit from the investment consulting services provided by Hennessee Group pursuant to the Agreement. Christopher Hill is a limited partner of "Travis Co. J.V., Ltd.," one of two general partners of Plaintiff Travis Co. J.V. and the Hill family members admittedly utilized Travis Co. J.V. as a vehicle to make investments, including investments in hedge funds. See ¶ 3 of Decl. of Matthew Wolper and Ex. A at p. 3, attached thereto. While Christopher Hill also purports to have made individual investments in the Bayou Superfund, this fact only underscores his "exploitation" of the Investment Advisory Agreement. All of Christopher Hill's causes of action, including the breach of contract claim, flow directly from the Investment Advisory Agreement and the consulting services outlined therein. Furthermore, all of the consulting services provided by Hennessee Group, LLC to Plaintiffs and any hedge fund investments made by Christopher Hill were pursuant to the Investment Advisory Agreement. Otherwise, Christopher Hill would not have had access to Hennessee Group's proprietary hedge fund research. Christopher Hill has clearly retained the benefits of the Agreement and is therefore estopped from avoiding the specific language of the arbitration clause. See Goodridge v. Harvey Group, Inc., 778 F. Supp. 115, 130 (S.D.N.Y. 1991) (holding that a party cannot disavow those portions of a contract which it finds most odious and utilize only those portions which are beneficial).

Therefore, Defendant has demonstrated a likelihood of success on the merits of the Motion to Stay Proceeding and Compel Arbitration of Plaintiffs' claims before the AAA and a strong likelihood that Plaintiffs' Motion to Stay Claims Pending Arbitration will be denied.

C.  **Public Policy Favors Both the Issuance of an Injunction to Preserve the *Status Quo* and the Enforcement of Arbitration Agreements**

The Federal Arbitration Act established a strong public policy favoring arbitration according to the terms of the parties' agreement, a principle that has been affirmed by the United States Supreme Court. See Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S. Ct. 927 (1983); Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 107 S. Ct. 2332, 96 L.Ed.2d 185 (1987). As demonstrated above, Plaintiffs are bound by the arbitration clause contained within the Investment Advisory Agreement. See supra at pp. 11-14. While the Court considers the Motions, it is necessary and appropriate for the Court to issue a preliminary injunction, enjoining Plaintiffs from continuing to prosecute the NASD Arbitration. An injunction will preserve the *status quo* while the Court resolves the pending threshold issues and will maintain the integrity of the arbitration process. See Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 910 F.2d 1049, 1053 (2d Cir. 1990) (citations omitted).

Accordingly, public policy favors the issuance of an injunction under the circumstances of this case.

## CONCLUSION

For the foregoing reasons, Defendant respectfully request that the Court issue an injunction, enjoining Plaintiffs from prosecuting the NASD Arbitration, until such time as the Court has ruled on the Motions.

Dated: November 8th, 2006

                                                    Respectfully submitted,

                                                    By: _____/S/_____
                                                        Bennett Falk (BF 5539)
                                                        Matthew E. Wolper (MW 8835)
                                                        Matthew C. Plant (MP 0328)
                                                        BRESSLER, AMERY & ROSS
                                                        2801 SW 149th Avenue, Suite 300
                                                        Miramar, Florida 33027
                                                         (954) 499-7979
                                                        (954)-499-7969
                                                        mwolper@bressler.com
                                                        Attorneys for Defendants
                                                        Hennessee Group LLC,
                                                        Elizabeth Lee Hennessee and
                                                        Charles Gradante

14

## CERTIFICATE OF SERVICE

I hereby certify that on November <u>8th</u>, 2006, a copy of the *Brief in Support of Defendant Elizabeth Lee Hennessee's Motion for Injunctive Relief and the Imposition of a Stay of Plaintiffs' NASD Arbitration Pending Resolution of the Motions Now Pending Before* the was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/S/<br>
Bennett Falk (BF 5539)

817091_2                                    14