Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2338709 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Briefs and Other Related Documents
Morgan ex rel. Morgan v. Barnhart S.D.N.Y.,2005.Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Darcel MORGAN o/b/o Zanique Morgan, Plaintiff,
v.
Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.
No. 04 Civ.6024 LTS AJP.

Sept. 26, 2005.

*REPORT AND RECOMMENDATION*
PECK, Chief **Magistrate** J.
***1** On April 21, 2005, I issued a Report and Recommendation to grant defendant Commissioner of Social Security's motion for judgment on the pleadings, familiarity with which is assumed. *See Morgan v.. Barnhart,* 04 Civ. 6024, 2005 WL 925594 (S.D.N.Y. Apr. 21, 2005) (Peck, M.J.). I recommended that the Commissioner's motion be granted on two grounds: first, that Morgan's complaint was conclusory and she did not file papers opposing the Commissioner's motion for judgment on the pleadings, despite the Court's scheduling order, *id.,* 2005 WL 925594 at *10; and second, that in any event, on the Court's review of the administrative record under the appropriate legal review standard, substantial evidence supported the administrative law judge's decision that Zanique Morgan was not disabled, *id.,* 2005 WL 925594 at *7-9, 11-16.

Morgan requested and received additional time to file objections, to allow her to obtain counsel. (*See* Dkt. No. 12:5/6/05 Order; Dkt. No. 19: 9/19/05 Order.) After objections were filed, Judge Swain noted that plaintiff's "objections were largely directed to the substance of the Administrative Law Judge's decision," as opposed to the Report and Recommendation, but recommitted the case to me "for further consideration" in "the interest of justice." (Dkt. No. 19: 9/19/05 Order.)

For the reasons set forth below, the Court continues to recommend that the Commissioner's motion for judgment on the pleadings be granted.

*ANALYSIS*

Morgan's counsel sought to have this case remanded to the Commissioner on the ground that the administrative law judge ("ALJ") failed to afford Morgan a full and fair **hearing** and failed to develop the record. (Dkt. No. 15: Morgan Objections Br. at 5-14.) The Court declines to consider this **argument** because it was **not raised** by Morgan in opposition to the Commissioner's motion for judgment on the pleadings, and it therefore is **not** a proper objection to my prior Report and Recommendation.

Morgan could have obtained an attorney at the time she brought this case, or at the time the Commissioner moved for judgment on the pleadings, or Morgan could have **raised** this issue pro se. The District Judge need **not** consider at the objection stage any fact or legal **argument not** presented to the **Magistrate** Judge. *E.g., Amadasu v. Rosenberg,* 03 Civ. 6450, 2005 WL 954916 at *1-2 (S.D.N.Y. Apr. 26, 2005) (Kaplan, D.J.) (declining to review materials submitted in support of plaintiffs' objections that had **not** first been submitted to **Magistrate** Judge Peck); *Travelers Ins. Co. v. Estate of Garcia,* No. 00-CV-2130, 2003 WL 1193535 at *2 (E.D.N.Y. Feb. 4, 2003) ("[D]istricts courts will ordinarily refuse to consider **arguments**, case law and/or evidentiary material which could have been, but was **not**, presented to the **magistrate** judge in the first instance.") (citing cases); *Robinson v. Keane,* 92 Civ. 6090, 1999 WL 459811 at *4 (S.D.N.Y. June 29, 1999) ("An objecting party may **not raise** new **arguments** [in its objections] that were **not** made before the **Magistrate** Judge."); *Grant v. Shalala,* No. 93-CV-0124, 1995 WL 322589 at *2 (W.D.N.Y. Mar. 13, 1995) (Plaintiff never responded to Commissioner's motion in Social Security case, but then filed objections to **Magistrate** Judge's Report and Recommendation. "Despite being inclined to reject the plaintiff's Objections solely on its merits, this Court must also reject it because its substance was never presented to [the **Magistrate** Judge]."); *Abu-*

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2338709 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

Page 2

*Nassar v. Elders Futures, Inc.,* 88 Civ. 7906, 1994 WL 445638 at *5 n. 2 (S.D.N.Y. Aug. 17, 1994) (declining to review **arguments** made in the objections to the **Magistrate** Judge's Report and Recommendation but **not raised** before the **Magistrate** Judge); *Baker v. Ace Advertisers Serv., Inc.,* 153 F.R.D. 38, 43 (S.D.N.Y.1992) ("The Court is **not** required to consider these objections because a 'party is **not** entitled as of right to a de novo review by the judge [of] an **argument** never seasonably **raised** before the **magistrate.**' "); *see Thomas v. Arn,* 474 U.S. 140, 147-48, 106 S.Ct. 466, 471 (1985); *see generally* 14 *Moore's Federal Practice* § 72.11 (Matthew Bender 3d ed.2005).

*2 The purpose of this rule is to prevent the waste of judicial resources (and the opposing party's resources), which would occur if a party could withhold certain **arguments** to see if they are needed and then **raise** them later. *See, e.g., Amadasu v. Rosenberg,* 2005 WL 954916 at *1 (" 'While there may be cases in which the receipt of further evidence is appropriate, there are substantial reasons for declining to do so as a general matter. First, permitting such piecemeal presentation of evidence is exceptionally wasteful of the time of both the **magistrate** and district judges, the former having been compelled to write an arguably useless report based on less than the universe of relevant evidence and the latter being deprived of the benefit of the **magistrate** judge's considered view of the entire record. Second, opposing parties would be put to the burden of proceedings which, to a considerable degree, would be duplicative. Third, there would be instances in which parties would be encouraged to withhold evidence, particularly evidence which might be embarrassing as well as helpful on the merits, in the expectation of using it before the district judge only if they failed to prevail before the **magistrate** judge on a more abbreviated showing. Finally, the routine consideration of evidence in support of objections which could have been presented before the **magistrate** judge would reward careless preparation of the initial papers." '); *Grant v. Shalala,* 1995 WL 322589 at *2 ("Were this Court to consider the plaintiff's Objections, the **Magistrate's** Act would essentially be circumvented. Such circumvention would allow every party to simply decline to present his or her case before a **Magistrate** Judge, await the result of that adjudication and, thereafter and only if necessary, expend the resources needed to file objections in the **District Court.**"); *Abu-Nassar v. Elders Futures, Inc.,* 1994 WL 445638 at *5 n. 2 ("If the Court were to consider [**arguments not raised** before the **Magistrate** Judge], it would unduly undermine the authority of the **Magistrate** Judge by allowing litigants the option of waiting until a Report is issued to advance additional **arguments.**").

While Judge Swain "recommitted" the matter to me "in the interest of justice," the Court sees no reason **not** to apply the above rule in this case, and every reason to do so. Many Social Security appeals filed in this Court are filed pro se and referred to **Magistrate** Judges for Reports and Recommendations. Whatever the merits of the "failure to develop the record" **argument** here,[FN1] it would set a dangerous precedent to allow pro se plaintiffs to await the **Magistrate** Judge's decision in Social Security cases and then if the ruling is adverse, hire an attorney and **raise** new **arguments**. That would result in a waste of judicial (and U.S. Attorneys' Office) resources. While it may be appropriate in the interest of justice in an "extraordinary" case, Morgan has presented no evidence that she tried to obtain an attorney earlier in this case or any other reason why her case is "special" so as to entitle her to two bites of the apple.

> FN1. And on the merits, it appears the government has the better argument. (*See* Dkt. No. 18: Gov't Objections Opp. Br. at 3-7.)

*3 Morgan's counsel also took issue with the Report and Recommendation's alternative holding that the Commissioner is entitled to judgment on the pleadings because Morgan did not oppose the motion. (*See* Morgan Objections Br. at 15-16.) Morgan's counsel's argument that Morgan's pro se complaint satisfied Fed.R.Civ.P. 8 (*see* Morgan Objections Br. at 15-16) misses the point-the issue was not the sufficiency of the complaint but the plaintiff's failure to oppose the Commissioner's motion for judgment on the pleadings. In any event, the issue is moot because the Report and Recommendation also fully addressed the merits of the motion. (*See also* Dkt. No. 18: Gov't Objections Opp. Br. at 7.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:06-md-01755-CM-MDF    Document 105-2    Filed 12/21/2006    Page 3 of 3

Not Reported in F.Supp.2d                                                                                                              Page 3
Not Reported in F.Supp.2d, 2005 WL 2338709 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

Finally, Morgan's Objections Reply Brief argued that the ALJ (and therefore the Report and Recommendation) failed to utilize Listing 112.1, "for ADHD." (Dkt. No. 17: Morgan Objections Reply Br. at 5-6; *see also* Dkt. No. 19: 9/19/05 Order at 2.) The administrative record contains substantial evidence supporting the ALJ's determination that Zanique's impairments are not functionally or medically equivalent to the impairment of Attention Deficient Hyperactivity Disorder reflected in 20 C.F.R. Pt. 404, Supbpt. P, App. 1, § 112.11. Zanique did not have "[m]arked inattention," "[m]arked impulsiveness" or "[m]arked hyperactivity." *Id.,* § 112.11(A)(1)-(3). While Zanique had some limitation in attentiveness, substantial evidence supports the ALJ's finding that any limitation was not marked. *See* 2005 WL 925594 at *13-14. Moreover, there was substantial evidence in the record that Zanique's impairments did not satisfy § 112.11(B), which incorporates § 112.02(B)(2). Again, any impairments Zanique had in these areas are less than marked. Thus, there was substantial evidence to support the ALJ's findings that Zanique was not disabled under § 112.11.

CONCLUSION

For the reasons stated above, the Court reaffirms its original Report and Recommendation that the Commissioner's motion for judgment on the pleadings should be *GRANTED.*

*FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION*

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Laura Taylor Swain, 40 Centre Street, Room 1205, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Swain. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466 (1985); *IUE AFL-CIO-Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825 (1992); *Small v. Secretary of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57-59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237-38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

S.D.N.Y.,2005.
Morgan ex rel. Morgan v. Barnhart
Not Reported in F.Supp.2d, 2005 WL 2338709 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 1:04cv06024 (Docket) (Aug. 04, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.