UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                                      :
IN RE BAYOU HEDGE FUND INVESTMENT    :        06 MD 1755 (CM)
LITIGATION                                        :
                                                      :
                                                      :
------------------------------------------------------------ X
THIS DOCUMENT RELATES TO:                 :
------------------------------------------------------------ X
                                                      :
BROAD-BUSSEL FAMILY LIMITED           :        No. 06 Civ. 3026 (CM)
PARTNERSHIP, MARIA LOUISE               :
MICHELSOHN, MICHELLE MICHELSOHN, and :
HERBERT BLAINE LAWSON, JR., Individually  :
And on Behalf of All Other Persons and Entities :
Similarly Situated,                               :
                                                      :
                    Plaintiffs,                    :
                                                      :
        vs.                                         :
                                                      :
                                                      :        ANSWER AND AFFIRMATIVE
BAYOU GROUP LLC, et al.,                   :        DEFENSES OF
                                                      :        CHARLES GRADANTE AND
                    Defendants.                   :        LEE HENNESSEE
_____
                                                      :

        Defendants Charles Gradante and Lee Hennessee (the "Hennessee Individual Defendants"), by their attorneys Bressler, Amery & Ross, P.C., answer the Amended Class Action Complaint of plaintiff Broad-Bussel Family Limited Partnership as follows:

1.      Admit the allegations of paragraph 1 concerning the existence of press reports, deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 concerning the amounts invested in the Bayou Hedge Funds and deny the balance of the allegations of paragraph 1.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5.      Answer that the allegations contained in paragraph 5 constitute legal averments to which no response is required.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegation that "[a]s the fraud began to unravel internally within Bayou in July 2005" and admit the balance of the allegations of paragraph 6.

7.      Admit the allegations of paragraph 7 concerning the existence of press reports, deny knowledge or information sufficient to form a belief as to the truth of the contents of such news reports.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9.      Deny the allegations of paragraph 9.

10.     Answer that the allegations contained in paragraph 10 constitute legal averments to which no response is required.

11.     Answer that the allegations contained in paragraph 11 constitute legal averments to which no response is required.

12.     Answer that the allegations contained in paragraph 12 constitute legal averments to which no response is required.

13.     Answer that the allegations contained in paragraph 13 constitute legal averments to which no response is required.

14.    Answer that the allegations contained in paragraph 14 constitute legal averments to which no response is required.

15.    Deny any misconduct by the Hennessee Individual Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's damages and admit the balance of paragraph 15.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17.    Admit the allegations of paragraph 17.

18.    Admit the allegations of paragraph 18.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23.    Admit that Bayou Securities LLC is a broker-dealer and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 23.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26.     Admit the allegations of paragraph 26.

27.     Admit that Marino was the Chief Financial Officer and Chief Operating Office of Bayou and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 27.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29.     Answer that the allegations contained in paragraph 29 constitute legal averments to which no response is required.

30.     Answer that the allegations concerning the Bayou Defendants being "bound to act in good faith" contained in paragraph 30 constitute legal averments to which no response is required and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 30.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32.     Admit that Richmond-Fairfield was represented to be the outside accountant and auditor for Bayou and the Bayou Hedge Funds and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 32.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37.     Admit that Faust Rabbach & Oppenheim was represented to be counsel for Bayou and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 37.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39.     Deny that the Hennessee Group "funneled tens of millions of dollars to Bayou" and admit the balance of the allegations of paragraph 39.

40.     Deny that Lee Hennessee "touted" anything and admit the balance of the allegations of paragraph 40.

41.     Deny that Gradante "claimed" or "boast[ed]" and admit the balance of the allegations of paragraph 41.

42.     Answer that the allegations contained in paragraph 42 constitute legal averments to which no response is required.

43.     Answer that the allegations contained in paragraph 43 concerning the Hennessee Individual Defendants' alleged duties constitute legal averments to which no response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 concerning Plaintiff's or other investors' alleged reliance upon the Hennessee Individual Defendants and deny the balance of the allegations of paragraph 43.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45.    Admit that Spear Leads was represented to be the trading agent and clearing firm for Bayou and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 45.

46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

49.    Paragraph 49 does not call for a response.

50.    Answer that the allegations contained in paragraph 50 constitute legal averments to which no response is required.

51.    Answer that the allegations contained in paragraph 51 constitute legal averments to which no response is required.

52.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52.

53.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55.

837150_1

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

57.     Admit that Broad-Bussel initially invested $1,000,000 in the Bayou Superfund and deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63.

64.     Admit that a July 27, 2005 letter was sent by Israel containing the quoted statement and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 64.

65.     Admit the allegations of paragraph 65 but deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 concerning the falsity of the quoted statement.

837150_1

66.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66.

67.    Admit the allegations of paragraph 67 but deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 concerning the falsity of the quoted statement.

68.    Admit the allegations of paragraph 68 concerning the fact the letter was sent purportedly by Israel but answer that the allegations contained in paragraph 68 concerning the letter being "materially false and misleading" constitute legal averments to which no response is required.

69.    Admit the allegations of paragraph 69 concerning the existence of such a news report but deny knowledge or information sufficient to form a belief as to the truth of the contents of such news report.

70.    Admit the allegations of paragraph 70 concerning the existence of such a news report but deny knowledge or information sufficient to form a belief as to the truth of the contents of such news report.

71.    Admit the allegations of paragraph 71 concerning the existence of such a news report but deny knowledge or information sufficient to form a belief as to the truth of the contents of such news report.

72.    Admit the allegations of paragraph 72 concerning the existence of such a news report but deny knowledge or information sufficient to form a belief as to the truth of the contents of such news report.

73.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73.

837150_1

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77.

78.     Admit the allegations of paragraph 78 concerning the existence of such a news report but deny knowledge or information sufficient to form a belief as to the truth of the contents of such news report and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 78.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83.

84.    Admit the allegations of paragraph 84 concerning the existence of such a news report but deny knowledge or information sufficient to form a belief as to the truth of the contents of such news report and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 84.

85.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 concerning Mr. Marino's sentencing and admit the balance allegations of paragraph 85.

86.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86.

87.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87.

88.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88.

89.    Admit that the Hennessee Defendants held themselves out as experienced and pioneers in hedge fund consulting and deny the balance of the allegations of paragraph 89.

90.    Admit that the Hennessee Group website contains information concerning the Hennessee Group, deny the balance of the allegations of paragraph 90 and refer the Court to the Hennessee Group website itself for its content and import.

91.    Admit that the Hennessee Group website contains information concerning the Hennessee Group, deny the balance of the allegations of paragraph 91 and refer the Court to the Hennessee Group website itself for its content and import.

92.     Admit that the Hennessee Group website contains information concerning the Hennessee Group, deny the balance of the allegations of paragraph 92 and refer the Court to the Hennessee Group website itself for its content and import.

93.     Admit that the Hennessee Group website contains information concerning the Hennessee Group, deny the balance of the allegations of paragraph 93 and refer the Court to the Hennessee Group website itself for its content and import.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 94, answer that the allegations contained in paragraph 94 concerning alleged "alter ego" constitute legal averments to which no response is required and deny the balance of the allegations of paragraph 94.

95.     Deny the allegations contained in paragraph 95 concerning the uniformity of such Investment Advisory Agreements and answer that the balance of the allegations contained in paragraph 95 constitute legal averments to which no response is required.

96.     Answer that the allegations contained in paragraph 96 constitute legal averments to which no response is required.

97.     Admit that Hennessee Group made recommendations to certain clients concerning investment in Bayou funds and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 97.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98.

99.     Admit that Hennessee Group relayed information provided by the Bayou Funds to certain of its clients and deny the balance of paragraph 99.

100.    Admit that Hennessee Group relayed information provided by the Bayou Funds to certain of its clients and deny the balance of paragraph 100.

101.    Admit the allegations of paragraph 101 based upon the information that was provided by Bayou.

102.    Admit that Hennessee Group provided information to Plaintiff that had been reported to it by Bayou and deny the balance of the allegations of paragraph 102.

103.    Admit that Hennessee Group requested that Bayou send offering documents to certain of its clients and deny the balance of the allegations of paragraph 103.

104.    Answer that the allegations contained in paragraph 104 constitute legal averments to which no response is required.

105.    Answer that the of the allegations contained in paragraph 105 constitute legal averments to which no response is required.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106.

107.    Answer that the of the allegations contained in paragraph 107 constitute legal averments to which no response is required.

108.    Answer that the of the allegations contained in paragraph 108 constitute legal averments to which no response is required.

109.    Answer that the of the allegations contained in paragraph 109 constitute legal averments to which no response is required.

110.    Answer that the of the allegations contained in paragraph 110 constitute legal averments to which no response is required.

111.    Answer that the of the allegations contained in paragraph 111 constitute legal averments to which no response is required.

112.    Answer that the of the allegations contained in paragraph 112 constitute legal averments to which no response is required.

113.    Answer that the of the allegations contained in paragraph 113 constitute legal averments to which no response is required.

114.    The Hennessee Individual Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

115.    Answer that the allegations of paragraph 115 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

116.    Answer that the allegations of paragraph 116 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

117.    Answer that the allegations of paragraph 117 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

118.    Answer that the allegations of paragraph 118 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

119.    Answer that the allegations of paragraph 119 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

120.    Answer that the allegations of paragraph 120 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

121.    The Hennessee Individual Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

122.    Answer that the allegations of paragraph 122 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

123.    Answer that the allegations of paragraph 123 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

124.    Answer that the allegations of paragraph 124 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

125.    Answer that the allegations of paragraph 125 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

126.    Answer that the allegations of paragraph 126 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

127.    Answer that the allegations of paragraph 127 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

128.    No response to the allegations of paragraph 128 is necessary as the claim against the Hennessee Individual Defendants under the Connecticut Unfair Trade Practices Act has been dismissed.

129.    No response to the allegations of paragraph 129 is necessary as the claim against the Hennessee Individual Defendants under the Connecticut Unfair Trade Practices Act has been dismissed.

130.    No response to the allegations of paragraph 130 is necessary as the claim against the Hennessee Individual Defendants under the Connecticut Unfair Trade Practices Act has been dismissed.

837150_1

131.    No response to the allegations of paragraph 131 is necessary as the claim against the Hennessee Individual Defendants under the Connecticut Unfair Trade Practices Act has been dismissed.

132.    No response to the allegations of paragraph 132 is necessary as the claim against the Hennessee Individual Defendants under the Connecticut Unfair Trade Practices Act has been dismissed.

133.    No response to the allegations of paragraph 133 is necessary as the claim against the Hennessee Individual Defendants under the Connecticut Unfair Trade Practices Act has been dismissed.

134.    No response to the allegations of paragraph 134 is necessary as the claim against the Hennessee Individual Defendants under the Connecticut Unfair Trade Practices Act has been dismissed.

135.    The Hennessee Individual Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

136.    Answer that the allegations of paragraph 136 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

137.    Answer that the allegations of paragraph 137 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

138.    Answer that the allegations of paragraph 138 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

139.    Answer that the allegations of paragraph 139 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

837150_1

140.    Answer that the allegations of paragraph 140 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

141.    Answer that the allegations of paragraph 141 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

142.    Answer that the allegations of paragraph 142 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

143.    The Hennessee Individual Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

144.    Answer that the allegations of paragraph 144 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

145.    Answer that the allegations of paragraph 145 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

146.    Answer that the allegations of paragraph 146 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

147.    The Hennessee Individual Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

148.    Paragraph 148 does not call for a response.

149.    Answer that the allegations of paragraph 149 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

150.    Answer that the of the allegations contained in paragraph 150 constitute legal averments to which no response is required.

151.    Answer that the of the allegations contained in paragraph 151 constitute legal averments to which no response is required.

152.    Answer that the of the allegations contained in paragraph 152 constitute legal averments to which no response is required.

153.    Answer that the of the allegations contained in paragraph 153 constitute legal averments to which no response is required.

154.    Answer that the of the allegations contained in paragraph 154 constitute legal averments to which no response is required.

155.    The Hennessee Individual Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

156.    Paragraph 156 does not call for a response.

157.    Answer that the allegations of paragraph 157 that with respect to those allegations that are not directed to the Hennessee Individual Defendants, no further response is required and answer that the of the allegations contained in paragraph 157 that are directed at the Hennessee Individual Defendants, constitute legal averments to which no response is required.

158.    Answer that the allegations of paragraph 158 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

159.    Answer that the allegations of paragraph 159 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

160.    Answer that the of the allegations contained in paragraph 160 constitute legal averments to which no response is required.

161.    Answer that the of the allegations contained in paragraph 161 constitute legal averments to which no response is required.

162.    Answer that the of the allegations contained in paragraph 162 constitute legal averments to which no response is required.

837150_1

163.    Answer that the of the allegations contained in paragraph 163 constitute legal averments to which no response is required.

164.    Answer that the of the allegations contained in paragraph 164 constitute legal averments to which no response is required.

165.    The Hennessee Individual Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

166.    Answer that the allegations of paragraph 166 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

167.    Answer that the allegations of paragraph 167 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

168.    Answer that the allegations of paragraph 168 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

169.    Answer that the allegations of paragraph 169 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

170.    Answer that the allegations of paragraph 170 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

171.    The Hennessee Individual Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

172.    Answer that the allegations of paragraph 172 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

173.    Answer that the allegations of paragraph 173 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

174.     Answer that the allegations of paragraph 174 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

175.     Answer that the allegations of paragraph 175 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

176.     Answer that the allegations of paragraph 176 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

177.     Answer that the allegations of paragraph 176 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

178.     Answer that the allegations of paragraph 178 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

179.     Answer that the allegations of paragraph 179 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

180.     Answer that the allegations of paragraph 180 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

181.     Answer that the allegations of paragraph 181 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

182.     The Hennessee Individual Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

183.     Answer that the allegations of paragraph 183 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

184.     Answer that the allegations of paragraph 184 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

837150_1

185.    Answer that the allegations of paragraph 185 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

186.    Answer that the allegations of paragraph 186 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

187.    Answer that the allegations of paragraph 187 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

188.    Answer that the allegations of paragraph 188 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

189.    Answer that the allegations of paragraph 189 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

190.    The Hennessee Individual Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

191.    Paragraph 156 does not call for a response.

192.    Answer that the allegations of paragraph 192 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

193.    Answer that the allegations of paragraph 193 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

194.    Answer that the allegations of paragraph 194 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

195.    Answer that the allegations of paragraph 195 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

196.    Answer that the allegations of paragraph 196 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

197.    Answer that the allegations of paragraph 197 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

198.    Answer that the allegations of paragraph 198 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

199.    Answer that the allegations of paragraph 199 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

200.    The Hennessee Individual Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

201.    Answer that the allegations of paragraph 201 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

202.    Answer that the allegations of paragraph 202 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

203.    Answer that the allegations of paragraph 203 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

204.    Answer that the allegations of paragraph 204 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

205.    The Hennessee Individual Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

206.    paragraph 206 does not call for a response.

207.    Answer that the allegations of paragraph 207 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

208.    Answer that the allegations of paragraph 208 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

837150_1

209.    Answer that the allegations of paragraph 209 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

210.    The Hennessee Individual Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

211.    Paragraph 211 does not call for a response.

212.    Answer that the allegations of paragraph 212 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

213.    Answer that the allegations of paragraph 213 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

214.    Answer that the allegations of paragraph 214 are not directed to the Hennessee Individual Defendants, therefore, no further response is required.

215.    The Hennessee Individual Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

216.    Paragraph 216 does not call for a response.

217.    Answer that the of the allegations contained in paragraph 217 constitute legal averments to which no response is required.

218.    Answer that the allegations of paragraph 218 that with respect to those allegations that are not directed to the Hennessee Individual Defendants, no further response is required, admit that Hennessee Group received fees pursuant to the Investment Advisory Agreements between it and its clients and deny the balance of the of the allegations contained in paragraph 218 that are directed at the Hennessee Individual Defendants.

219.    Answer that the of the allegations contained in paragraph 219 constitute legal averments to which no response is required.

220     Answer that the of the allegations contained in paragraph 220 constitute legal averments to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Class Action Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Class Action Complaint is barred by the doctrines of laches, waiver, ratification and estoppel.

### THIRD AFFIRMATIVE DEFENSE

The Hennessee Individual Defendants acted in good faith and without malice or reckless indifference to Claimants.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs have failed to mitigate any alleged damages and therefore his claim for damages is barred or reduced pro tanto.

### FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs' injuries or damages are due to acts or omissions of Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs' injuries or damages are due to acts or omissions of third-parties over whom the Hennessee Individual Defendants had no control.

### SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Amended Class Action Complaint are subject to arbitration pursuant to an arbitration agreement entered into between the parties.

### EIGHT AFFIRMATIVE DEFENSE

Whatever damages, if any, that were sustained by Plaintiffs, as alleged in the Amended Class Action Complaint, were caused in whole or in part or were contributed to by the negligence of the Plaintiffs.

### NINTH AFFIRMATIVE DEFENSE

The Hennessee Individual Defendants did not breach any duty to Plaintiffs allegedly imposed by operation of law or contract.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorneys' fees.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to treble damages.

837150_1

## THIRTEENTH AFFIRMATIVE DEFENSE

The Hennessee Individual Defendants reserve the right, pending completion of their investigation, as well as pre-trial discovery, to assert such additional defenses as may exist.

Dated: April 10, 2007
New York, New York

**BRESSLER, AMERY & ROSS, P.C.**

By: _____/S/_____
　　　Lawrence E. Fenster (LF 9378)
　　　Matthew C. Plant (MP 0328)
　　　17 State Street, 34th Floor
　　　New York, NY 10004
　　　Tel: 212-425-9300
　　　Fax: 212-425-9337
　　　Attorneys for Defendants
　　　Charles Gradante and
　　　Lee Hennessee

837150_1

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2007, a copy of the *Answer And Affirmative Defenses Of Charles Gradante And Lee Hennessee* was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
Matthew C. Plant (MP 0328)

837150_1