UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
IN RE BAYOU HEDGE FUND INVESTMENT                              : MDL No. 1755 (CM)
LITIGATION                                                     :
                                                               :
-------------------------------------------------------------- X
THIS DOCUMENT RELATES TO:
-------------------------------------------------------------- X
                                                               :
BROAD-BUSSEL FAMILY LIMITED                                    : No. 06 Civ. 3026 (CM)
PARTNERSHIP, MARIE LOUISE,                                     :
MICHELSOHN, MICHELLE MICHELSOHN, and                           :
HERBERT BLAINE LAWSON, JR., Individually                       : **ELECTRONICALLY FILED**
and on Behalf of All Other Persons and Entities                :
Similarly Situated,                                            :
                                                               :
                        Plaintiffs,                            :
                                                               :
        - against -                                            :
                                                               :
BAYOU GROUP LLC, et al.,                                       :
                                                               :
                        Defendants.                            :
                                                               :
-------------------------------------------------------------- X

**CITIBANK, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
FOR ENTRY OF A FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)**

| | |
|---|---|
| Benjamin R. Nagin (BN 0539) | Mark B. Blocker |
| Catherine B. Winter (CW 3053) | Sidley Austin LLP |
| Sidley Austin LLP | One South Dearborn Street |
| 787 Seventh Avenue | Chicago, Illinois 60603 |
| New York, New York 10019 | (312) 853-7000 |
| (212) 839-5300 | (312) 853-7036 (fax) |
| (212) 839-5599 (fax) | |
| | John K. Van De Weert |
| | Sidley Austin LLP |
| | 1501 K Street, N.W. |
| | Washington, D.C. 20005 |
| | (202) 736-8000 |
| *Counsel for Defendant Citibank, N.A.* | (202) 736-8711 (fax) |

May 29, 2007

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

INTRODUCTION ...........................................................................................................................1

FACTUAL BACKGROUND ..........................................................................................................2

ARGUMENT ...................................................................................................................................5

    I.    THE DISMISSAL OF THE CLAIMS ASSERTED AGAINST
        CITIBANK SHOULD BE ENTERED AS A FINAL JUDGMENT .......................5

        A.  The Standard For 54(b) Certification. ............................................................5

        B.  54(b) Certification Is Proper In This Case. .....................................................7

        C.  This Is An Appropriate Time For 54(b) Certification. ....................................9

CONCLUSION ..............................................................................................................................10

# TABLE OF AUTHORITIES

### Cases

Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11 (2d Cir. 1997) .........5, 6

Citizens Accord, Inc. v. Town of Rochester, 235 F.3d 126 (2d Cir. 2000) ........................6

Cullen v. Margiotta, 811 F.2d 698 (2d Cir. 1987) ..............................................................5

Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1 (1980) ......................................5

Ginett v. Computer Task Group, Inc., 962 F.2d 1085 (2d Cir. 1992) .........................5, 6, 8

Grand River Enterprises Six Nations, Ltd. v. Pryor, 425 F.3d 158 (2d Cir. 2005) .........5, 6

Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956) .............................................6

### Statutes & Rules

Fed. R. Civ. P. 54(b) ....................................................................................................1, 10

## **INTRODUCTION**

In September 2006, this Court dismissed all claims asserted against Citibank, N.A. ("Citibank"), without leave to amend, and thereby terminated Citibank's involvement as a defendant in this case. (Memorandum Decision and Order Granting Citibank's Motion to Dismiss the Complaint, Sept. 6, 2006, Docket #61 (the "September Order")). Citibank now asks this Court to make the September Order a final judgment, pursuant to Rule 54(b), and to determine that "there is no just reason for delay." Fed. R. Civ. P. 54(b).

Entry of a final judgment with respect to the September Order will allow plaintiffs to appeal the September Order, if they so chose, and provide finality for the Court's decision. The September Order presents unique legal issues and claims that are not implicated by the claims that remain before this Court, rendering the decision ripe for Rule 54(b) certification. Entering a final judgment will also spare the Court the risk of duplicative trial proceedings if an appeal is delayed until the end of the case. If this Court proceeds through trial with the claims asserted against the other defendants, and then an appeal results in a reversal of the September Order, it will have to re-open the proceedings and re-try all of the issues that relate to Citibank.

Entry of a final judgment with respect to the September Order is particularly appropriate now because plaintiffs have essentially disregarded the September Order. The September Order dismissed Citibank from the case, and rejected plaintiffs' request for leave to amend their complaint as to Citibank. But Citibank recently learned that, since late March, plaintiffs have sought to use the related bankruptcy proceedings to obtain documents for the stated purpose of bringing "claims against certain third party defendants (including those third party defendants who have been dismissed from the Class Action [*i.e.,* this action])." (*See* Application Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Directing the Production of Documents by the Debtors and Enforcement of Protective Order Dated August 23, 2006 (the

"Application"), ¶ 13, filed on March 27, 2007 in In re Bayou Group, LLC, et al., No. 06-22306 (ASH) (Bankr. S.D.N.Y.), by counsel for the plaintiffs in this action.[1] They have also sought, through a subpoena in this action, documents that seek to gather evidence against Citibank. (See Subpoena *Duces Tecum* served on Citibank by plaintiffs, dated March 2, 2007, Van De Weert Decl. Exh. 2). Seeking to find a basis for their claims *after* the claims have already been dismissed by the Court (without leave to amend) is improper, and a final judgment is appropriate to prevent this attempted circumvention of the Court's September Order.

For all of these reasons, the Court should enter a final judgment as to the dismissal of all claims asserted against Citibank, pursuant to Rule 54(b).

## FACTUAL BACKGROUND

The Complaint. Plaintiffs filed their complaint in this action on November 17, 2005. (See Docket Sheet from the District of Connecticut, attached as Exhibit 3 to the Van De Weert Declaration (the "Conn. Docket"), Item 1). After an initial status conference, Judge Arterton of the District of Connecticut (who heard the case before it was transferred through the MDL process to this Court) granted plaintiffs sixty days to file an amended complaint, which they filed on March 6, 2006. (Conn. Docket Items 47 & 72) . When this case was transferred here, this Court granted plaintiffs an additional thirty days to further amend their Amended Complaint, but they chose not to do so.

Citibank's Motion to Dismiss. On May 31, 2006, Citibank moved to dismiss the Amended Complaint on numerous grounds. On June 30, 2006, plaintiffs filed their opposition brief. In that brief, plaintiffs said that "[if] for any reason the Court were inclined to grant the defendant Citibank's motion, plaintiffs request an opportunity to amend." (Pl. Mem. of Law in

---

[1] A copy of the Application is attached as Exhibit 1 to the Declaration of John K. Van De Weert, filed herewith (the "Van De Weert Decl.").

Opposition to Def. Citibank, N.A.'s Mot. to Dismiss, attached as Exhibit 4 to the Van De Weert Decl., at 25 n. 9). On July 17, 2006, Citibank filed its reply brief, and argued that, once dismissed, the Court should not grant plaintiffs leave to amend both because they had had ample opportunity to amend already and because they had not identified any amendments that could be made that would cure the deficiencies of the complaint. (Citibank, N.A's. Reply Mem. of Law in Further Support of its Rule 12(b)(6) Mot. to Dismiss, attached as Exhibit 5 to the Van De Weert Decl., at 9-10).

September Order. On September 6, 2006, the Court granted Citibank's motion to dismiss, and did not permit plaintiffs leave to amend. The Court also did not permit plaintiffs leave to conduct discovery to try to resuscitate their claims against Citibank.

February 2007 Status Conference. On February 15, 2007, the Court held a status conference in these cases. On February 21, 2007, the Court issued an order requiring all class certification discovery to be completed by May 31, 2007. (Minute Entry, attached as Exhibit 6 to the Van De Weert Decl.).

The Subpoena. In early March 2007, plaintiffs served a document subpoena on Citibank. (Van De Weert Decl. Exh. 2). The subpoena did not seek documents that would relate to class certification, but instead mainly sought a variety of documents about Citibank's alleged role in the Bayou scandal. In early April, Citibank responded to the subpoena by producing certain documents, but objected generally to the request as an obvious attempt to fish for information to try to bring Citibank back into the case. (Van De Weert Decl. ¶ 3).

The Bankruptcy Proceedings. On March 27, 2007, plaintiffs filed the Application in the bankruptcy court, seeking permission to take wide-ranging discovery under the auspices of the bankruptcy proceeding. Indeed, plaintiffs argued that the Application would allow them to

-3-

engage in a "fishing expedition." (Application ¶ 16).  Consistent with their desire to engage in a fishing expedition, plaintiffs made clear in the Application that they were seeking documents not only relating to class certification, but also ones which could "further substantiate claims against certain third party defendants (including those third party defendants who have been dismissed from the Class Action [*i.e.,* this action])." (Application ¶ 13).  The proposed discovery, which was attached to the Application, sought numerous documents relating to Citibank.  (Application, Ex. B, items 1(n)-(q)).  Citibank was not served with a copy of this Application.

Numerous parties objected to the Application (although not Citibank, because it was not served with the Application).  (See Bankruptcy Court docket, attached to the Van De Weert Decl. as Exh. 7, at Items 360, 364, 371, 372).  In their reply brief, plaintiffs once again repeated that they sought the discovery not only to support class certification, but also to "substantiate *viable* claims against third parties (including certain third parties that have been dismissed as defendants from the Bayou Class Action)."  (Response to Statement and Limited Objection of the Debtors and Objections of Non-Debtor Third Parties in Response to Class Plaintiffs' Application Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Directing the Production of Documents by the Debtors and Enforcement of the Protective Order Dated August 23, 2006 ("Application Reply"), ¶ 8, Van De Weert Decl. Exh. 8) (emphasis added).  Ultimately, plaintiffs' Application was denied, in part because the Bankruptcy Court concluded that this Court should supervise any discovery in the class action.  (See Transcript of April 23, 2007 hearing before Hon. Adlai S. Hardin in In re Bayou Group, LLC, *et al.*, No. 06-22306 (ASH) (Bankr. S.D.N.Y.), relevant pages attached to the Van De Weert Decl. as Exh. 9, at 70-71, 74).

**ARGUMENT**

I. **THE DISMISSAL OF THE CLAIMS ASSERTED AGAINST CITIBANK SHOULD BE ENTERED AS A FINAL JUDGMENT.**

   A. **The Standard For 54(b) Certification.**

Under Rule 54(b), the September Order was not a final, appealable order, because it disposed only of the claims asserted against Citibank and not those asserted against other defendants. However, Rule 54(b) provides a mechanism for certification of such an order as a final judgment, to allow the dismissed defendant to finally exit the litigation, or to permit an immediate appeal:

> Rule 54(b) permits certification of a final judgment where (1) there are multiple claims or parties, (2) at least one of the claims or the rights and liabilities of at least one party has been finally determined, and (3) "there is no just reason for delay."

Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 164-65 (2d Cir. 2005). In applying Rule 54(b), the Second Circuit has directed that "[t]he proper guiding star … is 'the interest of sound judicial administration.'" Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1095 (2d Cir. 1992) (quoting Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980)). Although Rule 54(b) certification is not granted routinely, it is appropriate "when 'there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal….'" Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 16 (2d Cir. 1997) (quoting Cullen v. Margiotta, 811 F.2d 698, 711 (2d Cir. 1987)). In particular, certification is appropriate "'where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims….'" Id. (quoting Cullen, 811 F.2d at 711). In contrast, Rule 54(b) is plainly inappropriate when the claims that have been finally resolved are "inherently inseparable from,

or closely related to" the claims remaining in the case. Ginnett, 962 F.2d at 1095 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)).

The Second Circuit's decisions make plain that the interests of judicial economy – and particularly the prospect of duplicative trials – are determinative of whether a Rule 54(b) appeal should be permitted. For example, in Advanced Magnetics, the plaintiff sought to bring claims in its own capacity, as well as in the capacity of an assignee of others. The district court dismissed the plaintiff's assignee claims but not its direct claims, and entered a Rule 54(b) certification. 106 F.3d at 16-17. The Second Circuit upheld the entry of the Rule 54(b) final judgment because it served the interests of judicial efficiency:

> If the [assignee] claims are to be reinstated, it plainly will be more efficient for that reinstatement to occur in time for trial of [the direct and assignee] claims together, for then only one jury, rather than two, will be required to become familiar with [the facts of the case].

106 F.3d at 17. Similarly, in Grand River Enterprises, the plaintiff tobacco companies brought claims against the attorneys general of thirty-one states. 425 F.3d at 162. The district court entered a number of rulings, including dismissal of all of the defendants except the New York Attorney General on personal jurisdiction grounds and a Rule 54(b) certification. Once again, the Second Circuit affirmed the entry of the Rule 54(b) certification:

> As the district court recognized, it would make no sense to try the antitrust count against New York State alone if the dismissals of the other states or other claims turned out to be in error. This is precisely the type of "danger of hardship or injustice," [Citizens Accord, Inc. v. Town of Rochester, 235 F.3d 126, 129 (2d Cir. 2000) (per curiam)], to which Rule 54(b) is directed.

Id. at 165.

**B.     54(b) Certification Is Proper In This Case.**

The facts and posture of this case meet the standard for entry of a final judgment as to the claims against Citibank. The first two criteria are easily met: there are multiple parties in the case and the claims against one of them (Citibank) have been finally resolved in Citibank's favor. As to the third criteria – there is no just reason to delay an appeal because there is a danger of hardship. Indeed, the same "danger of hardship" – through the prospect of duplicative trials – found in Advanced Magnetics and Grand River Enterprises is present here: a delay of the final resolution of the Citibank claims until *after* the final disposition of the remaining claims means that the Court may be required to hold two duplicative trials. If the claims against the remaining defendants go forward with Citibank on the sidelines, plaintiffs would likely have to appeal the September Order once all claims against all parties are finally decided. At that point, if the Second Circuit were to reverse the September Order, an entirely new trial would need to be conducted as to Citibank—necessarily relitigating and re-examining many of the same facts and potentially calling many of the same witnesses. This danger can be averted, and the "interest of sound judicial administration" can be served, by making the order final now. That will allow plaintiffs, if they want to appeal the September Order, to do so now. If the Second Circuit reverses, then this Court can try all of the claims together and avoid duplicative trials. If plaintiffs do not appeal, or if the Second Circuit affirms, then Citibank will be finally removed from the case.

Nor will making the September Order final cause any prejudice to the adjudication of the remaining claims, as the matters in the September Order are not "inherently inseperable" from the remaining matters before this Court. The issues decided in the September Order are legal issues about the standard for bringing an aiding and abetting claim (and related claims) against a

depository bank based on its depositor's alleged misconduct. Those issues do not bear substantially on the remaining claims in the case.[2] None of the remaining defendants is a bank, and none of the remaining claims involves a bank's liability for its depositor's actions. Instead, the remaining claims focus on the direct wrongdoing of certain defendants, and the derivative liability of others (such as the Hennessee Defendants) that are in far different positions than Citibank, which merely held deposit accounts. As in Ginett, the claims against Citibank in the current posture "can be decided independently" from the other claims asserted. 962 F.2d at 1095 (internal quotation omitted). The Second Circuit, in resolving the Citibank claims, will not "necessarily have to reach the merits of one or more of the" remaining claims, and this Court's treatment of the remaining claims will not render the Second Circuit's review of the September Order moot. Id.

     The benefits of Rule 54(b) certification of the September Order outweigh the general concerns about "piecemeal appeals" from the same litigation. Here, the basis of the September Order is quite different from the issues that remain in the case—it will present entirely separate issues to the Second Circuit whether heard now or when the entire case is completed. Certification will simply allow those issues to be finally determined now rather than later. Moreover, the real danger is piecemeal trials, in the event that a final judgment is delayed. Ultimately, Rule 54(b) certification in this case is proper because "there is no just reason for delay." Entry of a final judgment will instead promote efficiency of judicial administration and allow the prompt and final resolution of the claims asserted against Citibank.

---

[2] One of the elements of proving an aiding and abetting claim, of course, is the underlying misconduct, and that remains before the Court with the remaining claims. However, the September Order did not address that element, and any appeal of the September Order would also be highly unlikely to consider that element of the claims.

### C.      This Is An Appropriate Time For 54(b) Certification.

This stage of proceedings is also an appropriate point for entry of a final judgment. In the months since the September Order, plaintiffs have continued to try to involve Citibank in this litigation, in spite of the Court's order dismissing the claims without leave to amend. Under the aegis of the bankruptcy proceedings for the Bayou entities, they have sought to obtain broad categories of documents from the debtors. In their Application, plaintiffs have admitted that one purpose is to pursue "claims against certain third party defendants (including those third party defendants who have been dismissed from the Class Action)" (Application, ¶ 13, Van De Weert Decl. Exh. 1), or, in the words of the further papers supporting the application filed by them, to "substantiate viable claims against third parties (including certain third that have been dismissed as defendants from the Bayou Class Action)." (Application Reply, ¶ 8, Van De Weert Decl. Exh. 8).[3] Plaintiffs have also sought documents from Citibank through a Subpoena *Duces Tecum* (Van De Weert Decl. Exh. 2), the scope of which is patently designed to seek a basis to re-involve Citibank in the case rather than pursue claims against other parties. Moreover, plaintiffs' April 19, 2007 letter to this Court advised that they anticipate involving Citibank in further proceedings "arising from contested third-party discovery disputes *or otherwise*." (Letter dated April 19, 2007 from Merrill G. Davidoff to the Court (emphasis added), Van De Weert Decl. Exh. 10).

These maneuvers by plaintiffs since the September Order—an apparent attempt to investigate their defective claims after, rather than before, bringing a lawsuit—demonstrate that there is a need for a Rule 54(b) final judgment. A final judgment can put an end to these back-

---

[3] Citibank understands that the Application was denied by the Bankruptcy Court, but the plaintiffs have nonetheless obtained many of the documents they sought voluntarily from the debtors.

door attempts to resurrect the dismissed claims (even though leave to re-plead was expressly denied), and allow Citibank to finally exit this litigation.

## CONCLUSION

For all of these reasons, defendant Citibank, N.A. respectfully prays that the Court enter a finding that there is no just reason for delay, and direct the entry of a final judgment, pursuant to Fed. R. Civ. P. 54(b), on the dismissal of the claims asserted against Citibank.

Respectfully submitted,

Dated: May 29, 2007                                SIDLEY AUSTIN LLP


By:     /s/ John K. Van De Weert  _____
Benjamin R. Nagin (BN 0539)
Catherine B. Winter (CW 3053)
787 Seventh Avenue
New York, New York 10019
(212) 839-5300
(212) 839-5599 (fax)

Mark B. Blocker
(admitted *pro hac vice*)
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
(312) 853-7036 (fax)

John K. Van De Weert
(admitted *pro hac vice*)
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)

*Counsel for Defendant Citibank, N.A.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 29, 2007, a copy of Citibank, N.A.'s Memorandum of Law in Support of its Motion for Entry of a Final Judgment Pursuant to Fed. R. Civ. P. 54(b) was filed electronically and served by U.S. mail, first class postage prepaid, on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                      /s/ John K. Van De Weert
                                                         John K. Van De Weert