ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two Liberty Place
50 South 16th Street- 22nd Floor
Philadelphia, PA 19102
Telephone: (215) 851-8400
Facsimile: (215) 851-8383
Gary M. Schildhorn, Esquire (Admitted *Pro hac vice*)

*Attorneys for Broad-Bussel Limited Partnership,*
*Marie-Louise Michelsohn, Michelle Michelsohn,*
*and Herbert Blaine Lawson, Jr., individually and*
*on behalf of all other persons and entities similarly situated*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————— X
                             :

In re:                      :      Chapter 11
                             :

BAYOU GROUP, LLC, <u>et al.</u>,     :      Case No. 06-22306 (ASH)
                             :

            Debtors.     :      Jointly Administered
————————————————————— X

### RESPONSE TO STATEMENT AND LIMITED OBJECTION OF THE DEBTORS AND OBJECTIONS OF NON-DEBTOR THIRD PARTIES IN RESPONSE TO CLASS PLAINTIFFS' APPLICATION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING THE PRODUCTION OF DOCUMENTS BY THE DEBTORS AND ENFORCEMENT OF PROTECTIVE ORDER DATED AUGUST 23, 2006

Applicants Broad-Bussel Family Limited Partnership, *et al.* (the "Class Plaintiffs")[1], by

and through their undersigned counsel, hereby submit this Response (the "Response") to (i) the

Debtors' Statement and Limited Objection (the "Debtors' Response")[2] and (ii) the Objections of

---

[1]     The "Class Plaintiffs" consist of the Broad-Bussel Family Limited Partnership ("Broad-Bussel Family"), Marie-Louise Michelsohn, Michelle Michelsohn and Herbert Blaine Lawson, Jr., individually and as the named representative plaintiffs in the class action litigation captioned <u>Broad-Bussel Family Limited Partnership, et al. v. Bayou Group, LLC, et al.</u>, 06 Civ. 3026 (CM) (S.D.N.Y.) (the "Bayou Class Action").

[2]     Collectively, the "Debtors" include Bayou Group, LLC ("Bayou Group"), Bayou Management, LLC ("Bayou Management"), Bayou Advisors, LLC ("Bayou Advisors"), Bayou

Hennessee Group LLC ("Hennessee"), Consulting Services Group, LLC ("CSG"), Altegris

Investments, Inc. ("Altegris") and Lydian Wealth Management ("Lydian") (collectively, the

"Third Party Objectors") to the Class Plaintiffs' Application Pursuant to Rule 2004 of the

Federal Rules of Bankruptcy Procedure Directing the Production of Documents by the Debtors

and Enforcement of Protective Order (the "Application"), dated August 23, 2006. In response to

the Debtors' Response and the Third Party Objectors, and in support of their Application, the

Class Plaintiffs respectfully represent to the Court as follows:

## I.    BACKGROUND

1.      The Class Plaintiffs are unsecured creditors in the above-captioned bankruptcy

proceeding, having invested in one or more of the Bayou family of hedge funds.[3] The Class

Plaintiffs are also the named representative plaintiffs in the Bayou Class Action pending in the

United States District Court for the Southern District of New York (the "District Court"). Class

Plaintiff Broad-Bussel Family and another Bayou investor are the named representative plaintiffs

in a related litigation captioned Broad-Bussel Family Limited Partnership, et. al. v. Hennessee

Group, LLC, et al., 07 Civ. 2026 (CM) (S.D.N.Y.) (the "Hennessee Class Action"). Hennessee

is a defendant in the Hennessee Class Action and Hennessee's two managing principals, Lee

Hennessee and Charles Gradente, are defendants in both the Hennessee and Bayou Class

---

Equities, LLC ("Bayou Equities"), Bayou Fund, LLC ("Bayou Fund"), Bayou Superfund, LLC
("Bayou Superfund"), Bayou No Leverage Fund, LLC ("Bayou No Leverage"), Bayou Affiliates
Fund, LLC ("Bayou Affiliates"), and Bayou Accredited Fund, LLC ("Bayou Accredited").

[3]      The Class Plaintiffs have filed timely Proofs of Claim in these bankruptcy proceedings.
Specifically, plaintiff Broad-Bussel Family filed Claim Nos. 710, 711, 781, 789, 790, 791, 792,
977 and 978; plaintiff Marie-Louise Michelsohn filed Claim Nos. 738, 756, 757, 758, 759, 793,
912, 913 and 931; plaintiff Michelle Michelsohn filed Claim Nos. 723, 724, 728, 729, 765, 766,
834, 1068 and 1070; and plaintiff Herbert Blaine Lawson, Jr. filed Claim Nos. 767, 768, 769,
783, 835, 845, 846, 847 and 848. In total, the Class Plaintiffs have filed claims against the
Debtor's estate in excess of $4,350,000.

Actions. None of the other Third Party Objectors is a party to either the Hennesse or Bayou Class Actions.

2.    On March 27, 2007, the Class Plaintiffs filed the Application pursuant to Bankruptcy Rule 2004 directing the production of documents by the Debtors and enforcement of Protective Order dated August 23, 2006.

3.    On August 23, 2006, this Court entered a Protective Order Governing the Production and Use of Confidential Material ("Protective Order") in these proceedings. The Debtors, and on information and belief, the Third Party Objectors, agreed to be bound by the terms of the Protective Order. The Class Plaintiffs were not parties to the Protective Order.

4.    On April 3, 2007, the Debtors filed the Debtors' Response which does not object to production of the Debtors' books and records, but rather seeks a clarification of their obligations arising from the Protective Order in order to address an alleged inconsistency between two provisions – (i) paragraph 10, which expressly limits the purposes for which documents governed by the Protective Order may be used, and (ii) paragraph 8, which states "[n]othing in this Order shall restrict the right of any non-Party from seeking discovery of materials produced herein in connection with actions other than the adversary proceedings herein ('Separate Action Compulsory Disclosure')."

5.    The Third Party Objectors seek a complete denial of the Application. See, e.g., Hennessee Opposition at 5.

## II.    ARGUMENT AGAINST THE THIRD PARTY OBJECTORS

### A.    The Class Plaintiffs Have an Immediate Need for Expeditious Discovery

6.    The Class Plaintiffs require immediate access to the Debtors' documents in order to conduct discovery in connection with the filing of a motion for class certification in the Bayou

Class Action. Specifically, on February 15, 2007, the District Court held a status conference on the Bayou Class Action and related Bayou litigations. On February 21, 2007, the District Court issued a Minute Order from the February 15 conference directing that all class certification discovery in the Bayou Class Action be completed by May 31, 2007 and that the Class Plaintiffs file their motion for class certification by July 15, 2007.

7.     The Class Plaintiffs assert that at this stage of the proceedings it is wholly appropriate that the Debtors be compelled to produce certain documents to the Class Plaintiffs.

8.     The Class Plaintiffs assert that the Debtors presently retain documents that may provide material information concerning the conduct and operation of the Debtors' hedge funds, as it relates to the claims asserted by the Class Plaintiffs in the Bayou and Hennessee Class Actions, which could, in part, support class certification and even substantiate viable claims against third parties (including certain third parties that have been dismissed as defendants from the Bayou Class Action). The Class Plaintiffs believe that the Debtors retain information regarding the actions and inactions of certain relevant third parties, which may demonstrate the liability of such third parties for losses that the Class Plaintiffs have incurred. Any recovery against such third parties by the Class Plaintiffs would almost certainly reduce the Class Plaintiffs' claims against the Debtors' estates.

**B.     The Plain Language of Rule 2004 Supports Class Plaintiffs' Request**

9.     Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the Court may order an examination of any entity." As creditors of the Debtors, the Class Plaintiffs are undeniably parties in interest within the context of these Chapter 11 bankruptcy proceedings. See 11 U.S.C. § 1109(b) (providing that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder,

or any indenture trustee, may raise and may appear and may be heard on any issue" in a Chapter

11 proceeding).

      10.    The permissive language of Rule 2004 indicates that use of a Rule 2004

examination as a discovery device is at the discretion of the court. In re International Fibercom,

Inc., 283 B.R. 290, 293 (Bankr. D. Ariz. 2002) ("[T]he court holds the ultimate discretion

whether to permit the use of Rule 2004, and courts have done so for various reasons despite the

existence of pending litigation."); In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002)

("As the permissive language of the rule suggests, the Court has the discretion to grant a request

for a 2004 examination.") (citing In re Board of Dirs. of Hopewell Int'l Ins., Ltd., 258 B.R. 580,

587 (Bankr. S.D.N.Y. 2001); In re French, 145 B.R. 580, 587 (Bankr. D.S.D. 1992).  The intent

of Rule 2004 is "to allow the court to gain a clear picture of the condition and whereabouts of the

bankrupt's estate." In re International Fibercom, Inc., 283 B.R. at 293 (citing In re Lang, 107

B.R. 130, 132 (Bankr. N.D. Ohio 1989)).

      11.    It is well-established that the Rule 2004 examination can be unfettered and broad

in scope. In re Vantage Petroleum Corp., 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983).  As such,

the examination can even "legitimately be in the nature of a 'fishing expedition'." In re M4

Enters., Inc., 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995); see also In re Valley Forge Plaza

Assoc., 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) ("R2004 permits a party invoking it to

undertake a broad inquiry of the examiner, in the nature of a fishing expedition."); In re

Frigitemp Corp., 15 B.R. 263, 264 n.3 (Bankr. S.D.N.Y. 1981) (noting that predecessor to Rule

2004 examinations have been likened to "fishing expeditions").  "[The allowable discovery] is

not limited to the debtor or his agents, but may properly extend to creditors and third parties who

have had dealings with the debtor." In re Federated Dep't Stores, Inc., Cons. Case No. 1-90-

00130, 1990 Bankr. LEXIS 1143, at *7 (Bankr. S.D. Ohio 1990) (citing <u>Chereton v. United States</u>, 286 F.2d 409, 413 (6th Cir. 1961)).

12.     One of the purposes of an examination pursuant to Rule 2004 is to "preserve the rights of creditors." <u>Matter of Sun Medical Management, Inc.</u>, 104 B.R. 522, 524 (Bankr. M.D. Ga. 1989) (citing <u>Cameron v. U.S.</u>, 231 U.S. 710 (1910)). Examinations under Bankruptcy Rule 2004 may include within their scope, *inter alia*:  any matter which may relate to the property and assets of the estate; the financial condition of the debtor; any matter which may affect the administration of a debtor's estate; and, in a Chapter 11 case as here, any matter relevant to the case or to the formulation of a plan.  <u>See</u> <u>In re Federated Dep't Stores, Inc.</u>, 1990 Bankr. LEXIS 1143, at *2 ("[W]ithout assessment of ... potentially enormous claims, creditors will have no basis for agreeing or disagreeing on any plan that might be proposed.").  The information sought by the Class Plaintiffs in connection with this Application is wholly consistent with Rule 2004, as it relates clearly to matters which may affect the administration of the Debtors' estates.

13.     Here, the Class Plaintiffs are seeking documents from the Debtors that relate directly to the operations of the Bayou Hedge Funds and the interactions between and among various of the Bayou-related entities and certain third parties.  The Class Plaintiffs assert that granting this Application pursuant to Rule 2004 for the production of documents by the Debtors would substantially benefit the Debtors' estates by potentially reducing the Class Plaintiffs' claims against the Debtors' estates.  <u>See</u> <u>In re Mittco, Inc.</u>, 44 B.R. 35, 38 (Bankr. E.D. Wis. 1984).

**C.     The Plain Language of Rule 2004 Contains No Exceptions**

14.     Some case law intimates that there is an exception to discovery pursuant to Rule 2004 which prevents use of the examination in a proceeding which is pending outside of the

bankruptcy. In re Enron Corp., 281 B.R. at 842 (citing In re Coffee Cupboard, Inc., 128 B.R.

509, 515-17 (Bankr. E.D.N.Y. 1991). Accordingly, some courts have imposed an exception to

Rule 2004 examinations, and have held that examinations "should not be used to obtain

information for use in an unrelated case or proceeding pending before another tribunal." Id.

However, the plain language of Rule 2004 does not include an exception for discovery taken in

furtherance of other litigation. In re Mirant Corp., 326 B.R. 354, 356 (Bankr. N.D. Tex. 2005)

("The language [of Rule 2004] is not limited to exclude instances where litigation is, or may

soon be, pending though the drafters of the rule might easily have so provided."). Indeed, courts

have held that imposing such an extraneous exception would be contrary to the very purpose of

Rule 2004. See e.g., In re International Fibercom, Inc., 283 B.R. at 293 (holding that (i) when

there is a lack of information, "[s]uch strict application of the 'pending litigation' analysis would

be adverse to the purpose underlying the Bankruptcy Rule 2004" and that (ii) the party in interest

was at "an extreme information deficit and a determination by the Court … that Rule 2004 is

inappropriate would do nothing but perpetuate [the lack of information] problem").

      15.    Further, the holding in In re Enron, 281 B.R. 836, specifically denied the request

for 2004 discovery because (i) there was no articulated "nexus" between the documents sought

and the party in interest in the bankruptcy and (ii) the Enron Corp. Examiner and the Committee

were conducting a thorough investigation which would "fully address any reasonable concern

one may have that all efforts will be undertaken to obtain maximum value for the assets of the

estate." Id. at 842, 844. As such, the court in that case ultimately concluded that the party in

interest had not "satisfied this threshold inquiry." Id. Here, and in stark contrast, the Class

Plaintiffs have met their threshold inquiry because, if successful, their individual and class

claims asserted in the Bayou and Hennessee Class Actions would almost certainly reduce the
claims against the Debtors' estate, thereby benefiting directly the estate.

    **D.**    **The Class Plaintiffs Do Not Seek the Use of Rule 2004 for an Improper
Purpose**

        **i.**    **The Class Plaintiffs Do Not Seek to Circumvent the Safeguards
of the Federal Rules of Civil Procedure**

16.    Some courts indicate that use of the Rule 2004 Examination is impermissible
when used to circumvent the safeguards of the Federal Rules of Civil Procedure. 2435 Plainfield
Avenue, Inc., 223 B.R. 440, 456 (Bankr. D.N.J. 1998). However, here, the Class Plaintiffs are
not seeking use of the Rule 2004 Exam to circumvent the safeguards of the Federal Rules of
Civil Procedure. Rather, the Class Plaintiffs have in the Bayou Class Action sustained their
complaint against the Debtors and other defendants and now have a legitimate need for
expeditious discovery, as the discovery deadline within the Bayou Class Action is May 31, 2007.
See In re Mirant Corp., 326 B.R. 354, 356 (Bankr. N.D. Tex. 2005) (holding that because the
statute of limitation was near, there was a clear need for expeditious discovery and stating that "it
is the estate that will suffer if causes of actions are lost because of a dilatory investigation")
(emphasis in the original). Similarly, here, the Class Plaintiffs seek use of the Rule 2004
examination process out of necessity. Moreover, the Class Plaintiffs seek to investigate matters
that will certainly affect the administration of the Debtors' estates. See In re International
Fibercom, 283 B.R. at 293. As such, use of the Rule 2004 examination sought by the Class
Plaintiffs' Application fits squarely within the provisions and purpose of Rule 2004.

17.    Finally, even if such an alleged Rule 2004 exception were recognized, only
Hennessee would be affected, as Hennessee Group LLC, is a defendant in the Hennessee Class
Action but not the Bayou Class Action. Third parties who are not parties to the related

proceeding, and thus not affected by the pending litigation, are not even permitted to avoid Rule

2004 examination. See In re Bennett Funding Group, Inc., 203 B.R. 24, 29 (Bankr. N.D.N.Y.

1996) ("This is because entities not effected by pending adversary proceeding do not need the

additional protection afforded by the Fed.R.Bankr.P. 7026 *et seq*."); In the Matter of Sutera, 141

B.R. 539, 541-542 (Bankr. D. Conn. 1992)(rejecting the argument that as an "expected adverse

party", a party may avoid a Rule 2004 examination and thus, denying motion to quash the

examination). Accordingly, assuming *arguendo* that the exception applied to Hennessee, it

would still not apply to the third party objectors CSG, Altegris and Lydian.

ii.   **The Class Plaintiffs Do Not Seek Use of the 2004 Examination to Harass, Abuse or to Inquire into Irrelevant Matters.**

18.    Although such is clearly not the case here, the Rule 2004 Examination cannot be

used to harass, abuse or inquire into irrelevant matters. Accord In re Lufkin, 255 B.R.204, 208

(Bankr. E.D. Tenn. 2000). See also Snyder v. Soc'y Bank, 181 B.R. 40, 42 (S.D. Tex. 1994)

(holding that use of Rule 2004 to further a state court action was an abuse of Rule 2004); aff'd

sub nom. In re Snyder, 52 F.3d 1067 (5th Cir. 1995) (mem.). Here, the Class Plaintiffs seek

information *held by the Debtors* for purposes of certifying a plaintiff class in both the Bayou and

Hennessee Class Actions – not as a tool to harass third parties. Moreover, the Debtors have

affirmed that they are freely willing to participate in the Rule 2004 Examination with the Class

Plaintiffs. Here, the Class Plaintiffs and the Debtors have a joint interest in participating in

discovery pursuant to Rule 2004, in that recoveries in the Bayou and Hennessee Class Actions

have the real potential of reducing the Class Plaintiffs' claims against the estate. Accord In re

International Fibercom, 283 B.R. at 293.

19.    Far from burdening, or even affecting the Third Party Objectors, the Third Party

Objectors have already produced the documents at issue to the Debtors. Accordingly, those third

9

parties will suffer no harm through the requested production as they will not be required to produce any documents whatsoever.

## III.     ARGUMENT AGAINST THE DEBTORS' LIMITED OBJECTION

### A.     The Class Plaintiffs Agree to Be Bound by the Confidentiality Provisions of the Protective Order

20.     In their Application, the Class Plaintiffs seek relief consistent with the terms of the Protective Order that the Court entered on August 23, 2006, to the extent that the Class Plaintiffs agree to maintain the confidentiality of the documents.

21.     Pursuant to the Protective Order, the parties which are bound by the terms of the document are defined as "the Debtors and all adversary proceeding defendants, current and future." Protective Order, at ¶ Intro.  As such, the Class Plaintiffs are not a "party" to the Protective Order.  However, the Class Plaintiffs are willing to be bound by all of the substantive provisions of the Protective Order dealing with the method of handling material designated as "Confidential" and "Highly Confidential."

### B.     The Application is Consistent with Class Plaintiffs' Assertion at the August 23, 2006 Status Conference

22.     The Application is consistent with the Class Plaintiffs' assertion at the Status Conference held on August 23, 2006, in which the Class Plaintiffs confirmed that the effectiveness of the Protective Order was limited only to the bankruptcy adversary proceedings and the related discovery to those proceedings. (Status Conference, Aug. 23, 2006, tr., p.10, lines 19-24) ("The changes that were made limit the effectiveness of the protective order to the bankruptcy adversary proceedings only and to discovery that's produced within those proceedings.  It is not meant to -- and the specific changes reflect that it's not meant to involve any other discovery dispute that may be in District Court, for example.")

23.     The Protective Order provides, in part, that "[n]othing herein shall reduce the rights of any non-Party to obtain disclosure in any other action by subpoena or otherwise. Upon written request of any Party, Producing Party, or party-in-interest (each, a 'Requesting Party'), the Debtors shall make available for review materials produced herein by a Producing Party that are not marked or deemed Confidential or Highly Confidential hereunder and such Requesting Party may arrange to make or obtain a copy of such materials at the sole cost and expense of the such Requesting Party." Protective Order, at ¶¶ 4, 8 ("Nothing in this Order shall restrict the right of any Producing Party, Party, or non-Party from seeking discovery of materials produced herein in connection with actions other than the adversary proceedings herein, whether by subpoena, document request, court-order or otherwise ('Separate Action Compulsory Disclosure').").

24.     However, the Debtors have advised the Class Plaintiffs that all of the documents responsive to the Application that are within the Debtors' possession are marked as either "Confidential" or "Highly Confidential", in accordance with the terms of the Protective Order.[4] As a result, and in addition to the Class Plaintiffs' request for the production of documents by the Debtor, the Class Plaintiffs seek relief consistent with the terms of the Protective Order so that the documents designated in accordance with the Protective Order may be disclosed to the Class Plaintiffs, as the Protective Order provides that materials designated as "Confidential" may be disclosed to "[a]ny other person designated by the Court, upon such terms as the Court may deem proper." Protective Order ¶ 2(k). Therefore, the Class Plaintiffs are seeking Separate Action Compulsory Disclosure in accordance with the Protective Order.

---

[4]     Debtors recently advised the Class Plaintiffs that they have received documents from the Department of Justice, which may not contain any such designation. None of the documents voluntarily turned over by the Department of Justice, and currently being turned over by the Debtor to the Class Plaintiffs are covered by the Rule 2004 Examination.

11

C.  **The Class Plaintiffs, as Non-Parties, Agree to Be Bound by All Substantive Provisions of the Protective Order Except the Limiting Provision of Paragraph 10**

25.    The Protective Order limits the use of documents governed by the Protective Order by the Parties.  Accordingly, paragraph 10 states, in part, that "Material, designated Confidential and Highly Confidential shall not be used by <u>any Party</u> who has obtained such material in connection with these bankruptcy cases, including any adversary proceedings in connection herewith, for any . . . other litigation."  Protective Order ¶ 10 (emphasis added).  The Class Plaintiffs are not "Parties" to the Protective Order.  As such, the Class Plaintiffs are not bound by this specific provision.

IV.  **CONCLUSION**

26.    The Class Plaintiffs request that this Court resolve any objections to the Proposed Order seeking the document production and the enforcement of the Protective Order at the hearing on the Debtors' Response.[5]

27.    The Class Plaintiffs respectfully request entry of an order:

(a)    granting the relief requested in the Application;

(b)    directing the Debtors to produce the documents described in the Document Request Subpoena attached to the Proposed Order accompanying the Application in accordance with the terms of the Protective Order; and

(c)    granting the Class Plaintiffs such other and further relief as the Court deems just and proper.

---

[5]    To the extent that the Third Party Objectors did not receive service of the Application by the Class Plaintiffs, the Third Parties have admitted that notice of the Application was received via the Debtors' Response.

Dated:  April 19, 2007
       White Plains, New York

Respectfully submitted,

ECKERT SEAMANS CHERIN &
MELLOTT, LLC

By:    */s/ Gary M. Schildhorn*
        Gary M. Schildhorn, Esq.
        (Admitted *Pro hac vice*)
        Two Liberty Place
        50 South 16th Street- 22nd Floor
        Philadelphia, PA 19102
        Telephone:  (215) 851-8400
        Facsimile:  (215) 851-8383

        *Attorneys for Broad-Bussel Limited Partnership,*
        *Marie-Louise Michelsohn, Michelle Michelsohn*
        *and Herbert Blaine Lawson, Jr., individually and*
        *on behalf of all other persons and entities similarly*
        *situated*

OF COUNSEL:

BERGER & MONTAGUE, P.C.
Merrill G. Davidoff, Esq.
Lawrence J. Lederer, Esq.
Lane L. Vines, Esq.
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Facsimile:  (215) 875-4604

     -and-

KOSKOFF, KOSKOFF, & BIEDER, P.C.
William M. Bloss, Esq.
Neal A. DeYoung, Esq.
350 Fairfield Avenue
Bridgeport, CT  06604
Telephone: (203) 336-4421
Facsimile: (203) 368-3244