```
 1                    UNITED STATES BANKRUPTCY COURT
                      SOUTHERN DISTRICT OF NEW YORK
 2

 3     ---------------------------------------X
                                              :
 4     In Re:                                 :   06-22306
                                              :
 5             BAYOU GROUP, LLC.,             :   One Bowling Green
                                              :   New York, New York
 6                   Debtors.                 :   April 23, 2007
       ---------------------------------------X
 7
                          TRANSCRIPT OF HEARING
 8           BEFORE THE HONORABLE ADLAI S. HARDIN, JR.
                    UNITED STATES BANKRUPTCY JUDGE
 9

10     APPEARANCES:

11     For the Debtors:        GARY MENNITT, ESQ.
                               ELISE SCHERR FREJKA, ESQ.
12                             JONATHAN D. PERRY, ESQ.
                               H. JEFFREY SCHWARTZ, ESQ.
13                             Dechert LLP
                               30 Rockefeller Plaza
14                             New York, New York  10112

15
       For Conflict Counsel:   TRACY KLESTADT, ESQ.
16                             Klestadt & Winters, LLP
                               292 Madison Avenue
17                             New York, New York  10017

18
       For Creditors Com.:     ROBERT M. NOVICK, ESQ.
19                             Kasowitz, Benson, Torres & Friedman
                               1633 Broadway
20                             New York, New York  10019

21                             RICHARD A. KIRBY, ESQ.
                               Kirkpatrick & Lockhart, Preston,
22                              Gates & Ellis, LLP
                               1735 New York Avenue, N.W.
23                             Washington, D.C.  20006

24

25

                          (Appearances continued on next page)
```

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK


APPEARANCES CONTINUED:


For Adversary Def.:          PHILIP BENTLEY, ESQ.
                             JONATHAN T. KOEVARY, ESQ.
                             Kramer, Levin, Naftalis & Frankel
                             1177 Avenue of the Americas
                             New York, New York  10036

                             CAROLE NEVILLE, ESQ.
                             CHRISTINE LEPERA, ESQ.
                             Sonnenshein, Nath & Rosenthal LLP
                             1221 Avenue of the Americas
                             New York, New York  10020


For Lydian Wealth:           CHARLES R. JACOB, III, ESQ.
                             Miller & Wrubel, P.C.
                             250 Park Avemue
                             New York, New York  10177


For D.B. Structured          CHARLES GILMAN, ESQ.
 Products:                   Cahill, Gordon & Reindel LLP
                             80 Pine Street
                             New York, New York  10005


For Peter Haje:              KALMAN OCHS, ESQ.
                             BONNIE STEINGART, ESQ.
                             Fried, Frank, Harris, Shriver &
Jackson
                             One New York Plaza
                             New York, New York  10004


For Hennessee:               MICHAEL O. CONNOLLY, ESQ.
                             Bressler, Amery & Ross, P.C.
                             325 Columbia Turnpike
                             Florham Park, New Jersey  07932


(Appearances continued on next page)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK


APPEARANCES CONTINUED:


For Consulting Services:  SHEA S. WELLFORD, ESQ.
                          Martin, Tate, Morrow & Marston, P.C.
                          5410 Poplar Avenue
                          Memphis, Tennessee  38119


For Highgate Partners:    P. GREGORY SCHWED, ESQ.
                          Loeb & Loeb
                          345 Park Avenue
                          New York, New York  10154


For Christian Brothers:   JOSEPH W. ALLEN, ESQ.
                          Jaeckle, Fleischmann & Mugel, LLP
                          Fleet Bank Building
                          Twelve Fountain Plaza
                          Buffalo, New York  14202


For WAM Fund:             STEVEN SHIFFMAN, ESQ.
                          Katten, Muchin, Rosenmann, LLP
                          575 Madison Avenue
                          New York, New York  10022


Court Transcriber:        CARLA NUTTER
                          TypeWrite Word Processing Service
                          356 Eltingville Boulevard
                          Staten Island, New York 10312


Proceedings recorded by electronic sound recording,
transcript produced by transcription service

66

1          THE COURT:   -- talk to each other about it --

2          MR. MENNITT:  We will.

3          THE COURT:   -- too, once it's circulated.

4          MR. MENNITT:  We will, Your Honor.

5          MR. SCHWED:   Thank you.

6          THE COURT:   It should be circulated -- I guess I'd

7   like it if you can circulate it to the parties that have filed

8   objections here --

9          MR. MENNITT:  We will.

10          THE COURT:   -- and have an immediate dialogue on the

11   thing so that I don't have to deal with dueling counter

12   orders.  I don't like that.

13          All right.  Anything else on this?

14          MR. MENNITT:  Not on this, Your Honor.

15          THE COURT:   Thank you very much.  What's next?

16          MR. MENNITT:  The next item on the agenda, Your

17   Honor, is that the class action plaintiffs who have filed a

18   certain action before Judge McMahon have made a 2004

19   application --

20          THE COURT:  Right.

21          MR. MENNITT:  -- to the debtors for documents, and

22   basically, there are two types of documents, the documents

23   that the debtor -- the debtors' documents, and we have

24   produced those --

25          THE COURT:  Uh-huh.

67

1          MR. MENNITT:  -- to them and -- and then there are

2    documents that the debtors have obtained from the adversary

3    proceeding defendants and also from third parties; notably,

4    the investment advisors --

5          THE COURT:  Let me articulate the problem so you

6    know whether I understand the problem or not.  Some of the

7    documents that have been obtained in discovery by the debtors

8    here, the plaintiffs, have been obtained under a

9    confidentiality order, and those documents, some of them, have

10   been marked confidential or highly confidential or whatever it

11   is.  And there is a provision of the confidentiality order

12   that says that in no event can the documents be used in any

13   but these proceedings.  Is that basically --

14         MR. MENNITT:  That is in a nutshell --

15         THE COURT:  -- the bottom line?

16         MR. MENNITT:  -- exactly what the bottom line is,

17   Your Honor.

18         THE COURT:  And the concern is that although the

19   parties seeking the discovery, the class action plaintiffs,

20   have said we'll be bound by the confidentiality order, in

21   effect they can't be bound by the confidentiality order

22   because they have no function using the documents in these

23   adversary proceedings.  The only possible purpose would be to

24   use them in the class action, and that's the nub of it right

25   there.  Am I right?

68

1          MR. MENNITT:  That's exactly correct, Your Honor.

2          THE COURT:  Okay.

3          MR. MENNITT:  It's not -- having said that, it's

4   really not the debtors' issue, obviously.

5          THE COURT:  It's really not the debtors' issue,

6   exactly.

7          And you are?

8          MR. PFEIFFER:  Your Honor, Mark Pfeiffer of Eckert

9   Seamans.  I've filed a motion for pro hac vice admission of

10  behalf of the class plaintiffs.  I don't know if the court has

11  signed it.  Would you like me --

12         THE COURT:  I don't either, but I'll grant it right

13  now.  But you got to pay the $25.

14         MR. PFEIFFER:  I think I did, Your Honor.

15         THE COURT:  All right.  Granted.

16         MR. PFEIFFER:  The debtor doesn't have significant

17  issues in the first class documents, to my understanding.

18  They're producing --

19         THE COURT:  You mean the ones they produced?

20         MR. PFEIFFER:  Or in the process of producing --

21         THE COURT:  Right.

22         MR. PFEIFFER:  -- for attorney eyes only.  We're

23  talking to the debtor.  We anticipate working out some sort of

24  arrangement or confidentiality agreement that would allow us

25  to use them for purposes other than attorney eyes.  We would

69

1  like to for that --

2        THE COURT:  But that's working it out with the

3  debtors, but they don't care.  It's the defendants in your

4  class action that care, and really isn't this an issue for

5  Judge McMahon?

6        MR. PFEIFFER:  No, Your Honor, I -- the issue as far

7  as the protective order and the scope of the protective order,

8  we've agreed to be bound by the protective order, meaning we

9  will -- we'll do everything to safeguard the confidentiality

10 of the documents.  We will use them in the class action or

11 anticipate potential using them --

12       THE COURT:  But that right there violates the

13 confidentiality order the way it's written, so what am I to do

14 about that?

15       MR. PFEIFFER:  No, it doesn't violate --

16       THE COURT:  Rock and a hard place.

17       MR. PFEIFFER:  It doesn't violate the way the

18 confidentiality --

19       THE COURT:  I'm going to stand up, if you don't

20 mind, because otherwise I get sort of frozen.

21       MR. PFEIFFER:  I understand.  It doesn't violate the

22 confidentiality order, Your Honor, because the prohibition on

23 using them for anything other than the adversary applies to

24 parties with a capital P.  My client would not be a party with

25 a capital P.  In fact, the -- or, the protective order

70

1    contemplates --

2            THE COURT:  Can I interrupt you?  It's a little too

3    technical for me.

4            MR. PFEIFFER:  Okay.

5            THE COURT:  Because you're right.  You're not a

6    party, but that just exacerbates the problem, as far as the

7    defendants are concerned.  So look, I guess my feeling -- you

8    know, you could conduct the same discovery against your

9    defendants and the defendants would perhaps be able to object

10   before Judge McMahon, but they -- they wouldn't have a leg to

11   stand on with regard to the confidentiality agreement because

12   they would not be breaching the confidentiality agreement

13   which exists only in this proceeding.

14           MR. PFEIFFER:  From a practical --

15           THE COURT:  So why don't you seek the same discovery

16   directly of the defendants?

17           MR. PFEIFFER:  From a practical perspective, the

18   documents are in one place.  They've all been reduced by --

19   or, reviewed by the lawyers, redacted, done whatever, taken

20   privilege -- privilege out of them, and delivered to --

21           THE COURT:  And you have a time problem because --

22           MR. PFEIFFER:  -- to the --

23           THE COURT:  -- you've got a May 31 deadline, but of

24   course, Judge McMahon's order was dated February 15.  So why

25   can't you go to Judge McMahon if you need to or serve the

71

1   defendants with exactly the same discovery that produced

2   whatever the plaintiffs are holding here and if they don't

3   produce it, go to Judge McMahon and say here's the problem,

4   Judge.  That way we don't have what really is an artificial

5   problem in this bankruptcy, which really has nothing to do

6   with the class action.

7           MR. PFEIFFER:  Your Honor, there's two parts to

8   this; there's defendants and non-defendants, and only one

9   defendant has objected, and a couple of their other non-

10  defendants have objected.  A lot of the other people who

11  produced documents to the debtor haven't objected and this

12  would be in fact more burdensome on those people to now have

13  to produce to us the same documents that they produced to the

14  debtor.  There's one simple repository, the debtor has them.

15          THE COURT:  Wait a second.  I get confused with

16  defendants.  Start again but say -- identify who you're

17  talking about, what suit, the class action or these adversary

18  proceedings.

19          MR. PFEIFFER:  Class action defendants.  There's

20  only one class action defendant.

21          THE COURT:  Uh-huh.

22          MR. PFEIFFER:  That is the Hennessee group.

23          THE COURT:  Yes.

24          MR. PFEIFFER:  Okay.  There are non-class action

25  defendants that have filed objections; four or five of them.

72

1    They may be an adversary defendant, they may not me.

2           Then there's another universe of people out there

3    who produced documents to the debtor and would then --

4           THE COURT:  Oh, so some of your discovery would be

5    not of defendants -- of class action defendants, but would be

6    of third parties.

7           MR. PFEIFFER:  Correct.

8           THE COURT:  Okay.

9           MR. PFEIFFER:  Third parties --

10          THE COURT:  Well, you can do that, can't you, in the

11   class action suit?

12          MR. PFEIFFER:  It would be difficult for the people

13   who have to respond a second time.  The debtor has no problem

14   turning them over to us.  They only perceive that there is a

15   technical problem with the confidentiality order.  I -- I'm

16   posit to the Court that there is not a technical problem with

17   the confidentiality order.  It, in fact, contemplates that

18   these documents could be produced to third parties for other

19   purposes.

20          THE COURT:  It does?  I thought not.

21          MR. PFEIFFER:  Section --

22          MR. MENNITT:  Yeah.  What is that section?

23          MR. PFEIFFER:  Section 8 of the confidentiality

24   agreement.

25          THE COURT:  Okay, let's --

73

1          MR. MENNITT:  It says --

2          THE COURT:  -- let's hear it.

3          MR. MENNITT:  -- both things, Your Honor.  It says

4    that -- in paragraph 10, it says, "All discovery materials,

5    whether designated confidential or highly confidential or not

6    designated at all, shall be used by the parties solely for"

7    and then it lists a variety of uses which do not include class

8    action.

9          And then what's -- what is the -- what's the other

10   provision?  It's --

11         MR. PFEIFFER:  Paragraph 8.  "Nothing in this order

12   shall restrict the right of any producing party or non-party -

13   -

14         THE COURT:  Any producing party.

15         MR. PFEIFFER:  "Any producing party or non-party

16   from seeking discovery of materials produced in connection

17   with actions other than the adversary proceedings herein,

18   whether by subpoena, document request, court order --

19         THE COURT:  Right.  That's what I'm suggesting.

20   Precisely.

21         MR. PFEIFFER:  Or otherwise which is the 2004 exam.

22   These documents have already been produced to the debtor.  For

23   a lot of the people, they haven't objected and it would be

24   more burdensome for them to actually have to produce it twice.

25   The debtor has no problem producing it but for this perceived

74

1  conflict in the -- the protective order which doesn't really

2  exist when you read --

3            THE COURT:  Well, look --

4            MR. PFEIFFER:  -- the protective order.

5            THE COURT:  Look, if you seek -- you can do a couple

6  things here.  You can seek a waiver of the confidentiality

7  order with respect to any party that has produced confidential

8  documents to the plaintiffs' counsel, and if they waive, then

9  there's not a problem, right?

10           MR. MENNITT:  That's --

11           THE COURT:  Mr. Mennitt?

12           MR. MENNITT:  That's correct, Your Honor.

13           THE COURT:  And if they don't waive, then you can

14  serve them with a subpoena in the civil -- in the class

15  action, and if it's objected to, then Judge McMahon can

16  resolve that.  And I assume she will resolve it, unless the

17  discovery you seek is improper for some reason vis-a-vis the

18  class action, that she will grant the discovery, and then that

19  particular party that you have subpoenaed can either say all

20  right, but it would be a lot easier if you just get it from

21  the plaintiffs in the adversary proceedings and we'll give you

22  a waiver now.

23           MR. PFEIFFER:  Your Honor, I'm not sure we know who

24  has produced documents; the entire universe of who has

25  produced documents to the debtor.

75

1    THE COURT:  What have you asked for here then?

2    MR. PFEIFFER:  Documents produced --

3    THE COURT:  You just want all documents without even

4 knowing from whence they came?

5    MR. PFEIFFER:  No, documents produced pursuant to

6 the protective order --

7    THE COURT:  Irrespective of who produced them.

8    MR. PFEIFFER:  Irrespective of who produced them,

9 and the thought is the protective order covers 2004 exams by

10 the debtor, subpoenas issued by the debtor, so on and so

11 forth.

12    THE COURT:  Look, I think you can -- you -- there's

13 a better way to cover this.  I'm not going to grant that 2004

14 motion.  It's not that you can't have the documents.  I'm sure

15 you can have the documents.  But it seems to me that the

16 fortuity of these adversary proceedings really doesn't provide

17 an appropriate basis for invoking Rule 2004 for discovery that

18 is completely independent of the bankruptcy case, that has no

19 purpose of use in connection with the bankruptcy case --

20    MR. PFEIFFER:  Well, it --

21    THE COURT:  -- and is constrained by an order that

22 was the predicate for the production of the documents in the

23 bankruptcy case.  And I'm not comfortable with proceeding this

24 way.

25    MR. PFEIFFER:  We just addressed part B.  Part A is

76

1   the debtors' own documents --

2            THE COURT:  Uh-huh.

3            MR. PFEIFFER:  -- which they're producing for eyes

4   only.  We're going to, I think, talk to the debtor about

5   making them comfortable that they have a confidentiality

6   agreement in place.  So that they don't have to review all the

7   documents that we're looking at, we're just going to tell them

8   which documents we want.  They'll then review those documents

9   and maybe come up with a confidentiality --

10           THE COURT:  If they will agree to produce documents,

11   fine.

12           MR. PFEIFFER:  What we would request from the Court

13   is that we get some sort of placeholder hearing --

14           THE COURT:  A what?

15           MR. PFEIFFER:  A placeholder hearing so that if we

16   can't come to terms with the debtor in the next few weeks as

17   far as a protective order, a confidentiality agreement, that

18   we could come back before the Court and address this issue.

19           THE COURT:  You can always come back before the

20   Court.  I don't understand the point.

21           MR. MENNITT:  Your Honor, we got -- we've produced

22   already everything that we produced to the -- of our own

23   documents, everything that we produced to the adversary

24   proceeding defendants, we have turned over to the plaintiffs'

25   class action attorneys.  I can't imagine why we would not

77

1   cooperate with them voluntarily as long as we're not --

2           THE COURT:  Sure.

3           MR. MENNITT:  -- circumscribe by the protective

4   order --

5           THE COURT:  Right.

6           MR. MENNITT:  -- which we think precludes us from

7   doing that with respect to third party documents.

8           THE COURT:  Right.

9           MR. PFEIFFER:  Okay.  I understood that they were

10  reluctant to allow us to use it for anything but for attorneys

11  eyes only absent a confidentiality agreement or protective

12  order.

13          MR. MENNITT:  Well, if they want to -- and I don't

14  know what the status is on those negotiations, but if we come

15  up with an agreement, we'll certainly bring it to the Court.

16          THE COURT:  All right.

17          MR. PFEIFFER:  And if we can't come up with the

18  agreement, I'd like to be able to raise the spector again --

19          THE COURT:  Sure, I'll be here, except when I'm not

20  here.  And --

21          MR. PFEIFFER:  Sometimes I'm not here either, Your

22  Honor.

23          THE COURT:  I'm here most of the time, or I'd say

24  more in White Plains.

25          Anything else?

78

1     (No audible response.)

2          THE COURT:  Okay.  Well, I will deny the application

3     for Rule 2004.  Would you do an appropriate order?

4          MR. MENNITT:  Yes, Your Honor.

5          THE COURT:  But it's without prejudice if you need

6     to come back for some reason.  And again, I don't mean to be -

7     - to constrain your discovery.  I really don't.  It's just

8     that the discovery that has been obtained under the

9     confidentiality order was on that basis, and I'm not

10    comfortable with basically undermining that, especially when

11    you can get the same documents or whatever documents you want

12    from whatever parties you want in your own class action.  And

13    if it happens that that's duplicative of what has been gotten

14    here and they don't want to produce it twice, they can waive -

15    - if you're given the right to that discovery and they don't

16    want to comply twice, they can waive the confidentiality.

17    Fair enough?

18          MR. PFEIFFER:  Fair enough, Your Honor.

19          THE COURT:  All right.  Thanks very much.

20          MR. PFEIFFER:  Thank you.

21          THE COURT:  Anything else?

22          MR. MENNITT:  Your Honor, the final item on the

23    agenda is an item that Mr. Klestadt will address.

24          THE COURT:  All right.

25          Mr. Klestadt.