# EXHIBIT D

Case 1:06-md-01755-CM-MDF   Document 141-5   Filed 07/16/2007   Page 1 of 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
IN RE BAYOU HEDGE FUNDS INVESTMENT     :     No. 06 MDL 1755 (CM)
LITIGATION                             :
------------------------------------------------------------ X
THIS DOCUMENT RELATES TO:
------------------------------------------------------------ X
BROAD-BUSSEL FAMILY LIMITED            :     No. 06 Civ. 3026 (CM)
PARTNERSHIP, ET AL., Individually      :
and on Behalf of All Other Persons and Entities :
Similarly Situated,                    :
                    Plaintiffs,        :
                                       :
    - against -                        :
                                       :
BAYOU GROUP LLC, ET AL.,               :
                    Defendants.        :
------------------------------------------------------------ X
BROAD-BUSSEL FAMILY LIMITED            :     No. 07 Civ. 2026 (CM)
PARTNERSHIP, ET AL., Individually      :
and on Behalf of All Other Persons and Entities :
Similarly Situated,                    :
                    Plaintiffs,        :
                                       :
    - against -                        :
                                       :
HENNESSEE GROUP LLC, ET AL.,           :
                    Defendants.        :     ELECTRONICALLY FILED
------------------------------------------------------------ X

### DECLARATION OF MICHELLE MICHELSOHN IN SUPPORT OF THE BROAD-BUSSEL PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I, Michelle Michelsohn, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America, to the best of my knowledge, information and belief, as follows:

1. I am one of the named representative class action plaintiffs in the above litigation, No. 06 Civ. 3026 (CM).

2. I submit this Declaration in support of the Motion for Class Certification filed by plaintiffs Broad-Bussel Family, Caroline B. Glass, Marie-Louise Michelsohn, Michelle Michelsohn and Herbert Blaine Lawson, Jr. (collectively, the "Broad-Bussel Plaintiffs" or "Plaintiffs").

3. Among other things, Plaintiffs' Motion for Class Certification seeks to certify a class consisting of all similarly situated investors who purchased or maintained investment interests in one or more of the Bayou family of hedge funds (the "Bayou Hedge Funds") during the period between December 31, 1996 and August 25, 2005 (the "Class Period"), and were damaged thereby (the "Class"). The Bayou Hedge Funds include Bayou Super Fund, LLC, Bayou No Leverage Fund, LLC, Bayou Affiliates Fund, LLC, Bayou Accredited Fund, LLC, Bayou Offshore Fund, LLC, and Bayou Fund, LLC.

4. During the Class Period, I invested collectively, along with my mother, plaintiff Marie-Louise Michelsohn, $1,200,000 in the Bayou Accredited Fund. A copy of the standard Bayou Subscription Documents that I executed in order to invest in Bayou is attached as Exhibit I to the Compendium of Documents in Support of the Broad-Bussel Plaintiffs' Motion for Class Certification ("Compendium"), filed contemporaneously herewith. As part of the subscription, Bayou provided me with the Amended and Restated Operating Agreements of Bayou Accredited Fund LLC, a copy of which is attached as Exhibit J to the Compendium.

5. In July 2005, Bayou sent to me a form letter that abruptly announced that the Bayou Hedge Funds would be closed at the end of July 2005. During the next couple of weeks, Bayou sent additional letters discussing the status of winding up the Bayou Hedge Funds and promising to return promptly all funds to the respective Bayou investors. However, since the

2

public collapse of the Bayou Hedge Funds in August 2005, I have not received back any of my Bayou investment from the Bayou defendants or otherwise.

6. On May 30, 2006, most all of the Bayou related entities filed for protection under the federal bankruptcy laws. That litigation is docketed in jointly administered proceedings as In re Bayou Group, LLC, et al., Chapter 11, Case No. 06-22306 (ASH) (Bankr. S.D.N.Y.). An excerpt of my Bayou bankruptcy proof of claim is included in Exhibit H to the Compendium (downloaded from the Bayou bankruptcy claims administrator's website at <<http://www.trumbullgroup.com>>).

7. Although touted and sold as legitimate investment vehicles, the Bayou Hedge Funds were almost since their inception in 1996 actually being operated as a single massive financial sham and Ponzi scheme, with defendant Samuel Israel, III acting as Bayou's CEO and Chief Investment Officer and defendant Daniel Marino as its CFO. Specifically, Israel and Marino, along with defendant James Marquez, fraudulently lured investors during the Class Period to invest and maintain hundreds of millions of dollars in Bayou, through a scheme of improper acts and continuing misrepresentations and omissions regarding Bayou's business practices and financial results, operations and condition. Misstatements about Bayou were made to members of the Class via weekly newsletters, monthly reports, quarterly reports, annual reports and investor conference calls -- all of which portrayed that Bayou was being operated properly and in accordance with the law. These and many other of the allegations have effectively been admitted as evidenced by defendants' own admissions and statements. Attached as Exhibits D, E, F, G and N are copies of defendant Marino's self-titled "confession and suicide note" and the court transcripts in which defendants Israel, Marino and Marquez entered guilty

3

pleas in connection with the Bayou fraud, and the Bayou debtors' Chapter 11 Disclosure Statement filed in the Bayou bankruptcy proceedings.

8. It was, however, simply not possible for the Bayou fraud to have been accomplished without the active and substantial participation -- and gross negligence -- of other third parties who facilitated the Bayou fraud through their own acts and omissions, including: Bayou's banker, Citibank, N.A.; Bayou's lawyers, Steven D. Oppenheim and his firm Faust Rabbach & Oppenheim LLP; and other Bayou-related persons including Jeffrey Fotta and his companies Eqyty Research and Management, LLC and Eqyty Research and Management, LTD.

9. The reality of my situation is that I, like presumably numerous other Bayou investors, have lost a significant amount of money as a result of defendants' alleged misconduct. I believe that allowing this litigation to proceed as a class action will afford all Bayou investors the most efficient and cost-effective mechanism in order to pursue a fair and just recovery for the damages they have sustained as a result of the Bayou fraud.

10. For these reasons, I support certification of the proposed Class in this litigation. I am willing to serve as a representative of the proposed Class in seeking the monetary and other relief requested by the operative complaints. Further, I understand that if appointed as a representative of the Class, my responsibilities generally are to act on behalf, and for the benefit, of the Class and to direct and oversee the prosecution of this litigation by my counsel, Koskoff, Koskoff & Bieder, P.C. and affiliated counsel, Berger & Montague, P.C.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: July 16, 2007

_____
Michelle Michelsohn

4