# EXHIBIT  I

*HG*

## BAYOU FUNDS

### SUBSCRIPTION DOCUMENTS

Name of Fund: *Bayou Superfund LLC*

Subscription Document No: *882*

Subscriber's Name: *BROAD-BUSSEL FAMILY L.P.*

*883*

**PLEASE READ THE INSTRUCTIONS ON THE FOLLOWING PAGE.**

PLEASE RETURN THIS ENTIRE DOCUMENT
WITH YOUR CHECK OR WIRE TRANSFER INSTRUCTIONS
TO:
BAYOU MANAGEMENT, L.L.C.
40 SIGNAL ROAD
STAMFORD, CONNECTICUT 06902

F:\1676-102\Sub'Doc068wp
mvk\09\08\03

BAYOU

Subscription Documents

In connection with a subscription for Membership being offered in a Bayou managed fund (in each case, "Fund"), the following enclosed documents should be properly and fully completed and signed. The funds should be wired at least two (2) business days prior to the subscription date (please refer to Wire Transfer Instructions). The original of the subscription document should then be express mailed to Bayou Management, LLC at the address below. Please keep a photocopy of these subscription documents for your own records. However, you will receive a countersigned copy for your records.

*If you are adding capital to your account, do not fill out the subscription documents again. Simply send a letter to Bayou Management, L.L.C. stating that you would like to add capital to your account with the specific Bayou Fund's name as of a certain Valuation Date.*

**All communications, whether first-time subscriptions or additions to capital accounts, should include the wiring instructions given to your bank, a contact person and telephone number at that bank, your contact information, the amount of the wire, and the value date of the wire.**

A Fund retains the right to refuse to accept, in whole or in part, applications for subscription. Applications properly tendered and paid for, received and accepted by a Fund as provided above, will be held for investment in the Fund as of the relevant Valuation Date. Upon acceptance of an investor by a Fund and clearance of his funds, a transaction advice confirmation will be transmitted to the investor.

F:\1676-102\Sub'Doc068wp
mvk\09\08\03

Page 1

## <u>Documents to be Executed</u>

1.    Subscription Agreement, Power of Attorney, and Investment Representation Agreement.

    (a)    All subscribers are required to **initial** the appropriate entries on pages 10 through 14.

    (b)    All subscribers are required to **answer** all questions on pages 15 through 23.

    (c)    All subscribers are required to **complete and sign** page 28.

2.    Certificates of Authorization.

    (a)    If the Investor is a corporation, please complete Exhibit A (pages 32 and 33).

    (b)    If the Investor is a partnership, please complete Exhibit B (page 34).

    (c)    If the Investor is a limited liability company, please complete Exhibit C (pages 35 and 36).

    (d)    If the Investor is a custodian, trustee, or agent, please completed Exhibit D (page 37).

3.    Sign the Amended and Restated Operating Agreement Signature Page indicating the appropriate Limited Liability Company (page 29).

4.    Complete Subscriber Profile Form (pages 30 and 31).

5.    Complete either Form W-9 (page 39) or Form W-8BEN (page 40).

6.    If a certification regarding correspondent accounts for foreign banks is required, complete pages 41-46.

Please return the completed and signed documents via overnight mail to the following address (keep your receipt for tracking purposes):

        Bayou Management, L.L.C.
        40 Signal Road
        Stamford, Connecticut 06902

**BAYOU**

**SUBSCRIPTION DOCUMENTS**

**INSTRUCTIONS**

1.  The attached Investor Questionnaire is to be completed by all Prospective Investors.  **All questions must be answered** in detail and then signed and dated by the Subscriber(s).  The Subscription Agreement (Page 28) and Operating Agreement Signature Page (Page 29) must be signed by all Subscribers.

2.  To complete the Subscription Agreement, please insert the AMOUNT of the Interest subscribed for on Page 28 where indicated.

3.  The Operating Agreement Signature Page indicating the relevant Fund is to be signed and dated by the Member(s).

4.  (a)  BY CHECK:

    Amount $_____
    Payee:  Bayou Management, L.L.C. Special Account
            as agent for _____
                                  name of Fund

    (b)  BY WIRE TRANSFER (COMPLETE INFORMATION ON PAGE 4):

    Amount: $~~FIVE HUNDRED THOUSAND~~ ONE MILLION

    (c)  Subscriber: BROAD-BUSSEL FAMILY L.P.

# WIRE TRANSFER INSTRUCTIONS

Your bank should wire transfer <u>only U.S. Dollars via Fedwire</u> to:

> Citibank NA
> 95 Pondfield Road Br 165
> Bronxville, New York 10708
> ABA # 021-000-089
> Credit Account No: 48916480
> Account Name:  Bayou Management, L.L.C. Special Account
>           as agent for <u>BAYOU SUPERFUND LLC</u>
>                                 name of Fund
> Reference: <u>BROAD-BUSSEL FAMILY L.P.</u>
>                  name of Subscriber

Also, please have your bank send the following fax message to:

> Fax No. 203-487-0009
> Bayou Management, L.L.C.
> Attention: Investor Relations
>
> Bayou Management, L.L.C.:  We have credited your agency account Citibank NA, Account No. 48916480 for $ ~~FIVE HUNDRED THOUSAND~~ ONE MILLION by order of <u>BROAD-BUSSEL FAMILY L.P.</u>
>                               name of Subscriber
> on [date] <u>JANUARY 2, 2004</u>
> for investment in <u>BAYOU SUPERFUND LLC</u>
>                      name of Fund

## IMPORTANT

1.     Please have your bank identify on the wire transfer the name of the intended subscriber.

2.     Please have your bank charge the wiring fees separately from your investment amount.

F:\1676-102\Sub'Doc068wp
mvk\09\08\03

**BAYOU**

**INVESTOR QUESTIONNAIRE**

Membership Interests in Bayou managed funds ("Fund") are not registered under the Securities Act of 1933, as amended, in reliance on an exemption from registration pursuant to Section 4(2) of such Act and Regulation D promulgated by the Securities and Exchange Commission. Regulation D provides guidelines for meeting the Section 4(2) exemption. This rule requires that prior to making a sale of Interests, a Fund must have reasonable grounds to believe, and shall believe after reasonable inquiry, that the purchaser is qualified to make the investment.

In order to obtain the facts needed to determine whether the Fund may accept a prospective purchaser's investment, it is necessary for the prospective purchaser to complete this Questionnaire. Additional information and verifications may be sought from banks and other sources. Either Form W-9 or Form W-8BEN (included) must be returned with the Subscription Agreement.

Form W-9 must be completed by all persons subject to United States' income taxes. Form W-8BEN must be completed by all foreign beneficial owners. Foreign banks or financial institutions opening a correspondent account with the Fund must also complete and return within thirty (30) days the attached "Certification Regarding Correspondent Accounts for Foreign Banks."

The Manager reserves the absolute right to reject any subscription.

THIS OFFERING IS LIMITED ONLY TO THOSE INVESTORS WHO ARE "ACCREDITED INVESTORS" or "QUALIFIED PURCHASERS" AS SUCH TERMS ARE DEFINED IN REGULATION D PROMULGATED BY THE SECURITIES AND EXCHANGE COMMISSION PURSUANT TO THE SECURITIES ACT OF 1933, AS AMENDED, AND IN THE INVESTMENT COMPANY ACT OF 1940, AS AMENDED, RESPECTIVELY.

INVESTORS ARE REQUIRED TO COMPLETE SECTION 3 AND SECTION 4 BELOW.

## SUBSCRIPTION AND INVESTMENT REPRESENTATION AGREEMENT AND POWER OF ATTORNEY

Bayou Management, L.L.C.
40 Signal Road
Stamford, Connecticut 06902

Ladies and Gentlemen:

## Section 1

1.1    <u>Subscription</u>.   The undersigned hereby subscribes for and agrees to acquire membership interests (the "Membership Interests") of a Bayou managed Fund (the "Fund") and to make a capital contribution to said Fund in the amount indicated on the signature pages hereof, on the terms and conditions described herein.

1.2.    <u>Purchase</u>.   The undersigned understands that the minimum investment is subject to the discretion of the Manager to accept lesser amounts.

    (a)    The undersigned tenders herewith cash, marketable securities, a check or wire transfer made payable to the order of "Bayou Management, L.L.C. Special Account" in the full amount of the capital contribution.

    (b)    The undersigned also tenders herewith one executed Signature Page of the Amended and Restated Operating Agreement indicating the appropriate limited liability company (Page 29).

1.3.    <u>Acceptance or Rejection of Subscription</u>.

    (a)    The undersigned understands and agrees that the Manager reserves the right to reject this subscription for Membership Interests, in whole or in part and at any time, if in its judgment it deems such action to be in the best interests of a Fund. The Manager will promptly notify the undersigned of its acceptance or rejection of the undersigned's subscription.

    (b)    In the event of rejection of this subscription, the undersigned's check, marketable securities or the

amount of cash evidenced thereby, will be promptly returned to the undersigned without deduction and this Agreement shall have no force or effect. Subscribers whose subscriptions are accepted will be admitted as Members of a Fund (as so admitted, hereinafter sometimes individually referred to as a "Member" and collectively as the "Members").

## Section 2

2.1.    <u>Investor Representations and Warranties</u>.  The undersigned hereby acknowledges, represents and warrants to, and agrees with, the Fund and the Manager as follows:

(a)    The undersigned is acquiring the membership Interests for the undersigned's own account, for investment purposes only, and not with a view to or for the resale, distribution or fractionalization thereof, in whole or in part, and no other person has a direct or indirect beneficial interest in the Membership Interests.

(b)    The undersigned acknowledges the understanding of the undersigned that the offering of the Membership Interests is intended to be exempt from registration under the Securities Act of 1933, as amended (the "Securities Act"), by virtue of Section 4(2) of the Act and Regulation D promulgated thereunder.

(c)    The undersigned:

(i)    has been furnished with and has read The Bayou Family of Funds Executive Summary, the Amended and Restated Operating Agreement of the Fund, and any documents which may have been made available upon request, and has evaluated the risks of acquiring the Membership Interests, including the risks set forth in any materials furnished;

(ii)    has been provided an opportunity to obtain any additional information concerning the Offering, the Fund and all other information to the extent the Fund or the Manager possesses such information or can acquire it without unreasonable effort or expense;

(iii) has been given the opportunity to ask questions of, and receive answers from, the Manager concerning the terms and conditions of the Offering and other matters pertaining to this investment, and has been given the opportunity to obtain such additional information necessary to verify the accuracy of the information made available or that which was otherwise provided in order for it to evaluate the merits and risks of an investment in the Fund to the extent the Manager possesses such information or can acquire it without unreasonable effort or expense; and

(iv) has determined that the Membership Interest is a suitable investment for his/her/it, that he/she/it has the financial ability to bear the economic risk of his/her/its investment in the Fund (including the complete loss of his/her/its investment), has adequate means of providing for his/her/its current needs and personal contingencies and has no need for liquidity with respect to investment in the Fund.

(d)    In making its decision to acquire the Membership Interests herein subscribed for, the undersigned has relied solely upon the information supplied by the Manager and independent analysis made by the undersigned. The undersigned is not relying on the Fund or the Manager for any legal or tax considerations involved in this investment.

(e)    The undersigned represents, warrants and agrees that the undersigned will not sell or otherwise transfer the Membership Interests without registration under the Act or an exemption therefrom, and fully understands and agrees that the undersigned must bear the economic risk of its investment for an indefinite period of time because, among other reasons, the Membership Interests have not been registered under the Act or under the securities laws of any state and, therefore, cannot be resold, pledged, assigned or otherwise disposed of unless they are subsequently registered under the Act and under applicable state securities laws or an exemption from such registration is available.  The undersigned understands that the Fund is under no obligation to register the membership

Interests on behalf of the undersigned or to assist the undersigned in complying with any exemption from such registration under the Act. The undersigned also understands that sales or transfers of the Membership Interests are further restricted by the provisions of the Operating Agreement and state securities laws. If the undersigned is a corporation, trust, employee benefit plan, partnership or tax exempt entity, it is authorized and qualified to become a Member in the Fund, and its payment of its capital contributions has been duly authorized; this Agreement has been and, upon acceptance of the undersigned's subscription, the Amended and Restated operating Agreement will be, duly delivered; and this Agreement constitutes, and, when it is delivered, the Amended and Restated Operating Agreement will constitute, valid obligations of the undersigned, legally binding upon it and enforceable against it in accordance with their respective terms.

[INTENTIONALLY LEFT BLANK]

## Section 3

3.1.    <u>Investor Representations & Warranties Concerning Suitability</u>. The undersigned represents and warrants the following information:

*THE UNDERSIGNED SHOULD <u>INITIAL</u> AT LEAST ONE OF THE APPROPRIATE SPACES ON THE FOLLOWING PAGES INDICATING THE BASIS UPON WHICH THE UNDERSIGNED QUALIFIES OR DOES NOT QUALIFY AS AN ACCREDITED INVESTOR. AT LEAST ONE OF THE APPROPRIATE SPACES OF EITHER (a), (b) or (c) MUST BE INITIALED.*

\_\_\_\_\_    (a)    The undersigned is not an <u>Accredited Investor</u>. **[If this is applicable, do not complete this document as you are ineligible to acquire interests in the Fund.]**

## ACCREDITED INVESTOR

\_\_\_\_\_    (b)    (i) The undersigned hereby certifies that the undersigned is an <u>Accredited Investor</u> because the undersigned has an individual net worth, or the undersigned and the undersigned's spouse have a combined net worth, in excess of $1,000,000.

\_\_\_\_\_    (ii) The undersigned hereby certifies that the undersigned is an <u>Accredited Investor</u> because the undersigned had individual income (exclusive of any income attributable to the undersigned's spouse) of more than $200,000 in the prior two calendar years or joint income with the undersigned's spouse in excess of $300,000 for each of those years and the undersigned reasonably expects to reach the same income level in the current calendar year.

\_\_\_\_\_    (iii) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is a bank as defined in Section 3(a)(2) of the Act.

(iv) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is a savings and loan association or other institution as defined in Section 3(a)(5)(A) of the Act, whether acting in its individual or fiduciary capacity.

(v) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is a broker or dealer registered pursuant to Section 15 of the Securities Exchange Act of 1934, as amended.

(vi) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is an insurance company as defined in Section 2(13) of the Act.

(vii) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is an investment company registered under the Investment Company Act of 1940, as amended, or a business development company as defined in Section 2(a)(48) of the Act.

(viii) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is a small business investment company licensed by the U.S. Small Business Administration under Section 301(c) or (d) of the Small Business Investment Act of 1958.

(ix) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is a private business development company as defined in Section 202(a)(22) of the Investment Advisers Act of 1940, as amended.

(x) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is a corporation, partnership, an organization described in Section 501(c)(3) of the Internal Revenue Code of 1986, or Massachusetts or similar business trust, not formed for the specific purpose of acquiring the Partnerships Interests, with total assets in excess of $5,000,000.

_____ (xi) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is a trust, with total assets in excess of $5,000,000, not formed for the specific purpose of acquiring the Partnership Interests, whose purchase of the Partnership Interests is directed by a sophisticated person as described in Rule 506(b)(ii) of Regulation D promulgated under the Act.

_____ (xii) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is a plan established and maintained by a State, its political subdivisions or any agency or instrumentality of a State or its political subdivisions for the benefit of its employees if such plan has total assets in excess of $5,000,000.00.

_____ (xiii) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is an entity in which all of the equity owners meet at least one of the requirements of subsections (i) through (xi) hereof.

_____ (xiv) The undersigned hereby certifies that the undersigned is an <u>Accredited Investor</u> as the undersigned is a director or executive officer of the Manager.

_____ (xv) The undersigned hereby certifies that the undersigned is an <u>Accredited Investor</u> since, with respect to the Fund, the undersigned is a "Qualified Client" within the meaning of Rule 205-3d.1.(ii) of the Advisors Act.

_____ (c)   The undersigned is not a Qualified Purchaser. **[If this is applicable, you are not eligible to invest in the Bayou Superfund but are eligible to invest in other Bayou Funds.]**

## QUALIFIED PURCHASER

\_\_\_\_ (d)    (i) The undersigned hereby certifies that the undersigned is a Qualified Purchaser because the undersigned is a natural person (including any person who holds a joint, community property, or other similar shared ownership interest in an issuer that is excepted under section 3(c)(7) of the Investment Act of 1940 [15 USCS § 80a-3(c)(7)] with that person's Qualified Purchaser spouse) who owns not less than $ 5,000,000 in investments, as defined in Rule 2a51-1 by the Securities and Exchange Commission.

(ii) The undersigned hereby certifies that the undersigned is a Qualified Purchaser because the undersigned is a company that owns not less than $5,000,000 in investments and that is owned directly or indirectly by or for 2 or more natural persons who are related as siblings or spouse (including former spouses), or direct lineal descendants by birth or adoption, spouses of such persons, the estates of such persons, or foundations, charitable organizations, or trusts established by or for the benefit of such persons.

\_\_\_\_    (iii) The undersigned hereby certifies that the undersigned is a Qualified Purchaser because the undersigned is any trust that is not covered by Section 2(a)(51)(A)(ii) of the Investment Company Act [15 U.S.C. §80a-2(a)(51)(A)(ii)] and that was not formed for the specific purpose of acquiring the securities offered, as to which the trustee or other person authorized to make decisions with respect to the trust, and each settlor or other person who has contributed assets to the trust, is a person described in sections 2(a)(51)(A)(i), 2(a)(51)(A)(ii) or 2(a)(51)(A)(iv) of the Investment Company Act of 1940 [15 U.S.C. §80a-2(a)(51)(A)(i), (ii), or (iv.)].

(iv) The undersigned hereby certifies that the undersigned is a <u>Qualified Purchaser</u> because the undersigned is a person, acting for its own account or the accounts of other Qualified Purchasers, who, or which, in the aggregate, owns and invests on a discretionary basis, not less than $25,000,000 in investments.

## ALL INVESTORS MUST COMPLETE

_____ (e)    (i) A person that is not a United States person. For these purposes, the term "United States" means the United States, its states, territories or possessions. The following persons are not considered to be a "United States person": (i) a natural person who is not a citizen or resident of the United States; (ii) a partnership, corporation or other entity, other than an entity organized principally for passive investment, organized under the laws of a foreign (i.e., non-U.S.) jurisdiction; (iii) an estate or trust the income of which is not subject to United States income tax regardless of source; (iv) an entity organized principally for passive investment, such as a pool, investment company or other similar entity, provided that units of participation in the entity held by United States persons represent in the aggregate less than 10% of the beneficial interest in the entity and such entity was not formed principally for the purpose of facilitating investment by United States persons in an exempt pool; and (v) a pension plan for the employees, officers or principals of an entity organized and with its principal place of business outside the United States.

_____    (ii) An entity in which all of the unit owners or participants are persons who are qualified eligible participants under any of the above categories.

_____    (iii) A foreign bank or a foreign financial institution?

_____  (iv) An entity that currently has an anti-money laundering program?

## *Section 4*

4.1    *It is required for All Proposed Investors in any Bayou Managed Fund to answer all of the following questions by INITIALING the appropriate box.*

(a)    Have the Fund's activities been disclosed to you?

Yes ~~_____~~    No _____

(b)    In that regard, do you understand:

(i)    the risks involved in trading securities, financial instruments, indices and derivatives thereof?

Yes ~~_____~~    No _____

(ii)   the business of the Fund, including the use of margin, the conflicts of interest which the Manager may have, and the risks of investing in the Fund?

Yes ~~_____~~    No _____

(c)    Do you understand that you have an opportunity to question a representative of the Fund about the Manager, this investment, the Fund, the Fund's operations and the Fund's method of doing business?

Yes ~~_____~~    No _____

(d)    Do you understand that the Fund may or may not have both long and short positions, either separately or simultaneously?

Yes ~~_____~~    No _____

(e)    Do you understand that the Fund may or may not be hedged against risk, either as to specific positions or on an overall basis?

Yes ~~_____~~    No _____

(f)    Do you understand that the owner of the Manager is the sole owner of the primary broker who will be executing trades on behalf of the Fund, and in such capacity it will receive commissions from the Fund?

Yes ~~_____~~    No _____

(g)    Do you understand that the relationship between the Fund and the related primary broker who will be executing trades on behalf of the Fund is not arm's length, may not be at the best available prices and will be profitable to the broker, even if the Fund is unprofitable?

Yes ~~Yes~~    No _____

(h)    Do you understand that the trading strategy utilized by the Fund generates a disproportionately high number of transactions compared to other trading strategies, which results in greater than usual commissions paid to brokers, including the primary broker?

Yes ~~Yes~~    No _____

(i)    In that regard, have you received

Introduction to Bayou          Yes ~~Yes~~    No _____

Bayou Fact Sheet               Yes ~~Yes~~    No _____

Bayou Overview                 Yes ~~Yes~~    No _____

(j)    Do you understand that Principals affiliated with the Manager can and will execute trades for themselves and others that might be in direct conflict with the Fund?

Yes ~~Yes~~    No _____

(k)    Do you certify that you have such knowledge and experience in financial matters that you are capable of evaluating the merits and risks of an investment in the Fund?

Yes ~~Yes~~    No _____

(l)    If the answer to (k) is "no," have you provided the information required on Page 23, Question (bb)?

Yes _____    No _____

If the answer to both (k) and (l) above are "no," you are not eligible to invest in any of the Funds.

(m)   Do you understand that the Manager will also be the manager for other funds, and it or an affiliated company will advise customers and other accounts with the same investment objectives as the Fund. Directly or indirectly, the Principals of the Manager are the owners of and are employed as Registered Representatives of the firm which will be executing trades on its behalf. When effecting transactions for the Fund, they may, and most likely will, also be effecting similar or identical transactions for such other funds, customers and accounts (and may also be doing so for their own accounts and for the accounts of their families). In each such case, they will endeavor to treat the Fund and all other funds, other customers and accounts on an essentially pro-rata basis in, among other things, effecting purchases and sales and allocating commissions and brokerage fees. However, in some instances, parity will be difficult or impractical and the Fund may pay more, or receive less or pay greater commissions and fees when buying, selling or otherwise effecting transactions than such other funds, customers or accounts which are buying or selling or otherwise effecting similar or even identical transactions. For all purposes hereof, none of the foregoing shall be deemed unlawful, improper or inconsistent with their obligations to the Fund.

Yes _____   No _____

(n)   Do you understand that any Bayou Fund, other than the No Leverage Fund, employs margin debt and all Bayou Funds utilize short sales as part of their investment strategy, either or both of which may result in greater losses or lower profits than if they did not do so?

Yes _____   No _____

(o)   Do you understand that there is no guarantee of any financial return on this investment and that you run the risk of losing your entire investment?

Yes _____   No _____

(p)   Do you understand that the investment in the Fund may not be sold but may be redeemed in accordance with the Operating Agreement?

Yes _____   No _____

(q)    Do you understand that your interest in the Fund is not assignable or transferrable except by operation of law or the consent of the Manager?

Yes _____    No _____

(r)    Do you understand that potential tax consequences from this investment are dependent upon the Fund and its activities meeting various requirements, established by the Internal Revenue Code and its Regulations (which may be changed in the future), and that there can be no guarantees or assurances that the Fund will be able to meet these requirements?

Yes _____    No _____

(s)    Given the complex tax issues regarding the Fund's activities, do you understand that you should consult with your own tax advisor regarding this type of Fund?

Yes _____    No _____

(t)    If you are employed by an organization which is or will be doing business with the Fund, the Manager or anyone so affiliated or is a registered broker-dealer? If yes, please answer questions (i) through (iii) below:

(i)    Have you informed your employer regarding your investment in this Fund?

Yes _____    No _____

(ii)    Do you require your employer's approval to invest in this Fund?

Yes _____    No _____

(iii)    If required, have you received your employer's approval to invest in this Fund?

Yes _____    No _____

(u)    To the best of your knowledge, is there any reason why you should not or could not invest in this Fund?

Yes _____    No _____

(v)    Do you understand that you may acquire an interest in the Fund for investment only, and not with a view to the sale or other distribution thereof?

Yes _____    No _____

(w)     Are you a U.S. citizen?

                                      Yes  XXX   No  _____

        If "yes," please provide a copy of an unexpired
        passport or other government identification showing
        your nationality and your residence and which contains
        your photograph or some other biometric safeguard such
        as a fingerprint.  The number of this document, which
        was issued by _____ on _____, is
        _____.

(x)     Are you a U.S. resident, but not a U.S. citizen?
                                      Yes  _____   No  XXX

        If "yes," please provide a copy of your unexpired
        alien registration card, foreign passport, or other
        government-issued   identification   showing   your
        nationality, your residence, and your photograph or
        other biometric safeguard such as a fingerprint. The
        number of this document, which was issued by
        _____ on _____, is _____. In
        addition, please answer the following questions.

(y)     Are you a citizen or resident of a country other than
        the United States?
                                      Yes  _____   No  XXX

        If yes, please complete (i) through (iii):

        (i)     Are you a "senior foreign political figure,"
                defined as a senior official in the executive,
                legislative,  administrative,  military  or
                judicial branches of a foreign government
                (whether elected or not), a senior official of
                a major foreign political party, or a senior
                executive of a foreign government-owned
                corporation?
                                      Yes  _____   No  XXX

                If "yes," please explain:

                _____
                _____
                _____

(ii) Are you the "immediate family of a senior political figure," which typically includes the figure's parents, siblings, spouse, children and in-laws?

Yes _____    No _____

If "yes," please explain:

_____
_____
_____

(iii) Are you a "close associate of a senior foreign political figure," defined as a person who is widely and publicly known to maintain an unusually close relationship with the senior foreign political figure, and includes a person who is in a position to conduct substantial domestic and international financial transactions on behalf of the senior foreign political figure?

Yes _____    No _____

If "yes," please explain:

_____
_____
_____

(z) Will you be holding this account for, or on behalf of, anybody other than yourself?

Yes _____    No _____

If "no," please proceed to question (y).

If "yes," please answer the following questions (i) and (ii).

[INTENTIONALLY LEFT BLANK]

(i)    For whom, or on whose behalf, will you be holding this account?

_____

_____

If this is a U.S. individual or natural person, please provide a copy of that person's unexpired driver's license or passport or other government identification showing that person's nationality and residence and which contains that person's photograph or some other biometric safeguard such as that person's fingerprints. The number of this document, which was issued by _____ on _____, is _____. Please also include copies of any documents that verify your authority to act as a representative of that person.

If this is a foreign individual or natural person, please provide a copy of that person's unexpired alien registration card, foreign passport, or other government-issued identification showing that person's nationality and residence, and which contains that person's photograph or other biometric safeguard such as that person's fingerprints. The number of this document, which was issued by _____ on _____, is _____. Please also include copies of any documents that verify your authority to act as a representative of that person.

If this is a corporate or business entity, please provide copies of that entity's certificate of incorporation, articles or organization, a government-issued business license, or similar documents such as partnership agreements or corporate resolutions that identify the business purpose of the entity and its place and date of charter. Please also include copies of any documents that verify your authority to act as a representative of that entity.

F:\1676-102\Sub'Doc068wp
mvk\09\08\03

If you are unable or unwilling to provide any of this information, please explain:

_____

_____

_____

(ii)    Is this individual or entity a "senior foreign political figure," the "immediate family of a senior foreign political figure," a "close associate of a senior foreign political figure," or any corporation, business, or other entity that has been formed by, or for the benefit of, a senior foreign political figure, its immediate family, or a close associate?

Yes _____    No _____

If "yes," please explain:

_____

_____

_____

_____

_____

(aa)    What is the source of the funds that will be used to acquire your membership interests?

Investments _____

_____

_____

_____

_____

_____

[INTENTIONALLY LEFT BLANK]

(bb)    Will you have an investment advisor or other Qualified Purchaser Representative review the merits of this investment?

                                    Yes _____    No ~~~~~

If yes, please provide the information request below for such Purchaser Representative:

Name: _____

Company: _____

Address: _____

Telephone: _____

Fax: _____

E-Mail: _____

## **Section 5**

5.1    <u>Investment Company Act</u>. The undersigned understands that the Fund will not register as an investment company under the Investment Company Act of 1940 (the "ICA"), by reason of Section 3(c)(1) thereof (which excludes from the definition of "investment company" any issuer which has not made and does not presently propose to make a public offering of its securities and whose outstanding securities are beneficially owned by not more than 100 persons).

If the undersigned is an entity and is not required to register under the ICA by reason of Section 3(c)(1), the undersigned certifies that:

(a)    It was not formed for the purpose of investing in the Fund nor will its beneficial owners contribute additional capital for the purpose of purchasing Membership Interests;

(b)    Its investment in the Fund is not and will not be allocated to the accounts of only certain beneficial owners;

(c)  Its proposed investment in the Fund, (together with any amounts previously invested by it in the Fund), will be less than 40% of its total assets; and

(d)  It is not aware of any circumstances presently existing or contemplated which, under federal or state law relating to securities, investment companies or investment advisers, would result in any of its beneficial owners being treated as an offeree or purchaser of an investment in the Fund.

## Section 6

6.1  <u>Backup Withholding</u>.  Under the penalties of perjury, the undersigned certifies that:

(a)  The social security number or tax identification number listed by it in this Agreement is true, correct and complete and that it is not subject to backup withholding under Internal Revenue Code §3406(a)(1)(c), either because (i) it has not been notified that it is subject to backup withholding as a result of a failure to report all interest or dividends, or (ii) the IRS has notified it that it is no longer subject to backup withholding; or

(b)  It is not a U.S. citizen or resident and is not engaged in a U.S. trade or business.

## Section 7

7.1  <u>Power of Attorney</u>.  The undersigned, as principal, does hereby constitute and appoint the Manager, as the undersigned's true and lawful attorney, in the name, place and stead of the undersigned as partner of the Fund, to make, execute, sign, acknowledge, swear to and file:

(a)  All filings, if any, which require the signature of one or more Members, including, without limitation, any such filing for the purpose of admitting the undersigned and others as Members of the Fund and describing their initial or any increased capital contributions;

(b)  Any and all instruments, certificates and other documents which may be deemed necessary or desirable

to effect the winding-up and termination of the Fund (including, but not limited to, a Certificate of Cancellation of the Certificate of Membership);

(c)    Any business certificate, fictitious name certificate, amendment thereto, or other comparable instrument or document of any kind necessary or desirable to accomplish the business, purpose and objectives of the Fund, or required by any applicable federal, state or local law; and

(d)    Any documents, instruments and conveyances as may be necessary or appropriate to carry out the provisions of the Operating Agreement.

The undersigned does hereby ratify and confirm all whatsoever that its said attorney shall do, or cause to be done, by virtue of this power of attorney.

This power of attorney is coupled with an interest, is irrevocable, and shall survive and shall not be affected by the death, disability, incompetence, termination, bankruptcy, insolvency or dissolution of the undersigned. Such representative and attorney-in-fact shall not have any right, power or authority to amend or modify the Operating Agreement of the Fund when acting in such capacity.

## Section 8

8.1    Indemnity.  The undersigned agrees to indemnify and hold harmless the Fund, the Manager, and each other person, if any, who controls or is controlled by any thereof, within the meaning of Section 15 of the Securities Act, against any and all loss, liability, claim, damage and expense whatsoever (including, but not limited to, any and all expenses reasonably incurred in investigating, preparing or defending against any litigation commenced or threatened or any claim whatsoever) arising out of or based upon any false representation or warranty or breach or failure by the undersigned to comply with any covenant or agreement made by the undersigned herein or in any other document furnished by the undersigned to any of the foregoing in connection with this transaction.

8.2.   <u>Modification</u>.   Neither this Agreement nor any provisions hereof shall be modified, discharged or terminated except by an instrument in writing signed by the party against whom any waiver, change, discharge or termination is sought.

8.3.   <u>Notices</u>.  Any notice, demand or other communication which any party hereto may be required, or may elect, to give to anyone interested hereunder shall be sufficiently given if (a) deposited, postage prepaid, in a United States mail letter box, registered or certified mail, return receipt requested, addressed to such address as shall have been provided in writing to the Manager, or (b) delivered personally at such address.

8.4.   <u>Binding Effect</u>.  Except as otherwise provided herein, this Agreement shall be binding upon and inure to the benefit of the parties and their heirs, executors, administrators, successors, legal representatives and permitted assigns. If the undersigned is more than one person, the obligations of the undersigned shall be joint and several and the agreements, representations, warranties and acknowledgments herein contained shall be deemed to be made by and be binding upon each such person and its heirs, executors, administrators and successors.

8.5   <u>Entire Agreement</u>.  This instrument contains the entire agreement of the parties, and there are no representations, covenants or other agreements except as stated or referred to herein.

8.6   <u>Assignability</u>.  This Agreement is not transferable or assignable by the undersigned except as is expressly permitted in the Operating Agreement.

8.7   <u>Applicable Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of Connecticut applicable to contracts made and to be performed entirely within such state.  The undersigned agrees that all controversies which may arise between the undersigned and the Fund or the Manager shall be determined and settled by arbitration in New York, New York pursuant to the rules of the American Arbitration Association. Any award rendered therein shall be final and conclusive upon the parties, and a judgment thereon may be entered in any court of competent jurisdiction.  This paragraph shall survive the expiration or termination of this Agreement.

8.8    <u>Gender</u>.  All pronouns contained herein and any variations thereof shall be deemed to refer to the masculine, feminine or neuter, singular or plural, as the identity of the parties hereto may require.

8.9    <u>Counterparts</u>.  This Agreement may be executed through the use of separate signature pages or in any number of counterparts, and each of such counterparts shall, for all purposes, constitute one agreement binding on all the parties, notwithstanding that all parties are not signatories to the same counterpart.

8.10   <u>Investment Objective</u>.  The Investor understands that hedge funds, in general, and this Fund, in particular, are not suitable for all investors.  Furthermore, this investment is deemed to be illiquid and contains substantial risk.  However, neither the investment nor returns, if any, are necessary for the current support or welfare of the Investor, his family and his household.

8.11   <u>Nature of Offering</u>.  THE INTERESTS OFFERED HEREBY HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR THE SECURITIES LAWS OF CERTAIN STATES AND ARE BEING OFFERED AND SOLD IN RELIANCE ON EXEMPTIONS FROM THE REGISTRATION REQUIREMENTS OF SAID ACT AND SUCH LAWS.  THE INTERESTS ARE SUBJECT TO RESTRICTION ON TRANSFERABILITY AND RESALE AND MAY NOT BE TRANSFERRED OR RESOLD EXCEPT AS PERMITTED UNDER SAID ACT AND SUCH LAWS PURSUANT TO REGISTRATION OR EXEMPTION THEREFROM.  THE INTERESTS HAVE NOT BEEN APPROVED OR DISAPPROVED BY THE SECURITIES AND EXCHANGE COMMISSION, ANY STATE SECURITIES COMMISSION OR OTHER REGULATORY AUTHORITY, NOR HAVE ANY OF THE FOREGOING AUTHORITIES PASSED UPON OR ENDORSED THE MERITS OF THIS OFFERING OR THE ACCURACY OR ADEQUACY OF THE MEMORANDUM.  ANY REPRESENTATION TO THE CONTRARY IS UNLAWFUL.


[INTENTIONALLY LEFT BLANK]

The undersigned represent and warrant that they have received and understand all the material provided by the Fund and that they have no unanswered questions regarding the Fund.

The undersigned hereby consents to the Fund, its agents or designees, verifying any and all information provided by the undersigned and authorizes the release to the Fund, its agents or designees, of any such information from any source to verify the accuracy of the information provided.

IN WITNESS WHEREOF, the undersigned Investor has executed this Subscription Agreement, Investment Representation and Power of Attorney on the _21st_ day of _December_, _2003_.

Capital Contribution

$ ~~500,000~~ 1,000,000.—

**REQUIRED:**
**Social Security Number or**
**Taxpayer Identification Number**
**Of Subscribing Member**

Name of Second Signatory
_Karen A.B. Berman_

By: _____
       (Signature)
Title: _Pres., Broad Bussel Enter. Inc., G.P._

Legal Residence of Investor:
_North Carolina_

Mailing Address:
_10228 Governors Drive_
_Chapel Hill, NC 27517_

Tel No.: REDACTED

E-Mail: _____

Actual Street Address:
(NO POST OFFICE BOX NUMBERS)
_____
_____

Name of Subscribing
Limited Partner

_BROAD - BUSSEL FAMILY L.P._

SSN: _____
OR                                    REDACTED
TIN: _____

Name of Signatory
_Daniel J. Bussel_

By: _Daniel J. Bussel_
       (Signature)
Title: _Secretary, Broad-Bussel Enter. Inc., G.P._

Legal Residence of Investor:
_North Carolina_

Mailing Address:
_801 Brickell Avenue_
_Ste. 2350_
_Miami, FL 33131_

Tel No.:

E-Mail: REDACTED

Actual Street Address:
(NO POST OFFICE BOX NUMBERS)
_10228 Governors Drive_
_Chapel Hill, NC 27517_

F:\1676-102\Sub'Doc068wp
mvk\09\08\03

Page 28

*SIGNATURE PAGE*

<u>Amended and Restated Operating Agreement</u>

IN WITNESS WHEREOF, the undersigned have hereunto set their hands as of this 21ˢᵗ day of *December*, 2003.

<u>Manager:</u>

BAYOU MANAGEMENT, L.L.C.

By: _~signature~_

Name: Sam Israel III
Title: Manager

Investment Effective as of
_1 January 2004_
(to be determined by Manager)

INDICATE FUND:

_____    BAYOU ACCREDITED FUND LLC

_____    BAYOU AFFILIATES FUND LLC

_____    BAYOU NO LEVERAGE FUND LLC

_____    BAYOU OFFSHORE FUND LTD

_X_      BAYOU SUPERFUND LLC

<u>Member/Investor:</u>

*Broad-Bussel Family L.P.*
Print Name of Member/Investor

By: _~signature~_
Member or Authorized Signatory

*Daniel J. Bussel*
Print Name of Authorized Signatory

*Secretary, Broad-Bussel Entr. Inc., G.P.*
Title of Authorized Signatory

By: _____
Authorized Second Signatory

_____
Print Name of Second Signatory

_____
Title of Second Signatory

**INVESTOR'S COPY**

SS

*BAYOU FUNDS*

## SUBSCRIPTION DOCUMENTS

Name of Fund: _Bayou Accredited Fund_

Subscription Document No: _763_

Subscriber's Name: _Michelle H. Michelsohn_
_and Marie-Louise Michelsohn_
_Joint Tenants with_
_rights of survivorship_

PLEASE READ THE INSTRUCTIONS ON THE FOLLOWING PAGE.

SIGNATURES REQUIRED ON PAGES 27 and 28
AND PLEASE SEE PAGE 30 FOR SIGNATURES REQUIRED
WHERE APPLICABLE ON PAGES 31-36

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PLEASE RETURN THIS ENTIRE DOCUMENT
WITH YOUR CHECK OR WIRE TRANSFER INSTRUCTIONS
TO:
BAYOU MANAGEMENT, L.L.C.
40 SIGNAL ROAD
STAMFORD, CONNECTICUT 06902

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

F:\1676-102\SUB'DOC.059
mvk\02\28\03

BAYOU

## Subscription Documents

In connection with a subscription for Membership being offered in a Bayou managed fund (in each case, "Fund"), the following enclosed documents should be properly and fully completed and signed.  The funds should be wired at least two (2) business days prior to the subscription date (please refer to Wire Transfer Instructions).  The original of the subscription document should then be express mailed to Bayou Management, LLC at the address below.  Please keep a photocopy of these subscription documents for your own records.  However, you will receive a countersigned copy for your records.

*If you are adding capital to your account, do not fill out the subscription documents again.  Simply send a letter to Bayou Management, L.L.C. stating that you would like to add capital to your account with the specific Bayou Fund's name as of a certain Valuation Date.*

All communications, whether first-time subscriptions or additions to capital accounts, should include the wiring instructions given to your bank, a contact person and telephone number at that bank, your contact information, the amount of the wire, and the value date of the wire.

A Fund retains the right to refuse to accept, in whole or in part, applications for subscription.  Applications properly tendered and paid for, received and accepted by a Fund as provided above, will be held for investment in the Fund as of the relevant Valuation Date.  Upon acceptance of an investor by a Fund and clearance of his funds, a transaction advice confirmation will be transmitted to the investor.

F:\1676-102\SUB'DOC.059
mvk\02\28\03

# Documents to be Executed

1.  Subscription Agreement, Power of Attorney, and Investment Representation Agreement.

    (a)    All subscribers should initial the appropriate entries on pages 10 through 14.

    (b)    All subscribers should answer all questions on pages 15 through 21.

    (c)    All subscribers should complete and sign page 27.

2.  Certificates of Authorization.

    (a)    If the Investor is a corporation, please complete Exhibit A (pages 31 and 32).

    (b)    If the Investor is a partnership, please complete Exhibit B (page 33).

    (c)    If the Investor is a limited liability company, please complete Exhibit C (pages 34 and 35).

    (d)    If the Investor is a custodian, trustee, or agent, please completed Exhibit D (page 36).

3.  Sign the Amended and Restated Operating Agreement Signature Page indicating the appropriate Limited Liability Company (page 28).

4.  Complete Subscriber Profile Form (pages 29 and 30).

5.  Complete either Form W-9 (page 37) or Form W-8BEN (page 38).

6.  If a certification regarding correspondent accounts for foreign banks is required, complete pages 39-44.

Please return the completed and signed documents via overnight mail to the following address (keep your receipt for tracking purposes):

        Bayou Management, L.L.C.
        40 Signal Road
        Stamford, Connecticut 06902

F:\1676-102\SUB'DOC.059
mvk\02\28\03

Page 2

## BAYOU

## SUBSCRIPTION DOCUMENTS

### INSTRUCTIONS

1.    The attached Investor Questionnaire is to be completed by all Prospective Investors.  **All questions must be answered** in detail and then _signed_ and _dated_ by the Subscriber(s).  The Subscription Agreement (Page 27) and Operating Agreement Signature Page (Page 28) must be signed by all Subscribers.

2.    To complete the Subscription Agreement, please insert the _AMOUNT_ of the Interest subscribed for on Page 27 where indicated.

3.    The Operating Agreement Signature Page indicating the relevant Fund is to be _signed_ and _dated_ by the Member(s).

4.    (a)    BY CHECK:

        Amount $ _250,000_
        Payee:  Bayou Management, L.L.C. Special Account
                as agent for _Bayou Accredited Fund LLC_
                            name of Fund

      (b)    BY WIRE TRANSFER (COMPLETE INFORMATION ON PAGE 4):

        Amount: $ _____

      (c)    Subscriber: _____

F:\1676-102\SUB'DOC.059
mvk\02\28\03

# WIRE TRANSFER INSTRUCTIONS

Your bank should wire transfer <u>only U.S. Dollars via Fedwire</u> to:

> Citibank NA
> 95 Pondfield Road Br 165
> Bronxville, New York 10708
> ABA # 021-000-089
> Credit Account No: 48916480
> Account Name:  Bayou Management, L.L.C. Special Account
>             as agent for_____
>                               name of Fund
>    Reference:_____
>                  name of Subscriber

Also, please have your bank send the following fax message to:

> Fax No. 203-316-8820
> Bayou Management, L.L.C.
> Attention: Samuel Israel III

> Bayou Management, L.L.C.:  We have credited your agency
> account Citibank NA, Account No. 48916480 for
> $_____
> by order of _____
>                 name of Subscriber
> on [date]_____
> for investment in _____
>                   name of Fund

With notice to Carolyn Sherry by phone (203-708-6714) or by fax
(203-487-0008).

## IMPORTANT

1.    Please have your bank identify on the wire transfer the name of the intended subscriber.

2.    Please have your bank charge the wiring fees separately from your investment amount.

<u>BAYOU</u>

<u>INVESTOR QUESTIONNAIRE</u>

Membership Interests in Bayou managed funds ("Fund") are not registered under the Securities Act of 1933, as amended, in reliance on an exemption from registration pursuant to Section 4(2) of such Act and Regulation D promulgated by the Securities and Exchange Commission. Regulation D provides guidelines for meeting the Section 4(2) exemption. This rule requires that prior to making a sale of Interests, a Fund must have reasonable grounds to believe, and shall believe after reasonable inquiry, that the purchaser is qualified to make the investment.

In order to obtain the facts needed to determine whether the Fund may accept a prospective purchaser's investment, it is necessary for the prospective purchaser to complete this Questionnaire. Additional information and verifications may be sought from banks and other sources. Either Form W-9 or Form W-8BEN (included) must be returned with the Subscription Agreement.

<u>Form W-9 must be completed by all persons subject to United States' income taxes. Form W-8BEN must be completed by all foreign beneficial owners. Foreign banks or financial institutions opening a correspondent account with the Fund must also complete and return within thirty (30) days the attached "Certification Regarding Correspondent Accounts for Foreign Banks."</u>

The Manager reserves the absolute right to reject any subscription.

THIS OFFERING IS LIMITED ONLY TO THOSE INVESTORS WHO ARE "ACCREDITED INVESTORS" or "QUALIFIED PURCHASERS" AS SUCH TERMS ARE DEFINED IN REGULATION D PROMULGATED BY THE SECURITIES AND EXCHANGE COMMISSION PURSUANT TO THE SECURITIES ACT OF 1933, AS AMENDED, AND IN THE INVESTMENT COMPANY ACT OF 1940, AS AMENDED, RESPECTIVELY.

INVESTORS ARE REQUIRED TO COMPLETE EITHER SECTION I OR SECTION II BELOW **AND** ALL INVESTORS MUST COMPLETE SECTION III.

SUBSCRIPTION AND INVESTMENT REPRESENTATION AGREEMENT
AND POWER OF ATTORNEY


Bayou Management, L.L.C.
40 Signal Road
Stamford, Connecticut 06902

Ladies and Gentlemen:


## Section 1

1.1    <u>Subscription</u>.    The undersigned hereby subscribes for and agrees to acquire membership interests (the "Membership Interests") of a Bayou managed Fund (the "Fund") and to make a capital contribution to said Fund in the amount indicated on the signature pages hereof, on the terms and conditions described herein.

1.2.    <u>Purchase</u>.    The undersigned understands that the minimum investment is subject to the discretion of the Manager to accept lesser amounts.

    (a)    The undersigned tenders herewith cash, marketable securities or a check made payable to the order of "Bayou Management, L.L.C. Special Account" in the full amount of the capital contribution.

    (b)    The undersigned also tenders herewith one executed Signature Page of the Amended and Restated Operating Agreement indicating the appropriate limited liability company (Page 28).

1.3.    <u>Acceptance or Rejection of Subscription</u>.

    (a)    The undersigned understands and agrees that the Manager reserves the right to reject this subscription for Membership Interests, in whole or in part and at any time, if in its judgment it deems such action to be in the best interests of a Fund. The Manager will promptly notify the undersigned of its acceptance or rejection of the undersigned's subscription.

    (b)    In the event of rejection of this subscription, the undersigned's check, marketable securities or the amount of cash evidenced thereby, will be promptly returned to the undersigned without deduction and this

Agreement shall have no force or effect. Subscribers whose subscriptions are accepted will be admitted as Members of a Fund (as so admitted, hereinafter sometimes individually referred to as a "Member" and collectively as the "Members").

<u>Section 2</u>

2.1.    <u>Investor Representations and Warranties</u>.  The undersigned hereby acknowledges, represents and warrants to, and agrees with, the Fund and the Manager as follows:

(a)    The undersigned is acquiring the membership Interests for the undersigned's own account, for investment purposes only, and not with a view to or for the resale, distribution or fractionalization thereof, in whole or in part, and no other person has a direct or indirect beneficial interest in the Membership Interests.

(b)    The undersigned acknowledges the understanding of the undersigned that the offering of the Membership Interests is intended to be exempt from registration under the Securities Act of 1933, as amended (the "Securities Act"), by virtue of Section 4(2) of the Act and Regulation D promulgated thereunder.

(c)    The undersigned:

(i)    has been furnished with the Amended and Restated Operating Agreement of the Fund, and any documents which may have been made available upon request, and has evaluated the risks of acquiring the Membership Interests, including the risks set forth in any materials furnished;

(ii)    has been provided an opportunity to obtain any additional information concerning the Offering, the Fund and all other information to the extent the Fund or the Manager possesses such information or can acquire it without unreasonable effort or expense;

(iii)   has been given the opportunity to ask questions of, and receive answers from, the Manager concerning the terms and conditions of the Offering and other matters pertaining to this

investment, and has been given the opportunity to obtain such additional information necessary to verify the accuracy of the information made available or that which was otherwise provided in order for it to evaluate the merits and risks of an investment in the Fund to the extent the Manager possesses such information or can acquire it without unreasonable effort or expense, and has not been furnished any other offering literature or prospectus except as mentioned herein; and

(iv) has determined that the Membership Interest is a suitable investment for his/her/it, that he/she/it has the financial ability to bear the economic risk of his/her/its investment in the Fund (including the complete loss of his/her/its investment), has adequate means of providing for his/her/its current needs and personal contingencies and has no need for liquidity with respect to investment in the Fund.

(d)   In making its decision to acquire the Membership Interests herein subscribed for, the undersigned has relied solely upon the information and independent investigations made by the undersigned. The undersigned is not relying on the Fund or the Manager, or the references, if any, to any legal opinion, with respect to tax and other economic considerations involved in this investment.

(e)   The undersigned represents, warrants and agrees that the undersigned will not sell or otherwise transfer the Membership Interests without registration under the Act or an exemption therefrom, and fully understands and agrees that the undersigned must bear the economic risk of its investment for an indefinite period of time because, among other reasons, the Membership Interests have not been registered under the Act or under the securities laws of any state and, therefore, cannot be resold, pledged, assigned or otherwise disposed of unless they are subsequently registered under the Act and under applicable state securities laws or an exemption from such registration is available. The undersigned understands that the Fund is under no obligation to register the membership Interests on behalf of the undersigned or to assist

the undersigned in complying with any exemption from such registration under the Act. The undersigned also understands that sales or transfers of the Membership Interests are further restricted by the provisions of the Operating Agreement and state securities laws. If the undersigned is a corporation, trust, employee benefit plan, partnership or tax exempt entity, it is authorized and qualified to become a Member in the Fund, and its payment of its capital contributions has been duly authorized; this Agreement has been and, upon acceptance of the undersigned's subscription, the Amended and Restated operating Agreement will be, duly delivered; and this Agreement constitutes, and, when it is delivered, the Amended and Restated Operating Agreement will constitute, valid obligations of the undersigned, legally binding upon it and enforceable against it in accordance with their respective terms.

[INTENTIONALLY LEFT BLANK]

F:\1676-102\SUB'DOC.059
mvk\02\28\03

## Section 3

3.1.   <u>Investor Representations & Warranties Concerning Suitability</u>. The undersigned represents and warrants the following information:

*THE UNDERSIGNED SHOULD INITIAL ALL APPROPRIATE SPACES ON THE FOLLOWING PAGES INDICATING THE BASIS UPON WHICH THE UNDERSIGNED QUALIFIES OR DOES NOT QUALIFY AS AN ACCREDITED INVESTOR.*

(a)   The undersigned is not an Accredited Investor.

(b)   (i)The undersigned hereby certifies that the undersigned is an Accredited Investor because the undersigned has an individual net worth, or the undersigned and the undersigned's spouse have a combined net worth, in excess of $1,000,000.

(ii) The undersigned hereby certifies that the undersigned is an Accredited Investor because the undersigned had individual income (exclusive of any income attributable to the undersigned's spouse) of more than $200,000 in the prior two calendar years or joint income with the undersigned's spouse in excess of $300,000 for each of those years and the undersigned reasonably expects to reach the same income level in the current calendar year.

(iii) The undersigned hereby certifies that it is an Accredited Investor because it is a bank as defined in Section 3(a)(2) of the Act.

(iv) The undersigned hereby certifies that it is an Accredited Investor because it is a savings and loan association or other institution as defined in Section 3(a)(5)(A) of the Act, whether acting in its individual or fiduciary capacity.

(v) The undersigned hereby certifies that it is an Accredited Investor because it is a broker or dealer registered pursuant to Section 15 of the Securities Exchange Act of 1934, as amended.

_____    (vi) The undersigned hereby certifies that it is an Accredited Investor because it is an insurance company as defined in Section 2(13) of the Act.

_____    (vii) The undersigned hereby certifies that it is an Accredited Investor because it is an investment company registered under the Investment Company Act of 1940, as amended, or a business development company as defined in Section 2(a)(48) of the Act.

_____    (viii) The undersigned hereby certifies that it is an Accredited Investor because it is a small business investment company licensed by the U.S. Small Business Administration under Section 301(c) or (d) of the Small Business Investment Act of 1958.

_____    (ix) The undersigned hereby certifies that it is an Accredited Investor because it is a private business development company as defined in Section 202(a)(22) of the Investment Advisers Act of 1940, as amended.

_____    (x) The undersigned hereby certifies that it is an Accredited Investor because it is a corporation, partnership, an organization described in Section 501(c)(3) of the Internal Revenue Code of 1986, or Massachusetts or similar business trust, not formed for the specific purpose of acquiring the Partnerships Interests, with total assets in excess of $5,000,000.

_____    (xi) The undersigned hereby certifies that it is an Accredited Investor because it is a trust, with total assets in excess of $5,000,000, not formed for the specific purpose of acquiring the Partnership Interests, whose purchase of the Partnership Interests is directed by a sophisticated person as described in Rule 506(b)(ii) of Regulation D promulgated under the Act.

F:\1676-102\SUB'DOC.059
mvk\02\28\03

Page 11

_____    (xii) The undersigned hereby certifies that it is an Accredited Investor because it is an entity in which all of the equity owners meet at least one of the requirements of subsections (i) through (xi) hereof.

_____    (xiii) The undersigned certifies that the undersigned is a director or executive officer of the Manager.

_____    (xiv) The undersigned is, with respect to the Fund, a "Qualified Client" within the meaning of Rule 205-3 of the Advisors Act.

_____    (c)    The undersigned hereby certifies that the undersigned has such knowledge and experience in financial and business matters that the undersigned is capable of evaluating the merits and risks of an investment in the Fund.

_____    (d)    The undersigned is not a Qualified Purchaser.


[INTENTIONALLY LEFT BLANK]

_____ (e)    (i) The undersigned hereby certifies that the undersigned is a Qualified Purchaser because the undersigned is a natural person (including any person who holds a joint, community property, or other similar shared ownership interest in an issuer that is excepted under section 3(c)(7) of the Investment Act of 1940 [15 USCS § 80a-3(c)(7)] with that person's Qualified Purchaser spouse) who owns not less than $ 5,000,000 in investments, as defined in Rule 2a51-1 by the Securities and Exchange Commission.

_____    (ii) The undersigned hereby certifies that the undersigned is a Qualified Purchaser because the undersigned is a company that owns not less than $ 5,000,000 in investments and that is owned directly or indirectly by or for 2 or more natural persons who are related as siblings or spouse (including former spouses), or direct lineal descendants by birth or adoption, spouses of such persons, the estates of such persons, or foundations, charitable organizations, or trusts established by or for the benefit of such persons.

_____    (iii) The undersigned hereby certifies that the undersigned is a Qualified Purchaser because the undersigned is any trust that is not covered by Section 2(a)(51)(A)(ii) of the Investment Company Act [15 U.S.C. §80a-2(a)(51)(A)(ii)] and that was not formed for the specific purpose of acquiring the securities offered, as to which the trustee or other person authorized to make decisions with respect to the trust, and each settlor or other person who has contributed assets to the trust, is a person described in sections 2(a)(51)(A)(i), 2(a)(51)(A)(ii) or 2(a)(51)(A)(iv) of the Investment Company Act of 1940 [15 U.S.C. §80a-2(a)(51)(A)(i), (ii), or (iv.)].

_____    (iv) The undersigned hereby certifies that the undersigned is a Qualified Purchaser because the undersigned is a person, acting for its own account or the accounts of other Qualified Purchasers, who, or which, in the aggregate, owns and invests on a discretionary basis, not less than $25,000,000 in investments.