UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x

IN RE BAYOU HEDGE FUND                                        06 MDL 1755 (CM)
INVESTMENT LITIGATION

———————————————————————x

THIS DOCUMENT RELATES TO:

———————————————————————x

BROAD-BUSSEL FAMILY LIMITED                                   06 CV 3026 (CM)
PARTNERSHIP, MARIA LOUISE
MICHELSOHN, MICHELLE MICHELSOHN,
and HERBERT BLAINE LAWSON, JR.,
individually and on behalf of all other persons
and entities similarly situated,

            Plaintiffs,

      -against-

BAYOU GROUP LLC, et al.,

            Defendants.

———————————————————————x

MEMORANDUM ORDER DISMISSING MOTION TO CERTIFY
CLASS AS AGAINST THE BAYOU DEFENDANTS AND DENYING
MOTION TO CERTIFY SUBCLASS AS AGAINST THE HENNESSEE
DEFENDANTS

McMahon, J.:

      Before the Court is a motion brought by the Broad-Bussel Plaintiffs to certify (1) a class
consisting of all similarly situated investors who, during the period between December 31, 1996
and August 25, 2005 (the "Class Period"), purchased or maintained investment interests in one or
more of the Bayou family of hedge funds (the "Bayou Hedge Funds"), and were damaged thereby
(the "Class"); and (2) a subclass consisting of all class members who, during the Class Period, were
advised to invest, or were placed, in the Bayou Hedge Funds pursuant to an investment advisory
relationship with the Hennessee Group LLC, and suffered damages thereby (the "Hennessee
Subclass").

      The motion to certify the Class is dismissed as improvidently filed. The only defendants
remaining in this action against whom the proposed Class could proceed are the Bayou Defendants

themselves. All the Bayou Defendants are in bankruptcy. As a result, this action is stayed as against the Bayou Defendants and this Court lacks the authority, absent withdrawal of the reference (which would never be granted as to these fundamentally core claims), to enter any order in this action in violation of the automatic stay.

Furthermore, it would be a waste of the Bayou Defendants' limited resources to certify a class. By this point, it is apparent that nothing whatever will be gained by the prosecution of a class action against the Bayou Defendants. All putative members of the class have been required to file claims in the bankruptcy proceeding, and those claims will be resolved in the Bankruptcy Court. The order of restitution being fashioned for entry in the three criminal cases (which this Court is supervising) will provide whatever additional measure of relief (if any) can be afforded to the members of the putative Class. Certifying a Bayou Class would only generate unnecessary work for me and unwarranted fees for attorneys who would end up doing little or no work. I do not intend for a dime our of the Bayou Estate to be spent on fees for class counsel who are pursuing a case that will never be litigated to judgment.

This action is not stayed as against the Hennessee Defendants, however, so the motion to certify the Hennessee Subclass will be considered as a motion to certify a class of persons who were advised by Hennessee.

That motion is denied because plaintiffs have not demonstrated that joinder of the 20 or so parties who have not already brought their own individual actions against Hennessee (and who thus are presumptively disinterested in pursuing their claims in the context of a class action) would be impracticable. Therefore, the class is insufficiently numerous for certification.

Plaintiffs identify only twenty-nine parties as Hennessee clients who were placed into Bayou-related investments. Twenty-nine is well below the number of persons who ordinarily are certified as a class. Moreover, the record reveals that, of the twenty-nine, two are already part of the Broad-Bussel group of plaintiffs (Broad-Bussel Family Limited Partnership and Caroline B. Glass); seven others (or one-quarter of the members of the proposed Hennessee Class) have already commenced individual arbitrations against Hennessee; and one (Craig Bollman) has been found by the Court not to be a Bayou investor. So the putative class is down to the Broad-Bussel plaintiffs and nineteen other investing entities. Courts in this district have repeatedly refused to certify classes so small. Miller v. Peeples, 456 F. Supp. 38 (D. Miss. 1978 (declining to certify a class of 20 persons); Miller v. MOtorola, Inc., 76 F.R.D. 516 (N.D. Ill. 1977) (same); Haggery v. Comstock Gold Co., L.P. , 1986 WL 7797 (S.D.N.Y. July 3, 1986) (declining to certify class of 25); Bayridge Volvo American, Inc., v. Volvo Cars of North America, Inc., 2001 WL 1824379 at *5 (S.D.N.Y. 2004)(denying class ceritifcation of proposed class of at most 27 members).

As far as appears from the record, all nineteen other potential class members are sophisticated investors, and given their resources (as attested to in their applications to invest), they could readily bring their own individual actions or commence individual arbitrations if they were inclined to pursue claims against Hennessee. Also, their names and addresses are known to plaintiffs, and counsel could readily contact them and see if they want to join in this action. All the claims against the Hennessee Defendants are state law claims, and I do not know if joining any of

these parties would destroy diversity, because I have not been told by putative class counsel who these individuals or entities are or where they are located. But I view certifying a miniscule class as an inappropriate way around the Congressionally- mandated limitations on this Court's jurisdiction.

Analyzing the factors set forth in Ansari v. New York University, 179 F.R.D. 112, 114-15 (D.C.N.Y. 1998), it seems clear that this is not a case where class treatment is either necessary or desirable. While judicial economy will generally result from the avoidance of multiple actions, in this case we already have multiple actions – eight of them, to be exact. As those arbitrations have been proceeding for well over a year – some may even have gone to hearing since this motion was filed – certifying a class is unlikely to produce judicial economy by reducing the number of pending matters. The nineteen potential members of the Hennessee Class are alleged to be geographically dispersed. I have been offered no evidence to support this assertion (it appears only in the Memorandum of Law), but it is of little moment. A noted above, their names and addresses are known and they can be readily located. These nineteen entities have both financial resources and the ability and sophistication to file individual actions or arbitrations against Hennessee if they wish to do so. And there is no issue of future relief in this action.

The fact that the claims against Hennessee are intertwined with the claims against Bayou does not, in the circumstances of this case, argue in favor of having all potential claimants against Hennessee litigating as a class. The Bayou Defendants have, through their principals, admitted the frauds that underlie the claims against them, and they are not contesting any investor's right to relief (except to the extent that they are seeking the return of monies paid to certain investors shortly before the fraud came to light). There are no litigation efficiencies to be achieved here, because the claims against Bayou are, as noted above, not going to be resolved in this action. They will be allowed or disallowed by Judge Hardin and then discharged. The claims against Hennessee will proceed not be litigated along with the claims against Bayou. They will proceed on their own track – either in a court of law or in an arbitral forum. Any investors who sue Hennessee can make whatever use they wish of Bayou's admissions of guilt; and should any one plaintiff achieve a victory against Hennessee in a judicial (not arbitral) forum, a Hennessee investor who is not a party to this lawsuit, and who is not already participating in an arbitration, can bring an action and assert collateral estoppel offensively as to any aspect of his or her claim that is substantively identical to the claims of the prevailing plaintiff. More than this is not necessary to "preserve judicial resources." Weiss v. La Suisse Societe D'Assurances Sur La Vie, 226 F.R.D. 446, 454, n.6 (S.D.N.Y. 2005)

The motion to certify a Hennessee Class is, therefore, denied.

This constitutes the decision and order of the Court.

Dated: January 24, 2008

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

BY FAX TO THE HON. ADLAI S. HARDIN, U.S.B.J.